JS 44 (Rev 06/17)       NIQA     **NIQA** CIVIL COVER SHEET       18-cv-5418

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Terry Williams

**DEFENDANTS**

Melissa Arnette Elliott A/K/A Missy "Misdemeanor" Elliott, et al.

**(b)** County of Residence of First Listed Plaintiff    New Castle Co., DE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Palm Beach Co., FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Mattleman, Weinroth & Miller, P.C., 401 Route 70 East, Suite 100 Cherry Hill, NJ 08034

Attorneys *(If Known)*

Leader Berkon Colao & Silverstein LLP, 1515 Market Street, Suite 1200, Philadelphia PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                             *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☒ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Pharmaceutical | | ☒ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | **IMMIGRATION** | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | Employment **Other:** | ☐ 465 Other Immigration | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | Actions | | |
| | Other / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. § 201
Brief description of cause:
Plaintiff claims that he was not compensated for his contribution to a song created/marketed by defendants.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

**DEMAND $**
>50,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*       JUDGE _____   DOCKET NUMBER _____

DEC 14 2018

DATE
12/14/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

NIQA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**18**    **5418**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Mattleman, Weinroth & Miller, P.C., 401 Route 70 East, Suite 100, Cherry Hill, NJ 08034

Address of Defendant: Leader Berkon Colao & Silverstein LLP, 1515 Market St., Suite 1200, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 5793 Haddington Lane, Philadelphia, PA 19131

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/14/2018 _____    _____    316920

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify)* Copyright Act

**B.    *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jacob F. Kratt _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 12/14/2018 _____    _____    316920

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

DEC 14 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Terry Williams | : | CIVIL ACTION |
| v. | : : | |
| Melissa Arnette Elliott A/K/A Missy "Misdemeanor" | : | NO. **18   5418** |
| Elliott, et.al. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| December 14, 2018 | Jacob F. Kratt | Melissa Arnette Elliott |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-755-0455 | 215-405-2999 | jkratt@leaderberkon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 14 2018



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERRY WILLIAMS,** | : **18    5418** |
| | : **Civil Action No.** _____ |
| **Plaintiff,** | : |
| | : **Transferor Court:** |
| **v.** | : **Court of Common Pleas** |
| | : **Philadelphia County** |
| **MELISSA ARNETTE ELLIOTT A/K/A MISSY** | : |
| **"MISDEMEANOR" ELLIOTT,** | : **No. 1811-1709** |
| **TIMOTHY ZACHARY MOSLEY A/K/A** | : |
| **TIMBALAND, ESTATE OF AALIYAH** | |
| **HAUGHTON C/O BARRY E HANKERSON,** | |
| **ATLANTIC RECORDING CORPORATION A/K/A** | |
| **ATLANTIC RECORDS, ELEKTRA** | |
| **ENTERTAINMENT GROUP, INC. A/K/A** | |
| **ELEKTRA RECORDS, WARNER MUSIC, INC.** | |
| **A/K/A WARNER MUSIC GROUP, INC., WARNER** | |
| **MUSIC GROUP CORPORATION and,** | |
| **RESERVOIR MEDIA MANAGEMENT, INC.,** | |
| | |
| **Defendants.** | |

## DEFENDANT MELISSA ARNETTE ELLIOTT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA UNDER 28 U.S.C. § 1441(b), 28 U.S.C. § 1446, 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1332 (DIVERSITY)

Defendant, Melissa Arnette Elliott ("Elliott" or "Defendant"), by and through her undersigned counsel, hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1332 and 1441(a) and (b) and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446. In support thereof, Defendant Elliott asserts as follows:

### STATEMENT OF THE CASE

1.      On November 14, 2018, Plaintiff Terry Williams ("Williams" or "Plaintiff") commenced an action in the Court of Common Pleas in and for Philadelphia County, Pennsylvania styled *Terry Williams v. Melissa Arnette Elliott et al.*, Case Number 001709 ("State Court Action"). A true and correct copy of the civil cover sheet, complaint and notice to defend in the State Court

Action are attached hereto as Exhibits "A", "B" and "C", respectively.

2.     Plaintiff alleges in the State Court Action that between the years of 1993 and 1996 Plaintiff owned and operated a music studio wherein Plaintiff purportedly wrote and recorded music. (*See* Exhibit "B" at ¶¶13-14).

3.     Plaintiff additionally claims in the State Court Action that during this time period of 1993 through 1996, Plaintiff purportedly wrote and recorded music with Defendant Elliott, and that one of the songs Plaintiff purportedly "created" with Defendant Elliott was known as "Heartbroken" (the "Song"). (*See* Exhibit "B" at ¶16).

4.     Plaintiff further alleges in the State Court Action that Defendant Elliott made a substantial and valuable contribution to the Song as a writer, singer and producer, and that Plaintiff also purportedly made a "substantial contribution" to the Song as a writer, musical engineer and producer. (*See* Exhibit "B" at ¶¶17-18).

5.     Plaintiff alleges that his "individual contribution" to the Song was significant and "could have been independently copyrighted." (*See* Exhibit "B" at ¶20).

6.     Drawing upon these allegations, Plaintiff proceeds to recite definitional language from the Copyright Act to allege in conclusory fashion that the "individual contributions of Defendant Elliott and Plaintiff in creating the Song merged into inseparable parts of a musical arrangement and/or sound recording." (*See* Exhibit "B" at ¶21).

7.     The Copyright Act defines a "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable and interdependent parts of a unitary whole." 17 U.S.C. §101.

8.     Defendant Elliott disputes Plaintiff's allegations of co-authorship in the Song.

9.     Plaintiff alleges that the subject Song was "released and sold to the public on the studio album of Aaliyah titled *One In a Million* (hereinafter, the 'Album'), on August 27, 1996", more than 22 years before Plaintiff initiated the State Court Action, and during the same time

-2-

Plaintiff claims to purportedly have been working with Defendant Elliott. (*See* Exhibit "B" at ¶28).

