IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

Terry Williams
 Plaintiff

2:18-cv-05418-NIQA

Vs.

Melissa Arnette Elliott A/K/A Missy "Misdemeanor" Elliott Et Al.
Defendants

FILED
JUN 19 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff TERRY WILLIAMS (hereinafter, the "Plaintiff"), files this Complaint and Jury Demand against Defendant MELISSA ARNETTE ELLIOTT A/K/A MISSY "MISDEMEANOR" ELLIOTT (hereinafter, "Defendant Elliott") and Defendant ATLANTIC RECORDING CORPORATION A/K/A ATLANTIC RECORDS (hereinafter "Defendants"), and Defendant ELEKTRA RECORDS (hereinafter "Defendants") and, WARNER MUSIC, INC. F/K/A WARNER MUSIC GROUP, INC. (hereinafter, "Defendants"), and Defendant WARNER MUSIC GROUP CORPORATION (hereinafter, "Defendants"), and Defendant RESERVOIR MEDIA MANAGEMENT INC (hereinafter, "Defendants"), and TIMOTHY MOSLEY A/K/A TIMBALAND (hereinafter, "Defendants") and ESTATE OF AALIYAH HAUGHTON C/O BARRY HANKERSON (hereinafter, "Defendants"), and in support thereof avers as follows:

### I.    PRELIMINARY STATEMENT

Plaintiff brings this action against Defendant Elliott and Defendants for, Copyright Infringement and Contributory Infringement, resulting from the sale and/or licensing and or unauthorized creation of the derivative song, "Heartbroken" featured on the Aaliyah, "One in a Million" album **as well as** resulting from the sale and/or licensing and or unauthorized creation of derivatives featured on the, "4 All the Sistas around Da World" album, recorded by the group SISTA. Plaintiff was and remains the joint owner of the original "Heartbroken" and the originals

1

of the SISTA songs by the writing, producing and composing of Songs alongside Defendant Elliott. Defendant Elliott and Defendants, by and through Defendant Elliott and/or at Defendant Elliott's direction, and or with Defendant Elliott's assistance, wrongfully withheld benefits conferred from the sale and/or licensing of "Heartbroken" to all of the defendant's, for its use on Aaliyah's "One in a Million" album, which was released to the public in 1996, and without the consent or knowledge of Plaintiff. Defendants wrongfully deprived Plaintiff of property rights in "Heartbroken" and any ownership interest held therein. Likewise, Defendant Elliott and Defendants, Timothy Mosley, Elektra Records, Warner Music, Inc. F/K/A Warner Music Group, Inc. and Warner Music Group Corporation, through Defendant Elliott and/or at Defendant Elliott's direction, and or with Defendant Elliott's assistance, wrongfully withheld benefits conferred from the sale and/or licensing of the songs on the SISTA album onto these defendants, and without the consent or knowledge of Plaintiff. Defendant Elliott and Defendants wrongfully deprived Plaintiff of property rights in the songs featured on the SISTA album and any ownership interest held therein. Plaintiff respectfully requests this Court to enter judgment against Defendant Elliott and the Defendants upon the following causes of actions.

## II. THE PARTIES

Plaintiff TERRY WILLIAMS (hereinafter, "Plaintiff") is an adult individual, residing at 105 Persimmon Place, Bear, Delaware 19701. The Plaintiff holds uncontested Copyright via the US Copyright Office, to the Heartbroken song he and Defendant Elliott created. The plaintiff also has uncontested Copyright via the US Copyright Office, to the songs featured on the SISTA album, which he and Defendant Elliott created together.

Defendant MELISSA ARNETTE ELLIOTT A/K/A MISSY "MISDEMEANOR" ELLIOTT (hereinafter, "Defendant Elliott") is an adult individual, and rapper, dancer and record producer, residing at 3908 Savannah Ridge Drive, Marietta, Georgia 20062; 2528

Calumet Drive, Virginia Beach, Virginia 23456; and 16134 Rio Baile, Delray Beach, Florida 33446.

Defendant TIMOTHY MOSLEY A/K/S TIMBALAND (hereinafter, "Defendant MOSLEY) is an adult individual record producer residing at 514 Willow Green Court, Chesapeake, VA 23320.

Defendant ESTATE OF AALIYAH C/O BARRY HANKERSON (hereinafter, "Defendants"). Barry Hankerson is former owner of Blackground Records. He is listed as the owner of Aaliyah's Music Estate and resides at 12703 W. Desert Vista Trail, Peoria, AZ 85383.

Defendant ATLANTIC RECORDING CORPORATION A/K/A ATLANTIC RECORDS (hereinafter, "Defendants") is a Delaware corporation, having offices located at 1633 Broadway, New York, New York 10019.

