# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY WILLIAMS** | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 18-5418 |
| **v.** | : | |
| | : | |
| **MELISSA ARNETTE ELLIOTT** | : | |
| **A/K/A MISSY "MISDEMEANOR"** | : | |
| **ELLIOTT,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    JANUARY 28, 2020

## MEMORANDUM OPINION

**INTRODUCTION**

      Plaintiff Terry Williams filed a copyright infringement action pursuant to 17 U.S.C. §§ 106, 501 and named Atlantic Recording Corporation a/k/a Atlantic Records, Elektra Entertainment Group, Inc. a/k/a Elektra Records, Warner Music Inc., Warner Music Group Corp., Reservoir Media Management, Inc. (collectively, "Moving Defendants"), Melissa Arnette Elliott a/k/a Missy "Misdemeanor" Elliott ("Elliott"), and two other named individuals as defendants. Plaintiff amended the complaint claiming that the infringement involves several musical compositions that were jointly created by Plaintiff and Elliott (the "Songs") and copied by Moving Defendants without Plaintiff's authorization.[1] Plaintiff seeks damages suffered from the purported infringement of his copyright ownership in the Songs, as well as a portion of all profits attributable to said infringement and any other damages permitted by law.

---

[1] Plaintiff was represented by counsel when the original complaint was filed. [ECF 1]. Subsequently, Plaintiff's counsel filed a motion to withdraw, [ECF 36], which was granted, [ECF 39], and Plaintiff requested leave to file an amended complaint, with or without counsel, [ECF 38], which was also granted. [ECF 40]. Plaintiff, proceeding *pro se*, filed the operative amended complaint on June 19, 2019. [ECF 44].

Before this Court is Moving Defendants' *motion to dismiss* filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), for lack of personal jurisdiction, and Rule 12(b)(6), for failure to state a claim. [ECF 49]. Plaintiff opposes the motion. [ECF 51]. The issues raised in the *motion to dismiss* have been fully briefed and are ripe for disposition.[2] For the reasons set forth, this Court finds that jurisdiction is lacking, and that transfer to the United States District Court for the District of Delaware ("District of Delaware") is appropriate under 28 U.S.C. § 1631.[3]

**BACKGROUND**

As noted, Plaintiff asserts a claim of copyright infringement against all Defendants.[4] Plaintiff essentially asserts that he is the co-owner (with Elliott) of the copyrights to the Songs and that, by creating and distributing derivative works based on the Songs without Plaintiff's consent, Defendants infringed Plaintiff's copyrights under 17 U.S.C. § 106 and § 501, causing Plaintiff to suffer damages.

Briefly, the assertions in the amended complaint are as follows:

> Between 1993 and 1996, Plaintiff and Elliott worked together "writing and recording music" in Plaintiff's music recording studio in Philadelphia, Pennsylvania. [ECF at 44 at 4-5]. As "equal contributors," Plaintiff and Elliott co-produced a number of songs, including "Heartbroken" in 1995. [ECF 44 at 5]. Plaintiff alleges that he and Elliott owned equal interest in the songs they produced, as evidenced by an agreement to equally share "all profits derived from the sale of the songs they created, including [Heartbroken]." [ECF 44 at 5]. Plaintiff alleges that he and Elliott ultimately created over thirty songs together. [ECF 44 at 6].

---

[2] This Court has also considered Moving Defendants' reply. [ECF 60].

[3] Because this Court finds that Plaintiff has failed to establish personal jurisdiction over Moving Defendants, this Court need not address Moving Defendants arguments under Rule 12(b)(6). "Courts must consider their jurisdiction before they reach the merits of a case." *See Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 289 (3d Cir. 2017) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998)).

[4] Elliott is a non-moving Defendant. This memorandum only refers to Elliott to establish a factual background. Elliott has filed a separate motion to dismiss, which this Court will address separately. [*See* ECF 50-1].

