IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY WILLIAMS** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 18-5418** |
| **v.** | : | |
| | : | |
| **MELISSA ARNETTE ELLIOTT** | : | |
| **A/K/A MISSY "MISDEMEANOR"** | : | |
| **ELLIOTT,** *et al.* | : | |
| *Defendants* | : | |

# O R D E R

**AND NOW**, this 14th day of August 2020, upon consideration of Plaintiff Terry Williams's *motion for clarification, reconsideration and/or to vacate order*, [ECF 70], Defendant Melissa Arnette Elliott a/k/a Missy "Misdemeanor" Elliott's ("Elliott") response in opposition, [ECF 71], and Plaintiff's reply, [ECF 72], it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.[1]

---

[1] By Order dated February 6, 2020, this Court granted Elliott's motion to dismiss the *only* two copyright claims Plaintiff asserted against her in the first amended complaint. [*See* ECF 69]. In that Order, this Court concluded that Plaintiff had sought relief "*only* for [copyright] infringement," which lacked merit as a matter of law. Instantly, Plaintiff moves this Court, *inter alia,* to reconsider its ruling and argues that when he amended his complaint "to allege misconduct under Copyright Law," he "never intended to disclaim the Accounting claim attributable to Elliott" that appeared in his original, counseled complaint.

The scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Motions to reconsider are not to be used as an opportunity to re-litigate the case; rather, they may be used only to correct errors of law or fact, to present newly discovered evidence or an intervening change in law, or to prevent manifest injustice. *Kerlinsky v. Main Line Hospitals, Inc.*, 2012 WL 4050764, at *1 (E.D. Pa. Sept. 14, 2012) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). Here, Plaintiff cannot establish—and does not attempt to establish— any of the narrowly prescribed circumstances for reconsideration.

Plaintiff also moves to clarify or vacate the February 6, 2020 Order. Federal Rule of Civil Procedure ("Rule") 60 permits the court to correct clerical mistakes or a mistake arising from oversight or omission, whenever one is found in a judgment, order, or any part of the record for a limited set of reasons. Fed. R. Civ. P. 60. Relief under Rule 60(b) is "extraordinary and 'may only be invoked upon a showing of exceptional circumstances.'" *United States v. Tuerk*, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting *Mayberry v. Maroney*, 529 F.2d 332, 336 (3d Cir. 1976)). Here, none of the permissible reasons are present, and Plaintiff makes no attempt to show otherwise. As such, Plaintiff has presented no basis for

It is further **ORDERED** that Plaintiff is granted leave to file a third amended complaint *only* to assert (1) claims against Elliott (including any state law claims) other than the copyright claims that were previously dismissed from this action, (2) claims against the other parties that remain in this action and have yet to appear, and/or (3) claims against the parties identified in Plaintiff's *motion for leave to file a second amended complaint*. [ECF 55]. Plaintiff shall file the third amended complaint by August 28, 2020. Further, any claim(s) omitted from Plaintiff's third amended complaint will be deemed abandoned.[2]

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

reconsideration, clarification, or alteration of the dismissal of his copyright claims as set forth in this Court's February 6, 2020 Order, and his motion is denied.

[2]   In the instant motion, Plaintiff argues that he intended to include an equitable claim for accounting alongside his more explicitly presented copyright claims in his first amended complaint. As an alternative to reconsideration, Plaintiff requests leave "to cure any pleading deficiency." Though the inadvertent omission of claims from a pleading is not an appropriate basis for reconsideration, it is, however, an appropriate basis to grant leave to amend. *See, e.g.*, *Markert v. PNC Fin. Servs. Grp., Inc.*, 2012 WL 440663, at *3-4 (granting leave to amend where counsel "inadvertently omitted . . . state law claims" from a proposed amended complaint). The United States Court of Appeals for the Third Circuit ("Third Circuit") has "held consistently" that under Rule 15, "leave to amend should be granted freely. This approach ensure[s] that a particular claim will be decided on the merits rather than on technicalities." *Telford Borough Auth. v. U.S. Envtl. Prot. Agency*, 2020 WL 605666, at *4 (E.D. Pa. Feb. 6, 2020) (quoting *Dole v. Arco Chem. Co.*, 921 F.3d 484, 486-87 (3d Cir. 1990)). The Third Circuit has further instructed that in evaluating whether to grant leave to amend, courts should be guided by the factors set forth in *Foman v. Davis*, 371 U.S. 178, 183 (1962), *to wit*: (i) undue delay, (ii) bad faith or dilatory motive, (iii) repeated failure to cure deficiencies in previous amendments, (iv) prejudice to the opposing party, and (v) futility. *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). After carefully considering these factors, this Court finds that none are apparent here, and Elliott offers no argument to the contrary. As such, Plaintiff may attempt, one last time, to pursue *only* his non-copyright claims against Elliott, as well as any claims against other parties that have yet to respond and/or non-parties that Plaintiff was previously granted leave to include.