IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Terry Williams                                                                                                  No. 2:18-cv-05418-NIQA

**Plaintiff**

Vs.

**Melissa Arnette Elliott AKA Missy Misdemeanor Elliott (Defendant Elliott), Timothy Mosley AKA Timbaland (Defendant), Estate of Aaliyah Haughton C/O Barry Hankerson (Defendant), Blackground Records A/K/A Blackground Enterprises (Defendant)**

**Defendants**

FOURTH AMENDED COMPLAINT AND JURY DEMAND

Plaintiff TERRY WILLIAMS (hereinafter, the "Plaintiff"), files this Complaint and Jury Demand against Mellissa Arnette Elliott AKA Missy Misdemeanor Elliott (hereinafter Defendant Elliott), Timothy Mosley AKA Timbaland (hereinafter Defendant(s)), the Estate of Aaliyah Haughton C/O Barry Hankerson(hereinafter Defendant(s)) and Blackground Records A/K/A Blackground Enterprises, and in support thereof avers as follows:

I.  PRELIMINARY STATEMENT

Plaintiff brings this action against Defendant Elliott for Declaratory Judgment of Copyright Co-Ownership Breach of Contract/Covenant of Good Faith and Fair Dealing, for an Accounting, Unjust Enrichment/Quantum Merit, and Constructive Trust and against Defendants for,) Declaratory Judgment of Copyright Co-ownership, Tortious Interference for Economic advantage, Tortious interference with contract, Breach of Fiduciary Duty, and Breach of Covenant, in addition to other PA state law claims, resulting from their use of derivatives of the plaintiff's Copywritten material, "Heartbroken" featured on the Aaliyah, "One in a Million" album, as well as 4 derivative songs featured on the, "4 All the Sistas around Da World" album, recorded by the group SISTA.  Plaintiff was and remains the joint owner of the original "Heartbroken" and the originals of the SISTA songs by the writing, producing and composing of the Songs alongside Melissa Elliott A/K/A Missy "Misdemeanor" Elliott ("Elliott"), an R&B and Hip Music Singer, Rapper, Songwriter and Producer.   Elliott and Defendants, by and through Elliott and/or at  Elliott's direction, and or with  Elliott's assistance, wrongfully withheld benefits conferred from the use of Plaintiff's and Elliott's "Heartbroken" and 3 additional songs they created,  which derivative are featured on Aaliyah's "One in a Million" album (1996), and the SISTA album(1994),  without the consent or knowledge of Plaintiff.  Defendants wrongfully

deprived Plaintiff of property rights in his and Elliott's joint works, and any ownership interest held therein. Plaintiff respectfully requests this Court to enter judgment against the Defendants upon the following causes of actions.

## II.     THE PARTIES

Plaintiff TERRY WILLIAMS (hereinafter, "Plaintiff") is an adult individual, Delaware resident, residing at 105 Persimmon Place, Bear, Delaware 19701.  The Plaintiff holds uncontested Copyright via the US Copyright Office, to the Heartbroken song he and Elliott created (SRu001299591 and PAu003884203). The plaintiff also has uncontested Copyright via the US Copyright Office, to several other songs he and Elliott created together (PAu003894328).

Defendant MELISSA ARNETTE ELLIOTT A/K/A MISSY "MISDEMEANOR" ELLIOTT (hereinafter, "Defendant Elliott") is an adult individual, and rapper, dancer and record producer, residing at 3908 Savannah Ridge Drive, Marietta, Georgia 20062; 2528 Calumet Drive, Virginia Beach, Virginia 23456; and 16134 Rio Baile, Delray Beach, Florida 33446 and  is Listed on the Music Copyright for the song "Heartbroken" featured on the Aaliyah, "One in a Million" album. (Registration Nos. - PA0000863576, PA0000839400, SR0000226593) and is also Listed as a Copyright Holder for the 4 songs featured on the SISTA album. Defendant Elliott is also listed on the Copyright for the Joint works with the plaintiff (SRu001299591 and PAu003884203 and PAu003894328 and).