10.     Plaintiff further alleges in the State Court Action that the Album embodying the subject Song was "certified double Platinum on June 16, 1997, selling eight (8) million copies worldwide and reaching a peak position of number one (1) on Billboard's US Top Catalog Albums", but that Plaintiff was not credited as contributing to or maintaining any ownership in the subject Song. (*See* Exhibit "B" at ¶31).

11.     Instead, Plaintiff alleges in the State Court Action that Defendant Elliott was credited as a producer and guest vocalist on the Album and that defendant Timothy Zachary Mosley a/k/a Timbaland ("Mosley") was credited as a producer and guest vocalist on the Album. (*See* Exhibit "B" at ¶31).

12.     Plaintiff alleges in the State Court Action that the Song he allegedly "created equally" with Defendant Elliott in around 1995 was named "Heartbroken". The Song on the 1996 Aaliyah Album that Plaintiff alleges to be "substantially similar in production, musical composition and lyrics", which Plaintiff claims sold eight (8) million copies and reached peak position on the Billboard charts, is named "Heartbroken". (*See* Exhibit "B" at ¶¶16, 28-29).

13.     Nonetheless, Plaintiff alleges in conclusory fashion that Plaintiff "did not know" that the subject Song had been sold or licensed until "2017". (*See* Exhibit "B" at ¶30 and ¶33).

14.     Plaintiff asserts four causes of action in the State Court Action arising out of the above allegations, the first of which is alleged against Defendant Elliott only and the remainder of which are alleged as against all named defendants: (i) breach of contract / good faith & fair dealing; (ii) unjust enrichment/quantum meruit; (iii) for an accounting; *and* (iv) constructive trust.

## BASIS FOR REMOVAL JURISDICTION

15.     There are two bases for removal under 28 U.S.C. § 1441: federal question jurisdiction, in that Plaintiff's purported claims arise under an Act of Congress relating to copyrights, and diversity jurisdiction.

**Federal Question Jurisdiction**

16.     Federal courts interpreting the Copyright Act's definition of a "joint work" have found that the requisite intent to create a joint work exists "when the putative joint authors intend to regard themselves as joint authors", but that it is "not enough that they intend to merge their contributions into one unitary work." *Papa's-June Music, Inc. v. McLean*, 921 F.Supp. 1154, 1157 (S.D.N.Y. 1996), citing *Childress v. Taylor*, 945 F.2d 500, 507-08 (2d Cir. 1991).

17.     Plaintiff's purported allegation of co-authorship is clearly disputed. In addition, Plaintiff does not allege that Plaintiff and Defendant Elliott intended to regard themselves as joint authors, or even that Plaintiff and Defendant Elliott intended to merge their contributions into one unitary whole.

18.     All of the Federal Circuit Courts of Appeal that have addressed the issue agree that "a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." *Severe Records, LLC v. Rich*, 658, F.3d 571, 582 (6th Cir. 2011), quoting *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG.*, 510 F.3d 77, 86 (1st Cir. 2007).

19.     Federal courts have exclusive jurisdiction over any civil action arising under the Copyright Act. 28 U.S.C. § 1338(a).

20.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1331.

**Diversity of Citizenship**

21.     Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

22.     The amount in controversy must also exceed $75,000.00. *See* U.S.C. § 1332(a).

23.     The sole Plaintiff is a resident of the State of Delaware. (*See* Exhibit "B" at ¶1).

24.     While Plaintiff alleges in the State Court Action that Defendant Elliott is "residing"

-4-

in three different states, including Georgia, Virginia and Florida (*see* Exhibit "B" at ¶2), Defendant Elliott is a resident of the State of Florida.

25.    Plaintiff further alleges that defendant Mosley is a resident of the State of Florida (*see* Exhibit "B" at ¶3),

26.    There is complete diversity between Plaintiff, on the one hand, and Defendant Elliott and defendant Mosley on the other hand.

27.    While Defendant Elliott disputes Plaintiff's purported allegations of co-authorship and contends that all of Plaintiff's claims are without merit and otherwise barred, Defendant Elliott further contends that Plaintiff's addition of the company defendants was done purely for the purpose of defeating diversity jurisdiction, and as such is a sham.

28.    It is well established that under Plaintiff's disputed allegations of co-authorship, each co-author would be entitled to convey non-exclusive rights without the consent of a co-author, with the only duty being to account to the co-author for their share of profits from any non-exclusive license. *Brownstein v. Lindsay*, 742 F.3d 55, 68 (3d Cir. 2014). The company defendants, incorporated in Delaware, are sham defendants included solely to defeat federal diversity of citizenship jurisdiction.

29.    The amount in controversy requirement is also met. In general, the amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347-348 (1977).

30.    Here, Plaintiff seeks damages "in excess of $50,000.00" (*see* Exhibit "A"), and further improperly attempts to claim an entitlement to a share of "all compensation" received by all of the named defendants in connection with the subject Song.

31.    Plaintiff has named eight defendants in the State Court Action. Defendant Elliott has confirmed that, at a minimum, six defendants consent to the removal of this action, including

Defendant Elliott, Atlantic Recording Corporation a/k/a Atlantic Records, Elektra Entertainment Group, Inc. a/k/a Elektra Records, Warner Music, Inc. a/k/a Warner Music Group, Inc., Warner Music Group Corporation and Reservoir Media Management, Inc. Defendant Elliott has not yet communicated with any representatives of defendant Mosley.

32.     Accordingly, this Court also has jurisdiction over this matter under 28 U.S.C. § 1332(a), because, excluding the company defendants added solely to defeat federal diversity jurisdiction, the parties are completely diverse, and the amount in controversy exceeds $75,000.00.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

33.     Removal to Proper Court. Pursuant to 28 U.S.C. § 1446(a), Defendant Elliott is filing this Notice of Removal in the Federal Court embracing the State Court where the State Court Action is pending, which is Philadelphia County.

34.     Removal is timely. Plaintiff filed the State Court Action on November 14, 2018. Defendant Elliott has not yet been personally served with the complaint in the State Court Action. Irrespective of the lack of personal service, this action has been removed within thirty (30) days after Defendant Elliott's receipt of the complaint, in accordance with the time period mandated by 28 U.S.C. § 1446(b).