Defendant ELEKTRA ENTERTAINMENT GROUP A/K/A ELEKTRA RECORDS (hereinafter, "Defendants") is a Delaware corporation, having offices located at 1633 Broadway, New York, New York 10019.

Defendant WARNER MUSIC, INC. F/K/A WARNER MUSIC GROUP, INC. (hereinafter, "Defendants") is a Delaware corporation, having offices located at 1633 Broadway, New York, New York 10019.

Defendant WARNER MUSIC GROUP CORPORATION (hereinafter, "Defendants") is a Delaware corporation headquartered in New York City, having offices located at 1633

Broadway, New York, New York 10019.   Defendants Atlantic Records, Elektra Records and Warner Music Inc., are subsidiaries of Defendant Warner Group.

Defendant RESERVOIR MEDIA MANAGEMENT INC. is located at 75 Varick Street, 9th Floor, New York, New York 10013 (hereinafter "Defendants").

On information and belief, at all times material hereto, Defendants were in the business of recording, promoting, distributing, selling, and licensing of music and/or music recordings throughout the United Stated and the world, and acted jointly, severally, and/or in the alternative, in their joint and several business and/or affairs of Defendant Warner Group and subsidiaries, and or Defendant Barry Hankerson; in connection with Defendant Elliott.

### III.   JURISDICTION AND VENUE

This is a civil action seeking damages for Copyright Infringement and Contributory Infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331.

This Court has personal jurisdiction over Defendant Elliott and Defendants because, among other things, the aforementioned do business in the State of Pennsylvania and in this judicial district, the acts of infringement complained herein occurred in the State of Pennsylvania and in this judicial district, and Defendant Elliot and Defendants have caused injury to Plaintiff and property created within the State of Pennsylvania and in this judicial district.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) because events giving rise to allegations of the Complaint occurred at the location known as 5793 Haddington Lane, Philadelphia, Pennsylvania 19131.

### IV. STATEMENT OF FACTS

1. At all relevant times, between the years of 1993 and 1996 (hereinafter, the "Studio Period"), Plaintiff owned and operated a music recording studio at 5793 Haddington Lane, Philadelphia, Pennsylvania 19131 (hereinafter, the "Studio").   Plaintiff resided in Philadelphia between the years 1989 and 1998.

4

2. Regularly, during the Studio Period, Plaintiff worked in the Studio, writing and recording music, with Defendant Elliott. Defendant Elliott would work in the Studio, alongside Plaintiff, for weeks at a time.

3. Plaintiff and Defendant Elliott were equal contributors to the writing of lyrics and music, co-producing a number of songs composed in the Studio during the Studio Period. The songs were recorded using three (3) TASCAM DA-88, multitrack recording devices that use HIMM8 tape as the recording medium and three (3) ALESIS ADAT, multitrack recording devises that use SVHS tapes or ADATS as the recording medium. The songs were then mixed down to a final mix on Two (2) Track Digital Audio Tapes.

4. In or around the summer of 1995 (hereinafter, the "Summer"), one of the songs created equally by Plaintiff and Defendant Elliott was known as "Heartbroken" (hereinafter, the "Song").

5. Plaintiff made a substantial and valuable contribution to all of his and Defendant Elliott's joint works in his collection, as a writer, musical engineer, composer and producer.

6. Defendant Elliott made a substantial and valuable contribution to the work as writer, singer.

7. When Songs were created and recorded in the Studio, Plaintiff kept the master recordings. A cassette was given to Defendant Elliott.

8. Plaintiff, by and through his individual contribution, created the material in question, including music and lyrics, which could have been independently copyrighted.

9. The individual contributions of Defendant Elliott and Plaintiff in creating the Songs merged into inseparable parts of a musical arrangement and/or sound recording.

10. Plaintiff and Defendant Elliott had an agreement (hereinafter, the "Agreement") that all profits derived from sale of the songs they created, would be shared equally between Plaintiff and Defendant Elliott.

11. Plaintiff has joint material with Ms. Elliott that is not the subject of this action, and within his registered collection, that has been published and where credit was given to both plaintiff and Ms. Elliott as writers of the songs.

12. The plaintiff has a registered collection of over 30 songs created during the studio period with Defendant Elliott.

13. In early 1996, Plaintiff and Defendant Elliott parted ways and have not been in contact since that time. Plaintiff did not follow the career of his former partner, Defendant Elliott.

14. Prior to the studio period and/or Thereafter, unbeknownst to Plaintiff and at a time unknown to Plaintiff, Defendant Elliott entered into a contract with Defendants jointly, severally, and/or in the alternative, which included the transfer of any rights to Defendant Elliott and Plaintiff's joint work, to the Defendants.