2

At an unspecified time, Elliott allegedly entered into a contract with Moving Defendants and purportedly transferred the rights of some of the songs she co-produced with Plaintiff, including "Heartbroken," to Moving Defendants. [ECF 44 at 6]. Plaintiff alleges that Elliott failed to inform Moving Defendants that Plaintiff held property rights in the joint works, but that Moving Defendants either knew, or with reasonable care and diligence should have known, of Plaintiff's property rights. [ECF 44 at 6]. Plaintiff claims that Moving Defendants benefitted from the rights acquired from Elliott through the production and distribution of a song called "Heartbroken," released on a studio album titled *One in a Million* by the late music artist Aaliyah, and from multiple other songs on an album called *4 All the Sistas Around Da World* by the group SISTA. Plaintiff alleges that "Heartbroken" and the songs by SISTA are "substantially similar in production, musical composition and lyrics" to the Songs jointly created by Plaintiff and Elliott. [ECF 44 at 7]. Plaintiff further claims that *One in a Million* was incredibly successful, selling eight million copies worldwide, earning "Double-Platinum" status in 1997, and reaching number one on Billboard's U.S. Top Catalog Albums. [ECF 44 at 6-7].

Plaintiff contends that in 2017 he contacted Elliott to sell the recordings that they had co-produced, and discovered that "Heartbroken" had been released and sold to the public on the Aaliyah album. [ECF 44 at 7]. Plaintiff alleges that he was unaware that Elliott had transferred rights to any of the Songs and did not receive any compensation to which he was entitled under his profit-sharing agreement with Elliott. [ECF 44 at 7-8].

On November 14, 2018, Plaintiff filed a complaint in the Philadelphia Court of Common Pleas asserting claims of, *inter alia*, breach of contract and unjust enrichment. On December 14, 2018, Defendant Elliott removed the matter to federal court. [ECF 1]. On June 19, 2019, Plaintiff filed a *pro se* amended complaint, in which he asserted claims of copyright infringement and contributory infringement. [ECF 44]. Moving Defendants subsequently filed the instant motion to dismiss. [ECF 49-2].

**LEGAL STANDARD**

Moving Defendants move to dismiss this action pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Moving Defendants are music companies incorporated in Delaware with principal places of business in New York. Plaintiff is a resident of Delaware.

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the burden shifts to the plaintiff to establish jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)).

If the court does not hold an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction over the defendant and "is entitled to have its allegations taken as true and all factual disputes drawn in its favor," *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted), "at least to the extent they are uncontroverted by whatever material the defendant submits in support of its motion to dismiss." 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1067.6 (4th ed. 2019). "Once these allegations are contradicted by an opposing affidavit, however, plaintiffs must present similar evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009) (citations omitted). To counter opposing affidavits, "[p]laintiffs may not repose upon their pleadings . . . . Rather, they must counter defendant[']s affidavits with contrary evidence in support of purposeful availment jurisdiction." *Id*. at 559. To that end, "[t]he plaintiff must respond to the defendant's motion with 'actual proofs;' 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'" *Lionti v. Dipna, Inc.*, 2017 WL 2779576, at *1 (E.D. Pa. June 27, 2017) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984)); *see also Lehigh Gas Wholesale, LLC v. LAP Petro., LLC*, 2015 WL 1312213, at *2 (E.D. Pa. Mar. 23, 2015) ("Plaintiff carries the burden to prove personal jurisdiction using 'affidavits or other competent evidence.'") (quoting *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)).

Ultimately, plaintiffs must show, "with reasonable particularity," enough contact between the defendant and the forum to support the exercise of personal jurisdiction by the forum state. *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted); *see also Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa.

2005) ("In order to establish a *prima facie* case, the plaintiff must present specific facts that would allow the court to exercise jurisdiction over the defendant.").

**DISCUSSION**

A federal district court "typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor*, 496 F.3d at 316 (citing Rule 4(k)). Pennsylvania's long arm statute allows courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). Thus, this Court's analysis will focus on federal due process requirements. *Isaacs v. Ariz. Bd. Of Regents*, 608 F. App'x 70, 74 (3d Cir. 2015); *Batista v. O'Jays Gigs, Inc.*, 2019 WL 400060, at *3 (E.D. Pa. Jan. 30, 2019).