Defendant TIMOTHY MOSLEY A/K/A TIMBALAND (hereinafter, "Defendant MOSLEY) is an adult individual record producer residing at 514 Willow Green Court, Chesapeake, VA 23320 is Listed on the Music Copyright for the song "Heartbroken" featured on the Aaliyah, "One in a Million" album. (Registration Nos. - PA0000863576, PA0000839400, SR0000226593) and is also Listed as a Copyright Holder for the 4 songs featured on the SISTA album.

Defendant ESTATE OF AALIYAH HAUGHTON C/O BARRY HANKERSON (hereinafter, "Defendant"). Barry Hankerson is the owner of Blackground Records. He is listed as the owner of Aaliyah's Music Estate and resides at 12703 W. Desert Vista Trail, Peoria, AZ 85383. Aaliyah is Listed on the Music Copyright for the song "Heartbroken" featured on the Aaliyah, "One in a Million" album. (Registration Nos. - PA0000863576, PA0000839400, SR0000226593).

Defendant BLACKGROUND RECORDS A/K/A BLACKGROUND ENTERPRISES (hereinafter, "Defendants") is a Delaware Corporation. Its Owner/Officer and Founder, Barry Hankerson, resides at 12703 W. Desert Vista Trail, Peoria, AZ 85383. Blackground Records is the Employer for Hire on the Aaliyah One in Million Album Sound Recording Copyright. (Registration No. SR0000226593.) It is also listed on the Music Copyright for the "Heartbroken" song on the Aaliyah album (Registration Nos. PA0000863576, PA0000839400, PA0001066503).

On information and belief, at all times material hereto, Defendant Elliott and Defendants were in the business of recording, publishing, promoting, distributing, buying, selling, and assigning/ transferring of music and/or music recordings throughout the United States and the world, and acted jointly, severally, and/or in the alternative, in their joint and several businesses and/or affairs of Warner Music Group Corp., and or Blackground Records.

### III.   JURISDICTION AND VENUE

This is a civil action seeking damages for Declaratory Judgment of Copyright Co-ownership and for Pennsylvania Common Law Violations for Breach of Contract/ Covenant of Good Faith and Fair Dealing, For an Accounting, Unjust Enrichment/ Quantum Meruit and Constructive Trust against Defendant Elliott.

This is also a civil action seeking damages for Declaratory Judgment of Copyright Co-ownership, Tortious Interference for Economic advantage, Tortious interference with Contract, Breach of Fiduciary Duty, and Breach of Covenant, in addition to other PA state law claims against Defendants Mosely, Estate of Aaliyah Haughton and Blackground Records A/K/A Blackground Enterprises.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331

and 28 U.S.C. §2201- 2202 and 17 U.S.C § 17 et seq.

This Court has jurisdiction over the subject matter of the claims pursuant to 28 U.S.C. § 1332.

The amount in controversy well exceeds $75,000, and the parties reside in different states.

This court has Supplemental Jurisdiction over the state law causes of action pursuant to 28

U.S.C. §§ 1367.

This Court has personal jurisdiction over Defendant Elliott and Defendants because, among other things, the aforementioned do business in the State of Pennsylvania and in this judicial district, the acts of wrongdoing complained herein occurred in the State of Pennsylvania and in this judicial district, and Defendant Elliott and Defendants have caused injury to Plaintiff and property created within the State of Pennsylvania and in this judicial district.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) because events giving rise to allegations of the Complaint occurred at the location known as 5793 Haddington Lane, Philadelphia, Pennsylvania 19131.

### IV. STATEMENT OF FACTS

1. At all relevant times, between the years of 1993 and 1996 (hereinafter, the "Studio Period"), Plaintiff owned and operated a music recording studio at 5793 Haddington Lane, Philadelphia, Pennsylvania 19131 (hereinafter, the "Studio"). Plaintiff resided in Philadelphia between the years 1989 and 1998.

2. Regularly, during the Studio Period, Plaintiff worked in the Studio, writing and recording music, with Melissa Elliott A/K/A/ Missy "Misdemeanor" Elliott (Elliott). Elliott would work in the Studio, alongside Plaintiff, for weeks at a time.