35.     Pleadings and Process. Defendant Elliott has not been served with process, pleadings or orders, and Defendant's counsel has not received any additional documents other than the civil cover sheet, complaint and notice to defend in the State Court Action, attached hereto as Exhibits "A", "B" and "C", respectively. Accordingly, Defendant Elliott does not attach further documents pursuant to 28 U.S.C. § 1446(a).

36.     Notice. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Defendant Elliott will also promptly file a copy of this Notice with the Clerk of the Court of Common Pleas in and for Philadelphia County, Pennsylvania.

## CONCLUSION

37.     By this Notice of Removal and the associated attachments, Defendant Elliott does

not waive any objections she may have as to service, jurisdiction or venue, or any other defenses or

objections she may have to this action. Defendant Elliott intends no admission of fact, law or

liability by this Notice, except as required to establish this Court's subject matter jurisdiction and

she expressly reserves all defenses, motions and/or pleas. Defendant Elliott requests that the State

Court Action be removed to this Court, that all further proceedings in the state court be stayed, and

that Defendant Elliott receives all additional relief to which she is entitled.

Dated: December 14, 2018

Respectfully submitted,

**LEADER BERKON COLAO &
SILVERSTEIN LLP**

Jacob F. Kratt (PA Bar No. 316920)
Joseph G. Colao (pro hac vice motion to be filed)
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 755-0455
jkratt@leaderberkon.com

**SINGH, SINGH & TRAUBEN, LLP**

Michael A. Trauben
(pro hac vice motion to be filed)
400 South Beverly Drive, Suite 240
Beverly Hills, California 90212
(310) 856-9705
mtrauben@singhtraubenlaw.com

*Attorneys for Defendant Melissa Arnette Elliott*

-7-

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **NOVEMBER 2018** | **001709** |
| E-Filing Number: 1811026611 | |

**PLAINTIFF'S NAME**
TERRY WILLIAMS

**DEFENDANT'S NAME**
MELISSA A. ELLIOT, ALIAS: MISSY
"MISDEMEANOR". ELLIOT

**PLAINTIFF'S ADDRESS**
105 PERSIMMON PLACE
BEAR DE 19701

**DEFENDANT'S ADDRESS**
3908 SAVANNAH RIDGE DRIVE
MARIETTA GA 20062

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
TIMOTHY A/K/A Z. MOSLEY, ALIAS: TIMBALAND

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
200 BISCAYNE BLVD WAY APARTMENT 3608
MIAMI FL 33131

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
ATLANTIC RECORDING CORPORATION , ALIAS:
ATLANTIC RECORDS

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
1633 BROADWAY
NEW YORK NY 10019

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 8 | ☒ Complaint  ☐ Writ of Summons | ☐ Petition Action  ☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less  ☒ More than $50,000.00 | ☐ Arbitration  ☒ Jury  ☐ Non-Jury  ☐ Other | ☐ Mass Tort  ☐ Savings Action  ☐ Petition | ☐ Commerce  ☐ Minor Court Appeal  ☐ Statutory Appeals | ☐ Settlement  ☐ Minors  ☐ W/D/Survival |

**CASE TYPE AND CODE**
10 - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

**NOV 14 2018**

**A. SILIGRINI**

**IS CASE SUBJECT TO
COORDINATION ORDER?**
YES    NO

---

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: TERRY WILLIAMS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ASHLEY SOBLE. NECHEMIA | 401 ROUTE 70 E  SUITE 100  CHERRY HILL NJ 08034 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (856)298-4235 | (856)429-9036 | |

| SUPREME COURT IDENTIFICATION NO | E-MAIL ADDRESS |
|---|---|
| 325610 | anechemia@mwm-law.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ASHLEY NECHEMIA | Wednesday, November 14, 2018, 04:22 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

```
1. MELISSA A.. ELLIOT
       ALIAS: MISSY "MISDEMEANOR". ELLIOT
       3908 SAVANNAH RIDGE DRIVE
       MARIETTA GA 20062
2. TIMOTHY A/K/A Z. MOSLEY
       ALIAS: TIMBALAND
       200 BISCAYNE BLVD WAY APARTMENT 3608
       MIAMI FL 33131
3. ATLANTIC RECORDING CORPORATION
       ALIAS: ATLANTIC RECORDS
       1633 BROADWAY
       NEW YORK NY 10019
4. ELEKTRA ENTERTAINMENT GROUP, INC
       ALIAS: ELECTRA RECORDS
       1633 BROADWAY
       NEW YORK NY 10019
5. WARNER MUSIC, INC F/K/A WARNER MUSIC GROUP, INC
       1633 BROADWAY
       NEW YORK NY 10019
6. WARNER MUSIC GROUP CORPORATION
       1633 BROADWAY
       NEW YORK NY 10019
7. RESERVOIR MEDIA MANAGEMENT, INC
       75 VARICK STREET 9TH FLOOR
       NEW YORK NY 10013
8. THE ESTATE OF AALIYAH HAUGHTON C/O BARRY E. HANKERSON
       26895 N. 9TH LANE
       PERORIA AZ 85383
```

EXHIBIT "B"

**MATTLEMAN, WEINROTH & MILLER, P.C.**
By: ALBERT J. OLIZI, JR., ESQ. (Attorney I.D. No.: 030318)
By: ASHLEY S. NECHEMIA, ESQ. (Attorney I.D. No.: 325610)
By. JOHN J. DALIN, IV, ESQ. (Attorney I.D. No.: 314439)
401 Route 70 East, Suite 100
Cherry Hill, New Jersey 08034
Tel.: (856) 429-5507 | Fax: (856) 429-9036
*Attorneys for Plaintiff Terry Williams*



Filed and Attested by the
Office of Judicial Records
14 NOV 2018 04:22 pm

| | |
|---|---|
| **TERRY WILLIAMS,**<br><br>            Plaintiff,<br><br>     vs.<br><br>**MELISSA ARNETTE ELLIOTT A/K/A MISSY "MISDEMEANOR" ELLIOTT, TIMOTHY ZACHARY MOSLEY A/K/A TIMBALAND, ESTATE OF AALIYAH HAUGHTON C/O BARRY E HANKERSON, ATLANTIC RECORDING CORPORATION A/K/A ATLANTIC RECORDS, ELEKTRA ENTERTAINMENT GROUP, INC. A/K/A ELEKTRA RECORDS, WARNER MUSIC, INC. A/K/A WARNER MUSIC GROUP, INC., WARNER MUSIC GROUP CORPORATION and, RESERVOIR MEDIA MANAGEMENT, INC.,**<br><br>            Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION<br><br>_____ _____ Term, 2018<br><br>NO. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

1.      Plaintiff TERRY WILLIAMS (hereinafter, "Plaintiff") is an adult individual, residing at 105 Persimmon Place, Bear, Delaware 19701.