15. Defendant Elliott failed to disclose to Defendants the existence of Plaintiff's property rights in the songs which are jointly composed musical works.

16. In the alternative, Defendants knew, should have known, or with reasonable care and diligence should have known, of Plaintiff's property rights in the musical works, including Plaintiff's rights in the songs.

17. Upon information and belief, Defendant Elliot and Defendants have received monetary compensation as a result of the licensing or sale of Songs and or derivatives of the plaintiff's and Ms. Elliott's joint material.

18. The song "Heartbroken", which is an unauthorized derivative of Defendant Elliott and Plaintiff's copywritten song, Heartbroken, was released and sold to the public on the studio album by Aaliyah titled One In A Million on August 27, 1996.

19. Similarly, the songs on the SISTA album, namely "Sweat You Down", "Secret Admirer", "I Wanna Know", and "I Wanna Be With U", are unauthorized derivatives of Plaintiff and Defendant Elliott's registered works under "The What?" collection.

20. Song by Defendant Elliott and Plaintiff and Song by Aliyah are substantially similar in production, musical composition and lyrics. The chorus in each Song is identical.

21. Songs by Defendant Elliott and Plaintiff and songs by SISTA are substantially similar in production, musical composition and lyrics.

22. Plaintiff did not know, nor did Plaintiff have reason to know, nor was it disclosed by Defendant Elliott and or Defendants that, the Songs had been recreated and or sold and or licensed.

23. Defendant Elliot was credited as a producer and guest vocalist on the Aaliyah Album, which included the Song as one (1) of seventeen (17) songs featured on the album. The Album was certified double Platinum on June 16, 1997, selling eight (8) million copies worldwide and reaching a peak position of number one (1) on Billboard's US Top Catalog Albums.

24. In or around 2017, Plaintiff contacted Defendant Elliott's management team, as a courtesy, in an effort to sell his rights to the recordings created and recorded by Plaintiff and Defendant Elliott during the Studio Period as aforesaid.

25. Plaintiff, in reviewing the material with a friend, and altering it from analog to digital format for listening convenience, discovered the Heartbroken Song was recorded by Aaliyah and released and sold to the public in an Album.

26. Plaintiff's friend heard the original song for the first time and recognized it as being an "Aaliyah" song.

27. Defendant Elliott and Defendants hold copyright interest via the US Copyright office in the Heartbroken song featured on the Aaliyah One in a Million album.

28. At all relevant times, Plaintiff had an ownership interest in Song, equal to the ownership

interest of Defendant Elliott. Plaintiff has received no compensation for his interest in Song.
29. Plaintiff and Elliott's song is registered with the copyright office.
30. As such, Plaintiff is entitled to all compensation received by Defendant Elliott and Defendants as a result of the licensing and/or sale of Song and or any Statutory Damages permitted by law.

31. Additionally, as a result of communication via a conference call between the plaintiff's former counsel and counsel for Defendant Elliott and Defendant Elliott's business manager, the plaintiff learned that Defendant Elliott was under contract with Defendant Elektra Records, during the Studio Period- which the plaintiff had no knowledge of.
32. Furthermore, in or around February of 2018 after being led to contact Elektra and the Warner Group of Companies (Defendants), by Ms. Elliott's business manager, Pat Elliott, the plaintiff discovered that 3 of his songs with Defendant Elliott had been featured on the, "4 All the Sistas Around Da World", album released by the group SISTA in 1994. Defendant Elliott was a member of the group SISTA.
33. Defendant Elliott and Defendants are credited for the SISTA album.
34. Three songs created by plaintiff and Ms. Elliott were used to create 4 Derivative songs on the SISTA album. It is reported that the album was "shelved" or never released in 1994, however, it is currently being sold on various internet music websites since 2017.
35. At all relevant times, Plaintiff had an ownership interest in the songs used to create the derivatives on the Sista album, equal to the ownership interest of Defendant Elliott. Plaintiff has received no compensation for his interest in these Songs.
36. Plaintiff and Elliott's joint works are registered with the copyright office.
37. As such, Plaintiff is entitled to an equitable share of all compensation received by Defendant Elliott and Defendants as a result of the licensing and/or sale of the Songs and or their derivatives, and or any Statutory Damages permitted by law.