This constitutional inquiry is guided by the "minimum contacts" test established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Under this standard, for a court to exercise personal jurisdiction over a party in a manner consistent with the Fourteenth Amendment's due process requirements, a plaintiff must show that a defendant has "certain minimum contacts with [the forum] such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice." *Id.* at 316; *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that it may be subject to suit in that forum. *Marten*, 499 F.3d at 296.

Courts have established two forms of personal jurisdiction that satisfy these principles: general jurisdiction and specific jurisdiction. *See D'Jamoos ex rel. Estate of Weingeroff v. Platus*

*Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984)).  Briefly, general jurisdiction—covering any claim against a defendant—exists when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  Specific jurisdiction exists over a defendant only where the claims at issue "arise[e] out of or relat[e] to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.8.

*General Jurisdiction*

A court has general jurisdiction over a defendant whose "continuous and systematic" contacts with the forum state render it essentially "at home" there. *Daimler*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919).  Generally, courts consider a corporate defendant to be "at home" in the fora in which the defendant is incorporated and/or has its principal place of business. *DeGregorio v. Marriott Int'l, Inc.*, 2017 WL 6367894, at *3 (E.D. Pa. Dec. 13, 2017) (citing *Daimler*, 571 U.S. at 119).  In only "exceptional" cases, a plaintiff may establish general jurisdiction over a corporate defendant in a state other than its state of incorporation or principal place of business if the corporation's contacts are "so substantial and of such a nature as to render the corporation at home in that state." *DeGregorio*, 2017 WL 6367894, at *3 (quoting *Daimler*, 571 U.S. at 139 n.19).  The United States Court of Appeals for the Third Circuit ("Third Circuit") has observed, however, that it is "incredibly difficult to establish general jurisdiction in a forum other than the [defendant's] place of incorporation or principal place of business." *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).  Further, this district has consistently ruled that "the mere allegation that defendants operate in the State does not render defendants 'at home' in Pennsylvania and subject

. . . to general jurisdiction here." *Spear v. Marriott Hotel Servs., Inc.*, 2016 WL 194071, at *3 (E.D. Pa. Jan. 15, 2016) (citations omitted); *see also Campbell v. Fast Retailing USA, Inc.*, 2015 WL 9302847, at *3 (E.D. Pa. Dec. 22, 2015) ("The allegation that an entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania.") (citing *Daimler*, 571 U.S. at 138)).

Here, Plaintiff does not dispute (and generally alleges himself) that Moving Defendants are incorporated in Delaware and have principle places of business in New York. [ECF 44 at 2]. Thus, unless Plaintiff can show that this is an "exceptional case," Moving Defendants are not subject to general jurisdiction in Pennsylvania. To meet this requirement, Plaintiff argues that Moving Defendants *are* subject to general jurisdiction because they "do[] business in PA" and have a business strategy that spans "all major geographies," [ECF 44 at 19-20], and employ numerous artists with ties to Pennsylvania, [ECF 44 at 20]. Such allegations, even if true, however, are insufficient to establish general jurisdiction. *See Spear*, 2016 WL 194071, at *3 (collecting cases); *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 424-25 (E.D. Pa. 2015) ("[T]he workers Tennant employs who live in Pennsylvania, the miles its workers drive in Pennsylvania, the revenue its workers generate . . . under *Daimler*, do not together operate to render Tennant 'at home' in Pennsylvania and subject it to general jurisdiction here.") (citations omitted)). Based on the allegations and caselaw cited, this Court finds that Plaintiff has failed to establish a *prima facie* case of general jurisdiction over Moving Defendants.