3. Plaintiff and Elliott were equal contributors to the writing of lyrics and music, co-producing several songs composed in the Studio during the Studio Period. The songs were recorded using three (3) TASCAM DA-88, multitrack recording devices that use HIMM8 tape as the recording medium and three (3) ALESIS ADAT, multitrack recording devises that use SVHS tapes or ADATS as the recording medium. The songs were then mixed down to a final mix on Two (2) Track Digital Audio Tapes.

4. In or around the summer of 1995 (hereinafter, the "Summer"), one of the songs created equally by Plaintiff and Elliott was known as "Heartbroken" (hereinafter, the "Song"). (Copyright Registration Nos. SRu001299591 and PAu003884203).

5. Plaintiff made a substantial and valuable contribution to all his and Elliott's joint works in his collection, as a writer, musical engineer, composer and producer.

6. Elliott made a substantial and valuable contribution to the work as writer, singer/rapper.

7. When Songs were created and recorded in the Studio, Plaintiff kept the master recordings. A cassette was given to Elliott.

8. Plaintiff, by and through his individual contribution, created the material in question, including music and lyrics, which could have been independently copyrighted.

9. The individual contributions of Elliott and Plaintiff in creating the Songs merged into inseparable parts of a musical arrangement and/or sound recording.

10. Plaintiff and Elliott had an agreement (hereinafter, the "Agreement") that all profits derived from sale or exploitation of the songs they created, would be shared equally between Plaintiff and Elliott.

11. Plaintiff has joint material with Ms. Elliott that is not the subject of this action, and within his registered collection, that has been published and where profits were shared equally and credit was given to both plaintiff and Ms. Elliott as writers of the songs (See Copyright Registration No. PA0000896196 – Listing Plaintiff and Defendant Elliott as Co- Authors of the published song, Ooh Ooh Baby- published by Motown. In addition, the plaintiff has a registered collection of over 30 songs created jointly with Elliott during the studio period.  (Copyright Registration No. PAu003894328, SRu001420953.)

12. In early 1996, Plaintiff and Elliott parted ways and have not been in contact since that time.  Plaintiff did not follow the career of his former partner, Elliott.

13. Prior to the studio period and/or Thereafter, unbeknownst to Plaintiff and at a time unknown to Plaintiff, Elliott entered into a contract with Defendants jointly, severally, and/or in the alternative, which included the creation of derivatives to Elliott and Plaintiff's joint work, and which transferred and or assigned all Copyrights to Plaintiff and Elliott's joint works, to the Defendants and Elliott.

14. Elliott failed to disclose to Defendants the existence of Plaintiff's property rights in the songs which are jointly composed musical works.

15. In the alternative, Defendants knew, should have known, or with reasonable care and diligence should have known, of Plaintiff's property rights in the musical works, including Plaintiff's rights in the songs.

16. Upon information and belief, Elliott and Defendants have received monetary compensation as a result of the creation of the derivatives to Plaintiff and Elliott's joint works, and or the transfer or assignment of Copyright and or sale of Songs.

17. The song "Heartbroken" on the Aaliyah, "One in a Million" album (PA0000863576, PA0000839400, PA0001066503, and SR0000226593) which is an derivative of Elliott and Plaintiff's copywritten song, "Heartbroken" "1995" (Copyright Registration Nos. SRu001299591 and PAu003884203), was released and sold to the public on the studio album on August 27, 1996. The album was promoted by way of concert in Philadelphia, PA, on August 30, 1997.

18. Similarly, the songs on the SISTA album, namely "Sweat You Down", "Secret Admirer", "I Wanna Know", and "I Wanna Be With U", are derivatives of Plaintiff and Elliott's registered works under The "What? Collection"- "Word is Born", "If Your My Man", and "Secret Admirer (PAu003894328, SRu001420953)".

19. The Song "Heartbroken" created by Plaintiff and Elliott and Song "Heartbroken" by Aaliyah are substantially similar in production, musical composition and lyrics. The chorus in each Song is identical.

20. Songs by Elliott and Plaintiff and songs by SISTA are substantially similar in production, musical composition and lyrics.