2.      Defendant MELISSA ARNETTE ELLIOTT A/K/A MISSY "MISDEMEANOR" ELLIOTT (hereinafter, "Defendant Elliott") is an adult individual, and rapper, dancer and record producer, residing at 3908 Savannah Ridge Drive, Marietta, Georgia 20062; 2528 Calumet Drive, Virginia Beach, Virginia 23456, and 16134 Rio Baile, Delray Beach, Florida 33446.

3.      Defendant TIMOTHY ZACHARY MOSLEY A/K/A TIMABLAND (hereinafter, "Defendant Mosley") is an adult individual, rapper and record producer, residing at 200 Biscayne Boulevard Way, Apartment 3608, Miami, Florida 33131.

4.      Defendant ESTATE OF AALIYAH HAUGHTON C/O BARRY E HANKERSON (hereinafter "Defendant Estate") is the estate of late recording artist Aaliyah Haughton (hereinafter

1

"Aaliyah"), controlled and/or in the care of Barry E. Hankerson, residing at 86895 N. 97th Lane, Peoria, Arizona 85383.

5.    Defendant ATLANTIC RECORDING CORPORATION A/K/A ATLANTIC RECORDS (hereinafter, "Defendant Atlantic") is a Delaware corporation, having offices located at 1633 Broadway, New York, New York 10019.

6.    Defendant ELEKTRA ENTERTAINMENT GROUP, INC. A/K/A ELEKTRA RECORDS (hereinafter, "Defendant Elektra") is a Delaware corporation, having offices located at 1633 Broadway, New York, New York 10019.

7.    Defendant WARNER MUSIC, INC. F/K/A WARNER MUSIC GROUP, INC. (hereinafter, "Defendant Warner") is a Delaware corporation, having offices located at 1633 Broadway, New York, New York 10019.

8.    Defendant WARNER MUSIC GROUP CORPORATION (hereinafter, "Defendant Warner Group") is a Delaware corporation headquartered in New York City, having offices located at 1633 Broadway, New York, New York 10019.

9.    Defendant Atlantic, Defendant Elektra, and Defendant Warner are subsidiaries of Defendant Warner Group.

10.    Defendant RESERVOIR MEDIA MANAGEMENT, INC. (hereinafter, "Defendant Reservoir"; collectively, Defendant Atlantic, Defendant Elektra, Defendant Warner, Defendant Warner Group, and Defendant Reservoir, "Defendant Companies") is a Delaware corporation headquartered in New York City, having offices located at 75 Varick Street, 9th Floor, New York, New York 10013.

11.    On information and belief, at all times material hereto, Defendant Atlantic, Defendant Elektra, Defendant Warner, and Defendant Warner Group were in the business of recording, promoting, distributing, and licensing of music and/or music recordings throughout the United Stated and elsewhere, and acted jointly, severally, and/or in the alternative, in their joint and several business and/or affairs of Defendant Warner Group and/or on behalf of Defendant Elliott.

12.    On information and belief, Defendant Reservoir is the successor in interest to BLACKGROUND RECORDS, LLC (hereinafter, "Blackground") which was in the business of recording, promoting, distributing and licensing of music and/or music recordings throughout the United

2

State and elsewhere, and is allegedly responsible or accountable for the actions of Blackground and Defendant Mosely.

13.     At all relevant times, between the years of 1993 and 1996 (hereinafter, the "Studio Period"), Plaintiff owned and operated a music recording studio at 5793 Haddington Lane, Philadelphia, Pennsylvania 19131 (hereinafter, the "Studio").

14.     Regularly, during the Studio Period, Plaintiff worked in the Studio, writing and recording music, with Defendant Elliott. Defendant Elliott would work in the Studio, alongside Plaintiff, for weeks at a time.

15.     Plaintiff and Defendant Elliott were equal contributors to the writing of lyrics and music, co-producing a number of songs composed in the Studio during the Studio Period. The songs were recorded using three (3) TASCAM DA-88, multitrack recording devices that use HIMM8 tape as the recording medium and three (3) ALESIS ADAT, multitrack recording devises that use SVHS tapes or ADATS as the recording medium. The songs were then mixed down to a final mix on two (2) Track Digital Audio Tapes.

16.     In or around the summer of 1994 or 1995 (hereinafter, the "Summer"), one of the songs created equally by Plaintiff and Defendant Elliott was known as "Heartbroken" (hereinafter, the "Song").

17.     Defendant Elliott made a substantial and valuable contribution to the work as writer, singer and producer.

18.     Plaintiff made a substantial and valuable contribution to the work as writer, musical engineer and producer.

19.     When the Song was created and recorded in the Studio, Plaintiff kept the master recording. A cassette was given to Defendant Elliott.

20.     Plaintiff, by and through his individual contribution, created material, including music and lyrics, which could have been independently copyrighted.

21.     The individual contributions of Defendant Elliott and Plaintiff in creating the Song merged into inseparable parts of a musical arrangement and/or sound recording.

3

22. Plaintiff and Defendant Elliott had an agreement (hereinafter, the "Agreement") that all profits derived from sale of the songs they created, including the Song, would be shared by and between Plaintiff and Defendant Elliott equally.

23. In early 1996, Plaintiff and Defendant Elliott parted ways and have not been in contact since that time. Plaintiff did not follow the career of his former partner, Defendant Elliott.