**WHEREFORE**, Plaintiff respectfully requests this Court direct Defendant Elliott to produce all records of revenues and disbursements from the sale or licensing of Songs to Aaliyah and SISTA, and relevant third parties, any fees and/or royalties collected and agreed, as well as any and all distributions made to or at the direction of Defendant Elliott from the sale or licensing of Songs, from 1994 to the present, and for judgment against Defendant Elliott and all Defendants for an accounting of the monies received by all Defendants due to the sale and/or licensing of Song and attributable to the infringement.

## COUNT I – COPYRIGHT INFRINGEMENT
## TERRY WILLIAMS V. ALL DEFENDANTS

38. Paragraphs 1 through 37 are incorporated by reference as though fully set forth herein, as are sections I- III.
39. As soon as Songs were created, copyright automatically existed.
40. Plaintiff is, and at all material times hereto has been, the co-owner of the copyright in the musical compositions and sound recordings of the Songs and is entitled and authorized to protect his work against copy infringement.
41. One who reproduces, prepares derivative works from, distributes, and/or displays a copyrighted work/ Song, without authority from Plaintiff, the copyright owner, during the term of the copyright, is said to infringe the copyright.
42. Defendants failed to secure consent of the Plaintiff to transfer his rights to them, and or use the work.
43. Through their conduct averred herein, Defendants have infringed on Plaintiff's copyright in the Songs, in violation of the Copyright Act, 17 U.S.C of §§ 106 and 501.
44. Defendants act of infringement is willful, intentional, and purposefully, and/or negligent, careless and reckless, in disregard of and, with indifference to Plaintiff's rights.
45. As a direct and proximate cause of said infringement by Defendant Elliott and Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

46. Plaintiff is also entitled to Defendants profits attributable to infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

47. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and, on that basis, avers that unless held accountable by this Court, Defendants will continue to infringe on Plaintiff's rights in the Songs.

**WHEREFORE**, Plaintiff is entitled to recover the actual and/ or statutory damages suffered as a result of the infringement, any profits of Defendants attributable to the infringement of Plaintiff's copyright in the Songs, and damages in such amount as may be found or otherwise permitted by law.

## COUNT II – CONTRIBUTORY INFRINGEMENT
## TERRY WILLIAMS V. DEFENDANT ELLIOTT

48. Paragraphs 1 through 47 are incorporated by reference as though fully set forth herein, as are sections I-III.

49. Defendant Elliott had access to Songs by way of cassette generated by Plaintiff and provided to Defendant Elliott.

50. Defendant Elliott knew or had reason to know of the infringing activity of exclusively licensing and/or selling the Songs, and or creating derivatives thereto for profit; absent consent from the plaintiff, and with respect to the songs on both Aliyah's and SISTAS's albums.

51. Defendant Elliott intentionally induced or materially contributed to the licensing and/or selling of Song and or creation of the derivative of she and the plaintiff's joint work.

52. Defendant Elliott knew that Copyright laws govern the product she caused to be licensed and or sold and or recreated in derivative form.

53. There are substantial similarities between Songs created by Plaintiff and Defendant Elliott and Songs written by Defendant Elliott and recorded and released by Aaliyah and the group SISTA.

**WHEREFORE**, Plaintiff is entitled to recover the actual and/or statutory damages suffered as a result of the aforesaid infringement, any profits of Defendant Elliott attributable to the infringement of Plaintiff's copyright in Songs, and damages in such amount as may be found or otherwise permitted by law.

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. Rule 38, Plaintiff TERRY WILLIAMS demands a trial by jury in this matter.

## SPOLIATION NOTICE - PRESERVATION OF EVIDENCE

Plaintiff hereby demands and requests that Defendants take necessary actions to ensure the preservation of all documents, records, communications, whether electronic or otherwise, items and things in their possession or control, or any entity over which any party to this action has control, or from whom any party to this action has access to, any documents, items, or things which may in any manner be relevant to or related to the subject matter of the causes of action and/or the allegations of this complaint.

June 19, 2019

FILED
JUN 19 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

Respectfully submitted,

Terry Williams
Pro se Plaintiff

105 Persimmon Pl., Bear, DE, 19701

twvselliottetal@gmail.com

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Terry Williams
   Plaintiff                                             2:18-cv-05418-NIQA

Vs.

Melissa Arnette Elliott A/K/A Missy "Misdemeanor" Elliott Et Al.
Defendants

## CERTIFICATE OF SERVICE

I, Terry Williams, do certify that on this day I caused a true and correct copy of THE AMENDED COMOPLAINT AND JURY DEMAND, to be served on all defendants via regular mail, at the address listed on file for counsel and or the address where service of process for the original complaint was made (whichever were available).

June 19, 2019

                                              Terry Williams
                                              Pro se Plaintiff

                                              105 Persimmon Place

**FILED**

JUN 19 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

                                              Bear, DE 19701