*Specific Jurisdiction*

In contrast to general jurisdiction, a court may exercise specific jurisdiction over a defendant only "when the claim is related to or arises out of the defendant's contacts with the forum." *Goodway Grp. v. Sklerov*, 2018 WL 3870132, at *4 (E.D. Pa. Aug. 15, 2018) (citing

*Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984)). The Third Circuit applies a three-prong test to determine whether specific jurisdiction exists. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Under this test, a plaintiff must prove that: (1) the defendants purposefully directed their activities at the forum; (2) the action arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice. *Id.* (citations omitted); *see also Goodway*, 2018 WL 3870132, at *4 (citing *O'Connor*). To decide whether personal jurisdiction comports with fair play and substantial justice, courts may consider 'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental subjective social policies." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Moving Defendants argue that Plaintiff has failed to plead any facts that demonstrate that the Moving Defendants "purposefully directed" their activities toward Pennsylvania. In response, Plaintiff argues that specific jurisdiction in Pennsylvania exists because Moving Defendants created derivatives of works that were themselves created in Pennsylvania. Plaintiff appears to rely exclusively on the facts that the Songs were created in Philadelphia and that their derivatives were globally distributed to support his specific jurisdiction argument. Plaintiff's arguments fail. Plaintiff has not actually made any allegations, or otherwise produced any evidence, tying Moving Defendants' actions to Pennsylvania beyond alleging that the Songs were created in Philadelphia and vaguely implying that copies of *Heartbroken* were sold in the state. Such allegations, without more, simply fall short of demonstrating that Moving Defendants in any way purposefully availed themselves of the benefits and protections of Pennsylvania law. *Compare Johnson v. Barrier*,

8

2016 WL 3520157, at *5 (N.D. Ill. June 28, 2016) ("[A]llegations concerning the sale of [allegedly infringing] products through UMG's website cannot, alone, establish specific jurisdiction over UMG. . . . Plaintiff offers no evidence of geographically-focused targeting that could subject UMG to personal jurisdiction . . . even assuming that UMG made retail and online sales of [allegedly infringing products] to Illinois residents throughout 1991 – 2015, Plaintiff fails to quantify these sales, or to otherwise demonstrate their substantiality[.]") *with Wise v. Williams*, 2011 WL 2446303, at *5 (M.D. Pa. May 18, 2011) (specific jurisdiction was supported by allegations that defendants advertised infringing song in Pennsylvania, intentionally marketed and sold infringing song in Pennsylvania, and performed infringing song at live concerts in Pennsylvania); *cf. Pokermatic Inc. v. Pokertek, Inc.*, 2006 WL 2803037 (E.D. Pa. Sept. 27, 2006) (holding that allegations that defendant produced product similar to Pennsylvania plaintiff's product, engaged in "a pattern of . . . trade defamation, and tortious interference with contractual . . . relationships," and negotiated unsuccessfully to purchase rights to plaintiff's product, did not establish specific jurisdiction under either the traditional or the *Calder* tests for personal jurisdiction). As such, this Court finds that Plaintiff's allegations fail to establish specific jurisdiction over Moving Defendants.[5]

---

[5] Though the Third Circuit has yet to establish whether copyright infringement should be analyzed as an intentional tort, other circuit courts have so identified it and, thus, have analyzed personal jurisdiction with respect to copyright claims under the "effects" test from *Calder v. Jones*, 465 U.S 783, 787 (1984). *See Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 931 (7th Cir. 2003); *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 519 (5th Cir. 2005). The Third Circuit follows other circuits in employing the *Calder* test to analyze personal jurisdiction over defendants in intentional torts cases, and at least one other court in this district has considered the elements of the *Calder* test when analyzing the alleged forum contacts accompanying a copyright infringement claim. *See Joe Hand Promotions, Inc. v. Shehadeh*, 2019 WL 2077728, at *4 (E.D. Pa. May 10, 2019). Under the *Calder* "effects" test, "an intentional tort directed at the plaintiff and having sufficient impact upon it in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

*Venue Transfer*

In response to Moving Defendants' motion, Plaintiff alternatively argues that if this Court should find jurisdiction lacking, it should transfer this matter to the District of Delaware. Under 28 U.S.C. § 1631,

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.