21. Plaintiff did not know, nor did Plaintiff have reason to know, nor was it disclosed by Elliott and or Defendants that his Songs had been recreated and or sold, transferred or assigned and or exploited for profit..

22. Elliott is credited with Copyright Authorship of Words and Music on the Copyright for the 'Heartbroken' song on the "One in a Million" album, which included the Song as one (1) of seventeen (17) songs featured on the album. The Album was certified double Platinum on June 16, 1997, selling eight (8) million copies worldwide and reaching a peak position of number one (1) on Billboard's US Top Catalog Albums.

23. In or around 2017, Plaintiff contacted Elliott's management team, as a courtesy, to sell his rights to the recordings created and recorded by Plaintiff and Elliott during the Studio Period as aforesaid. Once management contacted Elliott regarding this, Elliott responded to the plaintiff via her personal attorneys.

24. Plaintiff, in reviewing the material with a friend, for the purpose of his sale efforts in 2017, and altering it from analog to digital format for listening convenience, discovered the Heartbroken Song was recorded by Aaliyah and released and sold to the public in an Album.

25. Plaintiff's friend heard the original song for the first time and recognized it as being an "Aaliyah" song.

26. Elliott and Defendants hold copyright interest via the US Copyright Office in the Heartbroken song featured on the Aaliyah One in a Million album.

27. At all relevant times, Plaintiff had joint ownership interest in his and Elliott's Song "Heartbroken". Plaintiff has received no compensation for his interest in Song.
28. Plaintiff and Elliott's song is registered with the copyright office.
29. As such, Plaintiff is entitled to all rightful compensation and profits received by Elliott and Defendants as a result of their use of Plaintiff and Elliott's song Heartbroken and Aaliyah's Song Heartbroken and or any Statutory Damages permitted by law.

30. Additionally, as a result of communication via a conference call (where the plaintiff was party to the call) between the plaintiff's former counsel in this action, and counsel for Elliott along with Elliott's business manager, the plaintiff learned that Elliott was under

    contract with Elektra Records, during the Studio Period- which the plaintiff had no knowledge of.

31. Furthermore, in or around February of 2018 after being instructed by Ms. Elliott's business manager, Pat Elliott on the conference call, to contact Elektra Records, the plaintiff discovered that 3 of his songs with Elliott had been rearranged and featured on the, "4 All the Sistas Around Da World", album released by the group SISTA in 1994. Elliott was a member of the group SISTA.

32. Elliott and Defendant Mosley are credited with authorship for the SISTA album.

33. 3 "Three" songs created by plaintiff and Ms. Elliott were used to create 4 "Four" Derivative songs on the SISTA album. It is reported that the album was "shelved" or never released in 1994, however, it is currently being sold on various internet music websites since 2017.

34. At all relevant times, Plaintiff had an ownership interest in the songs used to create the derivatives on the SISTA album, equal to the ownership interest of Elliott. Plaintiff has received no compensation for his interest in these Songs.
35. Plaintiff and Elliott's joint works are registered with the copyright office.
36. As such, Plaintiff is entitled to compensation and profits received by Elliott and Defendants as a result of their use of Plaintiff and Elliott's 3 "Three" aforementioned songs featured in his Copywritten collection as well as the 4 "Four" aforementioned songs featured on the SISTA album and or any Statutory Damages permitted by law.

37. WHEREFORE, Plaintiff respectfully requests this Court direct all Defendants to produce all records of revenues and disbursements from the creation of the derivatives, and or assignment transfer or sale of the plaintiff's songs/Copyrights and or from the use of all Songs outlined herein, any fees and/or royalties collected and agreed, as well as any and all distributions made to or at the direction of Elliott relating to the songs outlined herein, from 1994 to the present, and for judgment against all Defendants for an accounting of the monies/profits received by all Defendants due to the exploitation of plaintiff's joint works outlined herein and any actual damages and all profit attributable to the wrongdoing.