24. Thereafter, unbeknownst to Plaintiff and at a time unknown to Plaintiff, Defendant Elliott entered into a contract or other relationship with Defendant Companies, and Defendant Mosely and/or Blackground, jointly, severally, and/or in the alternative, which included the transfer of any rights to Defendant Elliott's compositions to Defendant Companies.

25. Defendant Elliott failed to disclose to Defendant Companies the existence of Plaintiff's property rights in the jointly composed musical works, including the Song.

26. In the alternative, Defendant Companies, Blackground and Defendant Mosely knew, should have known, or with reasonable care and diligence should have known, of Plaintiff's property rights in the musical works, including Plaintiff's rights in the Song.

27. Upon information and belief, Defendants had, with authority from Defendant Elliott, participated in, facilitated and/or agreed to transfer the use, rights or license to the Song to recording artist known as Aaliyah, and in return received compensation.

28. Song was released and sold to the public on the studio album by Aaliyah titled *One In A Million* (hereinafter, the "Album"), on August 27, 1996. All Defendants received monetary compensation for the licensing or sale of the Song.

29. Song by Defendant Elliott and Plaintiff and Song by Aliyah are substantially similar in production, musical composition and lyrics. The chorus in each the Song is identical.

30. Plaintiff did not know, nor did Plaintiff have reason to know, nor was it disclosed by Defendants, that the Song had been sold or licensed.

31. Defendant Elliot was credited as a producer and guest vocalist on the Album, and Defendant Mosley was credited as a producer and guest vocalist on the Album, which included the Song as one (1) of seventeen (17) songs to be featured on the album. The Album was certified double Platinum on June 16,

4

1997, selling eight (8) million copies worldwide and reaching a peak position of number one (1) on Billboard's US Top Catalog Albums.

32.    In or around 2017, Plaintiff contacted Defendant Elliott's management team in an effort to sell recordings created and recorded by Plaintiff and Defendant Elliott during the Studio Period as aforesaid.

33.    As a result of the abovementioned negotiations, Plaintiff discovered the Song was recorded by Aaliyah and released and sold to the public in Album.

34.    At all relevant times, Plaintiff had an ownership interest in the Song, equal to the ownership interest of Defendant Elliott.  Plaintiff has received no compensation for his interest in the Song.

35.    As such, Plaintiff is entitled to an equitable share of all compensation received by Defendants as a result of the licensing and/or sale of the Song.

## JURISDICTION AND VENUE

36.    Jurisdiction over the parties in the Courts of the Commonwealth of Pennsylvania is proper pursuant to the provisions of 42. Pa C.S. § 5301 *et seq*.  Specifically, jurisdiction as to Defendants is proper pursuant 42 Pa. C.S. § 5301 (a)(3)(iii) by reason of "carrying on of continuous and systematic part of its general business within this Commonwealth."  Defendants transacted business in this Commonwealth and caused harm and compensable injury to Plaintiff by acts or omissions committed in the Commonwealth of Pennsylvania that are subject to the present complaint.

37.    Venue is proper in the Philadelphia County Court of Common Pleas under Pennsylvania Rules of Civil Procedure 2130 and 1006 inasmuch as Defendants regularly conducted business in Philadelphia County and inasmuch as the cause of action arose and/or a majority of the harm, occurrences, and transactions regarding Plaintiff's cause of action arose and/or took place at least in part in Philadelphia County.

## COUNT I – BREACH OF CONTRACT / GOOD FAITH & FAIR DEALING

### TERRY WILLIAMS V. DEFENDANT ELLIOTT

38.    Plaintiff incorporates by reference and realleges the preceding paragraphs of this complaint as though fully set forth herein pursuant to Pa. RCP 1019(g).

5

39.     A valid contract existed between Plaintiff and Defendant Elliott, as aforesaid.

40.     Defendant Elliot breached or was in dereliction of the duty under the contract:

(a)     For transferring, licensing and/or selling the Song for use by another without compensating Plaintiff;

(b)     For failing to notify Plaintiff of the transfer, license and/or sale of the Song; and

(c)     For failing to secure Plaintiff's agreement or approval of the transfer, license and/or sale of the Song.

41.     As a result, Defendant Elliott is obligated to Plaintiff in the amount of an equal share of all receipts and/or profits for the sale and publication.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants, jointly and severally, including any profits attributable to Plaintiffs ownership interest in the Song, plus interest, and damages in such amount as may be found or otherwise permitted by law.

## COUNT II – UNJUST ENRICHMENT/QUANTUM MERUIT

### TERRY WILLIAMS V. ALL DEFENDANTS

42.     Plaintiff incorporates by reference and realleges the preceding paragraphs of this complaint as though fully set forth herein pursuant to Pa. RCP 1019(g).

43.     Plaintiff conferred a benefit on Defendants Elliott and Mosley in the collaboration, development, and publication of the Song.

44.     Defendants Elliott and Mosley and Defendant Companies, acting as aforesaid and/or at the request of and/or on behalf of Defendant Elliott as her agent, manager, distributor, or the alternative, appreciated the benefit under the circumstances.

45.     Defendants Elliott and Mosley, Defendant Estate, and Defendant Companies accepted and retained the benefit without payment of value to Plaintiff for the benefit conferred.

46.     As a result of conduct described above, Defendants, acting as aforesaid, have been enriched by hundreds of thousands of dollars that rightfully belong to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants, jointly and severally, including any profits attributable to Plaintiffs ownership interest in the Song, plus interest, and damages in such amount as may be found or otherwise permitted by law.

6

## COUNT III – FOR AN ACCOUNTING

### TERRY WILLIAMS V. ALL DEFENDANTS

47.     Plaintiff incorporates by reference and realleges the preceding paragraphs of this complaint as though fully set forth herein pursuant to Pa. RCP 1019(g).

48.     Defendant Elliott and Plaintiff entered into an express or implied contract by which both parties agreed to share in the ownership of, and profits gained from, music created in the Studio during the Studio Period. Song was created in the Studio during the Summer within the relevant Studio Period.