The Third Circuit has instructed that district courts have discretion to "transfer . . . all or only part of an action," severing the action as to some defendants, so that it may be transferred if such course is in the interest of justice. *D'Jamoos*, 566 F.3d at 110 (3d Cir. 2009) ("the course of action we propose . . . is not a partial transfer at all inasmuch as the action, once severed, may be regarded as two . . . actions, each of which is then transferrable—or not—pursuant to . . . section 1631."). Moreover, "§ 1631's language creates a rebuttable presumption in favor of transfer." *D'Jamoos v. Pilatus Aircraft Ltd.*, 2009 WL 3152188, at *2 (E.D. Pa. Oct. 1, 2009) (transferring case, on remand from the Third Circuit, because transfer "provides the plaintiffs with the benefit of having

---

To satisfy the "effects" test, a plaintiff must show that (1) the defendant committed an intentional tort, (2) the forum was the focal point of the harm suffered by the plaintiff as a result of that tort, and (3) the forum was the focal point of the tortious activity in the sense that the tort was "expressly aimed" at the forum. *Id.* at 261. The Third Circuit "has instructed that district courts need not consider the first two elements unless the 'expressly aimed' element is first met." *Farkas v. Rich Coast Corp.*, 2014 WL 550594, at *22 (W.D. Pa. Feb. 11, 2014) (citing *IMO Indus.*, 155 F.3d at 266). To show that the defendant "expressly aimed" tortious conduct at the forum, "the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed the conduct at the forum." *IMO Indus.*, 155 F.3d at 266.

Here, Plaintiff has not alleged any facts to show that Moving Defendants knew that any harm would be felt in Pennsylvania, nor has he identified any "specific activity" by which Moving Defendants aimed their conduct at Pennsylvania. Further, Plaintiff lives in Delaware, not in Pennsylvania. As such, Plaintiff would be hard-pressed to show how Moving Defendants "knew that the plaintiff would suffer the brunt of the harm . . . in [Pennsylvania]." *Id.* Accordingly, under an application of the *Calder* test, Plaintiff fails to establish specific jurisdiction over Moving Defendants.

10

its day in court" and would impose no "unwarranted hardship" on defendant). Nevertheless, before severing the case, "a judge should weigh the convenience of the parties requesting transfer against the potential inefficiency of litigating the same facts in two separate forums." *White v. ABCO Engineering Corp.*, 199 F.3d 140, 144 (3d Cir. 1999).

Moving Defendants oppose transfer and focus their argument on the inefficiency of simultaneously litigating a single issue in separate forums. However, this concern is insufficient to overcome the inherent preference for transfer that courts have interpreted § 1631 to imply. Transfer to Delaware does not provide Plaintiff with any unfair benefit, and Moving Defendants have identified no unwarranted hardship that they would face if forced to litigate in the state of their incorporation. Though Moving Defendants are correct that transfer may result in simultaneous litigation in separate forums over a single course of events, it may simply be the case, as in *D'Jamoos*, that "this litigation was destined to be divided in multiple forums through no fault of any party." *D'Jamoos*, 2009 WL 3152188, at *3. In light of the "salutary policy of favoring the resolution of cases on the merits," *id.* at *2 (quoting *Britell v. United States*, 318 F.3d 70, 74 (1st Cir. 2003)), this Court finds that transfer to the District of Delaware is "in the interest of justice" under § 1631. Therefore, Plaintiff's request that the claims against Moving Defendants be severed and transferred to the District of Delaware is granted.

**CONCLUSION**

For the reasons stated, this Court finds that there is a want of jurisdiction over the claims against Moving Defendants and that transfer of said claims to the District of Delaware is in the interest of justice. An Order consistent with this Memorandum Opinion follows.[6]

---

[6] This Court is aware that Plaintiff has filed a motion for leave to file a second amended complaint. However, by Plaintiff's own account, "[t]he purpose of the amendment is to add two new defendants— Blackground Records LLC c/o Barry Hankerson and Black Fountain Music c/o Barry Hankerson" and to

11

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

specify that Mr. Hankerson is the current (rather than the former) owner of Blackground Records. Plaintiff does not propose to alter any of his allegations against Moving Defendants or otherwise cure any of the deficiencies discussed herein. Therefore, the claims against Moving Defendants may be severed and transferred before the motion to amend Plaintiff's allegations as to Mr. Hankerson is addressed.