38. Note: The plaintiff wishes to outline the following.

    A. The plaintiff is suing all Defendants Relating to Plaintiff's Copyright for the Heartbroken Song (SRu001299591 and PAu003884203) and their Copyright for Aaliyah's song "Heartbroken" (PA0000863576, PA0000839400, PA0001066503, and SR0000226593)

    B. The plaintiff is suing Defendants Elliott, and Mosley ONLY, Relating to Plaintiffs Copyright for the 3 "Three" songs in the "What? Collection" (PAu003894328) and the "Word is Born" Collection (SRu001420953) and their Copyright for the songs outlined herein, that are featured on the SISTA album.

**Count I- BREACH OF CONTRACT / COVENANT OF GOOD FAITH & FAIR DEALING/FIDUCIARY DUTY**

**TERRY WILLIAMS V. DEFENDANT ELLIOTT**

- **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADAVNTAGE/ TORTIOUS INTERFERENCE WITH CONTRACT/ BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING/ BREACH OF FIDUCIARY DUTY**

**TERRY WILLIAMS V. ALL OTHER DEFENDANTS**

**Paragraphs 1 through 38 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.**

39. A valid contract existed between Plaintiff and Elliott, as aforesaid, and Elliott has a duty to account to her co-owner for any profits derived from exploitation of her and the Plaintiff's joint works.

40. Defendants' exclusive recording agreements and or assignment agreements entered with Elliott or Elliott's affiliates for profit, caused Elliott not to continue and or prevented Elliott from continuing her relations with the Plaintiff as a co-owner of the material.

41. Defendants as Co-Owners via assignment, are in dereliction of their duty to account to their co-owner- the Plaintiff.

42. Defendants have failed to compensate Plaintiff for the exploitation of his jointly owned songs and sound recordings.

43. Defendants have been involved in this litigation since Dec. 2018. Defendants while aware of the existence of their exclusive assignments from Elliott and or her affiliates, and the Plaintiff's joint ownership interest in the recordings, have failed in good faith to offer an accounting and compensation to the Plaintiff as their Co-Owner.

44. As a result, Defendants are obligated to Plaintiff in the amount of an equal share of all receipts and/or profits earned from exploiting the co- owned material.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants,

including any profits attributable to Plaintiff's ownership interest in the Songs, plus punitive damages and interest, and damages in such amount as may be found or otherwise permitted by law.

## Count II- UNJUST ENRICHMENT/QUANTUM MERUIT

**TERRY WILLIAMS V. ALL DEFENDANTS**

**Paragraphs 1 through 44 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.**

45. Plaintiff conferred a benefit on all Defendants in creating the original songs. Defendants acting as aforesaid and/or at the request of and/or on behalf of Defendant Elliott appreciated the benefit under the circumstances.

46. Defendants accepted and retained the benefit without payment of value to Plaintiff for the benefit conferred.

47. As a result of conduct described above, Defendants, acting as aforesaid, have been

enriched by hundreds of thousands of dollars that rightfully belong to Plaintiff.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, jointly and

severally, including any profits attributable to Plaintiffs ownership interest in the Song, plus punitive damage, interest, and damages in such amount as may be found or otherwise permitted by law.

## COUNT III – FOR AN ACCOUNTING

**TERRY WILLIAMS V. ALL DEFENDANTS**
**Paragraphs 1 through 47 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.**

48. Defendant Elliott and Plaintiff entered an express or implied contract by which both

parties agreed to share in the ownership of, and profits gained from, music created in the Studio during the Studio Period.

49. Defendant Elliott breached the contract when Defendant Elliott acted without Plaintiff's

knowledge and/or failed to share in all benefits conferred to her by the recreation, transfer, assignment, and or sale of the Song to a third party.

50. Defendant Elliott received monies whereby the relationship created by the contract and or co-authorship imposed a legal obligation upon Defendant Elliott to account to the Plaintiff

for monies received by Defendant Elliott or created a legal duty upon Defendant Elliott to account and Defendant Elliott failed to account.

51. In the alternative Defendant Elliott breached her fiduciary duty and or the Covenant of Good Faith and Fair Dealing by not accounting to Plaintiff who is the co-owner of the songs in question.