49.     Defendant Elliott breached the contract when Defendant Elliott acted without Plaintiff's knowledge and/or failed to share in any and all benefits conferred to her by the sale and/or licensing of the Song to a third party.

50.     Defendant Elliott received monies whereby the relationship created by the above-mentioned contract imposed a legal obligation upon Defendant Elliott to account to the Plaintiff for monies received by Defendant Elliott or created a legal duty upon Defendant Elliott to account and Defendant Elliott failed to account.

51.     The money that Defendants accrued to themselves as a result of the exploitation of the Song that was owned by Plaintiff, should be accounted for a redistribution to Plaintiff.

52.     An unknown balance is due from Defendants for misappropriation of profits and gross receipts arising and attributable to Defendants' exploitation of the Song.

53.     As a result of said breach, at a minimum, Plaintiff is entitled to one half of the share of Defendant Elliot's songwriting profits. Plaintiff suffered damages in an amount equal to half of Defendant Elliott's earnings from the sale, contract, and/or royalty agreement.

**WHEREFORE,** Plaintiff respectfully requests this Court direct Defendant Elliott to produce all records of revenues and disbursements from the sale or licensing of the Song to Aaliyah, and relevant third parties, any fees and/or royalties collected and agreed, as well as any and all distributions made to or at the direction of Defendant Elliott from the sale or licensing of the Song, from 1996 to the present, and for judgment against all Defendants for an accounting of the monies received by Defendant Elliott due to the sale and/or licensing of the Song, plus interest.

## COUNT IV – CONSTRUCTIVE TRUST

### TERRY WILLIAMS V. ALL DEFENDANTS

54.     Plaintiff incorporates by reference and realleges the preceding paragraphs of this complaint as though fully set forth herein pursuant to Pa. RCP 1019(g).

55.     By virtue of their wrongful conduct, Defendants' unlawfully received money and benefits that rightfully belong to Plaintiff.

56.     Defendants are involuntary trustees, holding the gross receipts from their exploitation and profit of the Song.

57.     Defendants hold such moneys and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff.

58.     On information and belief, Defendants hold this money in bank accounts, real property, and personal property that can be located and traced.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendants, jointly and severally, including any profits attributable to Plaintiffs ownership interest in the Song, plus interest, and damages in such amount as may be found or otherwise permitted by law.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgement in its favor and against Defendants, jointly and severally, on all counts and claims compensatory damages in an amount in excess of this court's jurisdictional limitations, thereby guaranteeing Plaintiff a jury trial, exclusive of interests and costs, an award of expectation, consequential (lost earnings, lost profit, lost opportunity), restitution and reliance damages, and an award of punitive damages, as well as prejudgment interest, post judgment interest, delay damages, exemplary damages to set an example for others, attorneys' fees and court costs, the loss of time and opportunity, and such equitable relief as the Court deems necessary; and requests that this Court determine and declare that Plaintiff be awarded damages in such an amount that to compensates Plaintiff for Defendants' wrongful actions, together with interest and punitive damages and Order:

8

(a)     Directing Defendants Elliott and Mosley to pay Plaintiff compensatory damages including actual damages, profits attributable to the interference of Plaintiff's ownership interest in the Song, and damages in such an amount as may be found or otherwise permitted by law;

(b)     Directing Defendant Estate and Defendant Companies to pay Plaintiff compensatory damages including actual damages, profits attributable to the interference of Plaintiff's ownership interest in the Song, and damages in such an amount as may be found or otherwise permitted by law;

(c)     Directing Defendants to account to Plaintiff to produce all records of revenues and disbursements from the sale or licensing of the Song to Aaliyah, and relevant third parties, any fees and/or royalties collected and agreed, as well as any and all distributions made to or at the direction of Defendant Elliott from the sale or licensing of the Song, from 1996 to the present, and for judgment against all Defendants for an accounting of the monies received by Defendant Elliott due to the sale and/or licensing of the Song; and/or

(d)     Any such relief as this Court deems just and fair.

Respectfully submitted,

**MATTLEMAN, WEINROTH & MILLER, P.C.**
*Attorneys for Plaintiff Terry Williams*

Dated: 11 | 13 | 18

By: ASHLEY S. NECHEMIA, ESQ.
Attorney I.D. No.: 325610
401 Rt. 70 East, Suite 100
Cherry Hill, NJ 08034
(856) 429-5507
anechemia@mwm-law.com

9

## VERIFICATION

I, Terry Williams, hereby verify that the facts set forth herein are true and correct to the best of my knowledge, information, and belief. I further understand that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

Dated: 11/12/2018

*Terry Williams*

TERRY WILLIAMS

10

**SPOLIATION NOTICE – PRESERVATION OF EVIDENCE**

Plaintiff hereby demands and requests that Defendants take necessary actions to ensure the preservation of all documents, records, communications, whether electronic or otherwise, items and things in their possession or control, or any entity over which any party to this action has control, or from whom any party to this action has access to, any documents, items, or things which may in any manner be relevant to or related to the subject matter of the causes of action and/or the allegations of this complaint.

Respectfully submitted,

**MATTLEMAN, WEINROTH & MILLER, P.C.**
*Attorneys for Plaintiff Terry Williams*

Dated:  11/13/18

By: ASHLEY S. NECHEMIA, ESQ.

11

## JURY TRIAL DEMANDED

Plaintiff hereby demands a 12-person jury trial.

Respectfully submitted,

**MATTLEMAN, WEINROTH & MILLER, P.C.**
*Attorneys for Plaintiff Terry Williams*

Dated:   11/13/18

By: ASHLEY S. NECHEMIA, ESQ.