52. Pursuant to equitable doctrines, Copyright Co-owners have the duty to account to their co-owners for their share of profits derived from exploitation of the joint material, and any assignment or transfer between Elliott and all other Defendants is Non-Exclusive.

53. Defendants Tortiously Interfered with the Plaintiff and Defendant Elliott's Co- ownership relationship. The Defendants in having become co-owners via assignment have a legal duty to account and have failed to account.

54. The money that all Defendants accrued to themselves as a result of the exploitation of the Songs owned by Plaintiff, should be accounted for a redistribution to Plaintiff.
.
55. An unknown balance is due from all Defendants for misappropriation of profits and gross receipts arising from and attributable to all Defendants' exploitation of Plaintiff's Songs.

56. As a result of said breach(es), Plaintiff is entitled to an even share of all Defendants' profits, in addition to actual damages and punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court direct all Defendants to produce all records of revenues and disbursements from the recreation, transfer, assignment and or sale and exploitation of Plaintiffs songs and relevant third parties, any fees and/or royalties collected and agreed, as well as any and all distributions made to or at the direction of Defendant Elliott from the sale of the Songs, from 1994 to the present, and for judgment against all Defendants for an accounting of the monies received, plus interest and damages in such amount as may be found or otherwise permitted by law.

## COUNT IV - CONSTRUCTIVE TRUST

**TERRY WILLIAMS V. ALL DEFENDANTS**
**Paragraphs 1 through 56 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.**

57. By virtue of their wrongful conduct, all Defendants unlawfully received money and benefits that rightfully belong to Plaintiff.
58. Defendants are involuntary trustees, holding the gross receipts from their exploitation and profit off the Songs.
59. Defendants hold such moneys and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff.

60. On information and belief, Defendants hold this money in bank accounts, real property, and personal property that can be located and traced.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, jointly and severally, including any profits attributable to Plaintiff's ownership interest in the Songs, plus interest, and damages in such amount as may be found or otherwise permitted by law.

## **COUNT V- DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP (17 U.S.C., et seq.)**

**TERRY WILLIAMS V. ALL DEFENDANTS**
**Paragraphs 1 through 60 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.**

61. This is an action for declaratory relief pursuant to 28 U.S.C. §2201 that Plaintiff Terry Williams Co-authored and is the Co-author of the lyrics, vocal arrangements and melodies and the sole author of the music compositions embodied within the subject Derivative Recordings as well as all of the other recordings in his collection.

62. Pursuant to 28 U.S.C. § 2201 and 17 U.S.C. § 101 et seq., this Court may declare the rights and other legal relations of any interested party seeking such declaration, whether further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

63. An actual controversy exists between the parties as to whether Plaintiff is the co- owner of all rights, title and interest in and to the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings. (see my copyrights) Defendants claim ownership rights to what are derivatives of the plaintiff's co-owned songs (see copyrights). Throughout the course of this litigation Defendant Elliott has declared that she did not intend to create any joint works with me.

64. The ownership of copyright in sound recordings or musical compositions initially vests in Plaintiff, the author. 17 U.S.C. § 201(a). 57. By virtue of Plaintiff's joint creation and development of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, Plaintiff is the co-owner of all rights, title and interest in and to the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings.

65. "A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101.

66. Plaintiff and Defendant Elliott prepared the lyrics, vocal arrangement and melody contributions with the knowledge and intention that they would be merged with the contributions of Defendant Williams (music) as "inseparable or interdependent parts of a unitary whole"

67. Within plaintiff's collection is the song Ooh Ooh Baby, which was published to Taral Hick's first album, "This Time", in 1997. The song lists the plaintiff and defendant Elliott as joint authors of the song. (See Taral Hick Copyright PA0000896196) In addition to the song Ooh Ooh Baby, the subject recordings and all of the additional songs in the Plaintiff's collections are joint works created with the intention that the plaintiff's and defendant Elliott's contributions would be merged as "inseparable or interdependent parts of a unitary whole."