12

## CERTIFICATION OF SERVICE

I, Ashley S. Nechemia, Esq., attorney for the Plaintiff TERRY WILLIAMS (the "Plaintiff") hereby certify that a true and correct copy of Plaintiff's Complaint will be served upon the following parties by Certified and Regular Mail:

MELISSA ARNETTE ELLIOTT A/K/A MISSY "MISDEMEANOR" ELLIOTT
3908 Savannah Ridge Drive
Marietta, Georgia 20062

       Alt. 1   2528 Calumet Drive       Alt. 2  16134 Rio Baile
               Virginia Beach, Virginia 23456          Delray Beach, Florida 33446

TIMOTHY ZACHARY MOSLEY A/K/A TIMABLAND
200 Biscayne Boulevard Way, Apartment 3608
Miami, Florida 33131

ESTATE OF AALIYAH HAUGHTON C/O BARRY E HANKERSON
26895 N. 9th Lane
Peoria, Arizona 85383

ATLANTIC RECORDING CORPORATION A/K/A ATLANTIC RECORDS
1633 Broadway
New York, New York 10019

ELEKTRA ENTERTAINMENT GROUP, INC. A/K/A ELEKTRA RECORDS
1633 Broadway
New York, New York 10019

WARNER MUSIC, INC. F/K/A WARNER MUSIC GROUP, INC.
1633 Broadway
New York, New York 10019

WARNER MUSIC GROUP CORPORATION
1633 Broadway
New York, New York 10019

RESERVOIR MEDIA MANAGEMENT, INC.
75 Varick Street, 9th Floor
New York, New York 10013

                    Respectfully submitted,

                    **MATTLEMAN, WEINROTH & MILLER, P.C.**
                    *Attorneys for Plaintiff Terry Williams*

Dated:  11/13/18                 By: ASHLEY S. NECHEMIA, ESQ

Case ID: 181101709

EXHIBIT "C"

Filed and Attested by the
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA** Office of Judicial Records
**COURT OF COMMON PLEAS OF PHILADELPHIA** Nov 2018 12:52 pm

| | | |
|---|---|---|
| TERRY WILLIAMS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PENNSYLVANIA |
| Plaintiff, | : | |
| | : | |
| Melissa Arnette Elliott a/k/a Missy | : | CIVIL ACTION |
| "Misdemeanor" Elliot, Timothy Zachary | : | |
| Mosley a/k/a Timbaland, Estate of Aaliyah | · | |
| Haughton c/o Barry E. Hankerson, Atlantic | : | _____ ___ ___, Term, 2018 |
| Recording Corporation a/k/a Atlantic Records, | : | |
| Elektra Entertainment Group, Inc., a/k/a | : | NO.. _____  _____ |
| Elektra Records, Warner Music, Inc. a/k/a | · | |
| Warner Music Group, Inc., Warner Music | : | |
| Group Corporation and, Reservior Media | : | |
| Management, Inc. | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

10-284

Case ID: 181101709



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 965-0169

Terry Williams                                    :        **COURT**        Court of Common Pleas of
                                                                            Pennsylvania
       -VS-                                                                 Office of Judicial Records
                                                                            Philadelphia County
Melissa Amette Elliot a/k/a Missy "Misdemeanor" Elliot, et al.    :    **CASE NUMBER**    181101709

State of ___Arizona___                          **AFFIDAVIT**

County of ___Maricopa___

                                                        **B&R Control # CS155990.08**
                                                        **Reference Number**

---

| **SERVICE INFORMATION** |
|---|
| On **11/16/2018**, we received the |
| **Complaint** |
| For service upon: **The Estate of Aaliyah Haughton c/o Barry E. Hankerson** |
| At **26895 N. 9th Lane, Peroria, AZ 85383** |

---

☐ **Served  Date** _____ **Time** _____ **Accepted By:** _____

   In the manner described below.
   ☐ Personally served.
   ☐ Adult in charge of residence, relationship is    _____
   ☐ Adult in charge of residence who refused to give name and/or relationship.   _____
   ☐ Manager/Clerk of place of residence lodging   _____
   ☐ Agent or person in charge of office or usual place of business   _____
   ☐ Other _____

**Description of Person**   **Age** _____ **Height** _____ **Weight** _____ **Race** _____ **Sex** _____
                      **Other** _____

☒ **Not Served   Date** _11/19/2018_ **Time** _5:04pm_ ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant

☒ **Other** ___Address does not exist. Verified with Maricopa County Assessor's.___

---

The Process Server, being duly sworn, deposes and says that the       Sworn to and subscribed before me this
facts set forth herein are true and correct to the best of their       _20th_ day of _November_ 2018
knowledge, information and belief.                                      _Jennifer N. Aymong_
**Process Server/Sheriff** _Sworn Messott_                              Notary Public

**Client**   Phone (856) 429-5507   | _____ : _____ | **Filed Date:** 11/14/2018 | **BR Serve By:** 12/14/2018

Lucie Roman
Mattleman, Weinroth & Miller
401 Route 70 East
Cherry Hill, NJ 08034




JENNIFER N AYMONG
Notary Public · Arizona
Maricopa County
Commission # 548729
My Comm. Expires Jul 1, 2022

Case ID: 181101709

**ORIGINAL**

12/11/2018                                    Civil Docket Report





Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 181101709 |
| **Case Caption:** | WILLIAMS VS ELLIOT ETAL |
| **Filing Date:** | Wednesday, November 14th, 2018 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | CONTRACTS OTHER |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | NECHEMIA, ASHLEY SOBLE |
| **Address:** | 401 ROUTE 70 E SUITE 100 CHERRY HILL NJ 08034 (856)298-4235 | **Aliases:** | *none* | |
| | | | | |
| 2 | 1 | | PLAINTIFF | WILLIAMS, TERRY |
| **Address:** | 105 PERSIMMON PL BEAR DE 19701 | **Aliases:** | *none* | |
| | | | | |
| 3 | | | DEFENDANT | ELLIOT, MELISSA A |
| **Address:** | 3908 SAVANNAH | **Aliases:** | ELLIOT, MISSY MISDEMEANOR | |