68. Plaintiff and defendant Elliott intended to be joint authors of several musical works.

69. Plaintiff therefore seeks a judgment declaring that: a. Plaintiff is the co- author of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, in addition to any other recordings the Plaintiff possesses featuring and or cowritten by defendant Elliot. b. Plaintiff did  jointly author all of the lyrics, vocal arrangements or melodies in the Recordings and is  an equal co-owner in the copyrights in

any of the lyrics, vocal arrangements or melodies in the Recordings and does hold an equal undivided interest in the copyrights to the lyrics, vocal arrangements or melodies in the Recordings; c. Defendant Elliott has not executed a valid transfer of ownership in copyright with the Plaintiff, to claim sole ownership to the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings; d.  All Defendants, and their agents, officers, servants, employees, successors and assigns, and all others acting in concert or in privity with all of the Defendants, are preliminarily and permanently enjoined and restrained from directly or indirectly exploiting any of the Recordings or derivatives thereto, including, without limitation, displaying, reproducing, transferring or distributing the Recordings or derivatives in any respect without compensating the plaintiff; and e. As a result of Plaintiff's joint authorship and co-ownership of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings and other recording in his collection, any and all assignments, transfers and/or licenses by Defendant Elliott or any other Defendants,  of any of the Recordings and or derivatives thereto are  non-exclusive.

70. REQUEST FOR RELIEF: WHEREFORE, Plaintiff, Terry Williams, respectfully requests that this Court enter judgment in his favor and as against all Defendants, as follows: i. That the Court enter a Declaratory Judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Plaintiff is the co-author and  co-owner of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, in addition to any recordings Defendant Elliott ever made in his home studio featuring the vocal performance of  Defendant Elliott and or other artists; ii. That the plaintiff  jointly authored all of the lyrics, vocal arrangements or melodies in the Recordings and is  an equal co-owner in the copyrights of the lyrics, vocal arrangements or melodies in the Recordings and  holds an equal undivided interest in the copyright and publishing rights to the lyrics,

vocal arrangements or melodies in the Recordings, or with respect to any recordings Defendant Elliott ever made in his home studio featuring the vocal performance of Defendant Elliott and or other artists; iii. Preliminarily and permanently enjoining and restraining all Defendant and their agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with the Defendants, from directly or indirectly, violating Plaintiff's rights under federal or state law in the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, including, without limitation, reproducing or distributing the Recordings, or any recordings Defendant Elliott ever made in his home studio featuring the vocal performance of Defendant Elliott or other artists or derivatives thereto without accounting to and compensating the plaintiff; and iv. That the Court grants such other and further relief as this Court deems just, proper, and equitable under the circumstances.

DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. Rule 38, Plaintiff TERRY WILLIAMS demands a trial by jury in this matter.

SPOLIATION NOTICE - PRESERVATION OF EVIDENCE

Plaintiff hereby demands and requests that All Defendants take necessary actions to ensure the preservation of all documents, records, communications, whether electronic or otherwise, items and things in their possession or control, or any entity over which any party to this action has control, or from whom any party to this action has access to, any documents, items, or things which may in any manner be relevant to or related to the subject matter of the causes of action and/or the allegations of this complaint.

November 16, 2020

Respectfully submitted,

Terry Williams

Pro se Plaintiff

105 Persimmon Pl., Bear, DE, 19701

twvselliottetal@gmail.com

*[signature]*

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Terry Williams**                                                                 No. 2:18-cv-05418-NIQA

**Plaintiff**

Vs.

**Melissa Arnette Elliott AKA Missy Misdemeanor Elliott (Defendant Elliott), Timothy Mosley AKA Timbaland (Defendant), Estate of Aaliyah Haughton C/O Barry Hankerson (Defendant), Blackground Records A/K/A Blackground Enterprises (Defendant)**

**Defendants**

CERTIFICATE OF SERVICE

I, Terry Williams, do certify that on this day I caused a true and correct copy of the Fourth Amended Complaint

to be served on defendants who have appeared, via regular mail, at the address listed on file for counsel.

November 16, 2020

Terry Williams

Pro se Plaintiff

105 Persimmon Place

Bear, DE 19701

twvselliottetal@gmail.com