Civil Docket Report

| | | | | |
|---|---|---|---|---|
| | RIDGE DR MARIETTA GA 20062 | | | |

| | | | | |
|---|---|---|---|---|
| 4 | | | DEFENDANT | MOSLEY, TIMOTHY A/K/A Z |
| **Address:** | 200 BISCAYNE BLVD WAY APT 3608 MIAMI FL 33131 | **Aliases:** | TIMBALAND | |

| | | | | |
|---|---|---|---|---|
| 5 | | | DEFENDANT | ATLANTIC RECORDING CORPORATION |
| **Address:** | 1633 BROADWAY NEW YORK NY 10019 | **Aliases:** | ATLANTIC RECORDS | |

| | | | | |
|---|---|---|---|---|
| 6 | | | DEFENDANT | ELEKTRA ENTERTAINMENT GROUP INC |
| **Address:** | 1633 BROADWAY NEW YORK NY 10019 | **Aliases:** | ELECTRA RECORDS | |

| | | | | |
|---|---|---|---|---|
| 7 | | | DEFENDANT | WARNER MUSIC INC FKA WARNER MUSIC GROUP INC |
| **Address:** | 1633 BROADWAY NEW YORK NY 10019 | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| 8 | | | DEFENDANT | WARNER MUSIC GROUP CORPORATION |
| **Address:** | 1633 BROADWAY NEW YORK NY 10019 | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| 9 | | | DEFENDANT | RESERVOIR MEDIA MANAGEMENT INC |
| **Address:** | 75 VARICK ST 9TH FLOOR | **Aliases:** | *none* | |

| | | | | |
|---|---|---|---|---|
| | NEW YORK NY 10013 | | | |

| 10 | | | EXECUTOR - DEFENDANT | ESTATE OF AALIYAH HAUGHTON C/O BARRY E HANKERSON |
|---|---|---|---|---|
| **Address:** | 26895 N 9TH LN PERORIA AZ 85383 | **Aliases:** | *none* | |

| 11 | | | TEAM LEADER | YOUNGE, JOHN M |
|---|---|---|---|---|
| **Address:** | 485 CITY HALL PHILADELPHIA PA 19107 (215)686-7363 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 14-NOV-2018 04:22 PM | ACTIVE CASE | | | 15-NOV-2018 09:58 AM |
| **Docket Entry:** | E-Filing Number: 1811026611 | | | |
| 14-NOV-2018 04:22 PM | COMMENCEMENT CIVIL ACTION JURY | NECHEMIA, ASHLEY SOBLE | | 15-NOV-2018 09:58 AM |
| **Documents:** | ⚬ Click link(s) to preview/purchase the documents <br> Final Cover | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | *none.* | | | |
| 14-NOV-2018 04:22 PM | COMPLAINT FILED NOTICE GIVEN | NECHEMIA, ASHLEY SOBLE | | 15-NOV-2018 09:58 AM |
| **Documents:** | ⚬ Click link(s) to preview/purchase the documents <br> Complaint.pdf <br> Notice to Defend.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| 14-NOV-2018 | JURY TRIAL PERFECTED | NECHEMIA, | | 15-NOV-2018 |

12/11/2018

Civil Docket Report

| 04:22 PM | | ASHLEY SOBLE | | 09:58 AM |
|---|---|---|---|---|
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

| 14-NOV-2018 04:22 PM | WAITING TO LIST CASE MGMT CONF | NECHEMIA, ASHLEY SOBLE | | 15-NOV-2018 09:58 AM |
|---|---|---|---|---|
| **Docket Entry:** | none. | | | |

| 04-DEC-2018 11:38 AM | ATTEMPTED SERVICE - NOT FOUND | | | 04-DEC-2018 12:50 PM |
|---|---|---|---|---|
| **Documents:** | ⅃⬧ Click link(s) to preview/purchase the documents 155990.08_AFFIDAVIT_C8E8D8C0-D0C0-BB41-B118-E83903506895.pdf | | ⚏ **Click HERE to purchase all documents** related to this one docket entry | |
| **Docket Entry:** | ESTATE OF AALIYAH HAUGHTON C/O BARRY E HANKERSON NOT FOUND ON 11/19/2018. | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System     Search Home     Return to Results

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**TERRY WILLIAMS,**

    **Plaintiff,**      **Civil Action No.:**

  **v.**

**MELISSA ARNETTE ELLIOT A/K/A**
**MISSY "MISDEMEANOR" ELLIOTT,**
**TIMOTHY ZACHARY MOSLEY A/K/A**
**TIMBALAND, ESTATE OF AALIYAH**
**HAUGHTON C/O BARRY E**
**HANKERSON, ATLANTIC RECORDING**
**CORPORATION A/K/A ATLANTIC**
**RECORDS,**
**ELEKTRA ENTERTAINMENT GROUP,**
**INC. A/K/A ELEKTRA RECORDS,**
**WARNER MUSIC, INC. A/K/A WARNER**
**MUSIC GROUP, INC., WARNER MUSIC**
**GROUP CORPORATION and**
**RESERVOIR MEDIA MANAGEMENT,**
**INC.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

   I, Jacob F. Kratt, hereby certify that a copy of the attached Notice of Removal has been served upon the following by first class U.S. Mail, postage prepaid, on December 14, 2018.

      Ashley S. Nechemia, Esq.
      Mattleman, Weinroth & Miller, P.C.
      401 Route 70 East, Suite 100
      Cherry Hill, NJ 08034
      Attorneys for Plaintiff Terry Williams

      Timothy Zachary Mosley a/k/a Timbaland
      200 Biscayne Boulevard Way, Apartment 3608
      Miami, FL,33131

      Estate of Aaliyah Haughton C/O Barry E. Hankerson
      26895 N. 9th Lane
      Peoria, AZ 85383

1

Atlantic Recording Corporation A/K/A Atlantic Records
1633 Broadway
New York, NY 10019

Elektra Entertainment Group, Inc. A/K/A Elektra Records
1633 Broadway
New York, NY 10019

Warner Music, Inc. F/K/A Warner Music Group, Inc.
1633 Broadway
New York, NY 10019

Warner Music Group Corporation
1633 Broadway
New York, NY 10019

Reservoir Media Management, Inc.
75 Varick Street, 9th floor
New York, NY 10013

By: _____

Jacob F. Kratt, Esquire
**Leader Berkon Colao & Silverstein LLP**
Attorneys for Defendant Melissa Arnette Elliott
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 755-0455
jkratt@leaderberkon.com

Dated: December 14, 2018

2