IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Terry Williams
  Plaintiff                                                                                                                          2:18-cv-05418-NIQA

Vs.

Melissa Arnette Elliott A/K/A Missy "Misdemeanor" Elliott Et Al.
  Defendants

### Plaintiff's Motion for Judgment on The Pleadings

I am presenting this Motion for Judgment on the Pleadings to the court pursuant to FRCP Rule 12 (C).

### Standard of Review- Judgment on the Pleadings

A party may move for judgment on the pleadings, "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings shall only be granted if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law." Alea London Ltd. v. Woodlake Mgmt., 594 F. Supp. 2d 547, 550 (E.D. Pa. 2009), aff'd, 365 F. App'x 427 (3d Cir. 2010) (citing Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir.2005)). "The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." Zion v. Nassan, 283 F.R.D. 247,254 (W.O. Pa. 2012) "In reviewing a 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party." Allstate Ins. Co. v. Hopfer, 672 F. Supp. 2d 682, 685 (E.D. Pa. 2009). "When deciding a Rule 12(c) motion, a court is allowed to consider 'the pleadings and attached exhibits, undisputedly authentic documents

attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record' in making its decision.'" NCMIC Ins. Co. v. Walcott, 46 F. Supp. 3d 584, 586 (E.D. Pa. 2014)

Standard of Review- Affirmative Defenses

In general, the Twombly/Iqbal standard under Rule 8(a) does not apply to affirmative defenses, "which need not be plausible to survive" so long as they "provide fair notice of the issue involved." Senju Pharm. Co. v. Apotex, Inc., 921 F. Supp. 2d 297, 303 (D. Del. 2013) (internal citations and quotation marks omitted).
See also
Tyco Fire Products LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) ("In light of the differences between Rules 8(a) and 8(c) in text and purpose, the Court concludes that Twombly and Iqbal do not apply to affirmative defenses."). "An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved." Id.
 In contrast, the equitable affirmative defenses such as waiver, estoppel, and unclean hands must be plead with particularity under Rule 9(b). See Sonos, Inc. v. D&M Holdings Inc., 2016 WL 4249493, at *4-5 (D. Del. Aug. 10, 2016).
" Although the standard is very low, a defendant must state some basis for asserting an affirmative defense, and may not merely recite all potential affirmative defenses available. For example, in Klaus the Middle District of Pennsylvania granted a motion to strike the affirmative defense of laches because "Jonestown fails to state that Klaus inexcusably delayed filing suit or that such a delay caused Jonestown prejudice." Klaus v. Jonestown Bank & Trust Co., No. 12-CV-2488, 2014 WL 1024591, at *2 (M.D. Pa. Mar. 14, 2014). Similarly, Judge Brody of this

Court granted a motion to strike statute of limitations and laches defenses because the defendant failed to identify which statutes of limitations were at issue, and did not "present the elements of a claim of laches." Dann v. Lincoln Nat. Corp., 274 F.R.D. 139, 146 (E.D. Pa. 2011) ("[D]efenses 1 and 10 represent bare bones allegations that not only include no facts, but also fail to allege legal elements."); see also Huertas v. U.S. Dep't of Educ., No. CIV.08-3959 RBK/JS, 2009 WL 2132429, at *3 (D.N.J. July 13, 2009) (recommending the district court strike an affirmative defense of laches because the "Answer is devoid of any factual allegations that Plaintiff exercised delay in bringing the suit and that it was prejudiced by such delay").

All 10 of the defendants affirmative defenses are legally insufficient as a matter of law.

<u>Affirmative Defenses 1-2 Statute of Limitations and Failure to State a Claim</u>

"See United States v. CVS Caremark Corp., Civ. A. No. 09-4672, 2013 WL 1755214, at *4 (E.D. Pa. Apr. 24, 2013) (granting motion to strike affirmative defenses that merely reiterated arguments in the defendant's motion to dismiss, which the Court previously rejected)."
See also
The Law of the Case Doctrine
Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." ACLU v. Mukasey, 534 F.3d 181, 187 (3d Cir. 2009) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). Courts have developed the law of the case doctrine "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." Bellevue Drug Co. v. CaremarksPCS (In re Pharm. Benefit Managers

Antitrust Litig.), 582 F.3d 432, 439 (3d Cir. 2009). The law of the case doctrine provides that decisions of law issued in the course of a legal action should not be revisited or overturned unless there are "extraordinary circumstances," namely that the initial decision was "clearly erroneous and would make a manifest injustice, the availability of new evidence, the announcement of a new supervening law, the desire to clarify an earlier ambiguous ruling, or the need to avoid an unjust result. "See Id."

The statute of limitations and failure to state a claim defenses are legally insufficient based on the law of the case doctrine. The court has already denied defendant's motion to dismiss based on the statute of limitations defense. DI 137. Because a rule 12 c motion is analyzed in the same way a rule 12b motion is, then the defense is not available to the defendant. As a matter of law the defendant is precluded from relitigating matters already decided by the court. It is a legally insufficient affirmative defense as a matter of law. And, the defense fails to controvert the claims. The complaint states discovery of the claims was not until 2017. This case was initially filed in 2018 with all amendments relating back to the that date. All of my claims carry at least a 2 year statute of limitations and so the defendant cannot avail herself of liability by asserting a statute of limitations defense when the allegations establish that the complaint was filed in a timely manner. The law of the case is that the court acknowledges the discovery rule. On a motion for judgment on the pleadings the court must accept the facts pled in light most favorable to the non movant. There are no material issues of fact in dispute with respect to the pleadings as it relates to the claims being barred by the applicable statute of limitations. In addition, because there are several claims the affirmative defense is legally insufficient under rule 8 notice

requirements because the answer fails to put me on notice about what claims if any are barred and which statute of limitations are applicable to the defense.

Failure to state a claim is also legally insufficient. This affirmative defense cannot be asserted because the court has already made a legal determination that the defense is insufficient so as a matter of law the defense fails. The unopposed motion to amend to file the operative FAC was granted by this honorable court (DI 90) In granting the motion to amend the court has already made a determination as to the futility of the amendment which futility in itself is grounds for denial.

Futility is another basis for denying a motion to amend, Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000), "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." (Id.)
Prior to the motion to amend the defendant filed a motion to dismiss asserting a failure to state a claim defense. DI 81. The court in granting the amendment and denying the motion to dismiss made a legal determination that the claims were not futile (or could survive a motion to dismiss for failure to state a claim), and thus the failure to state a claim argument cannot be relitigated as a matter of law. The defendant does not allege in her answer or affirmative defense that the court erred in its determination. The defendant did not in its Motion to dismiss the Operative FAC (DI 93) after amendment was granted even reassert the defense, and is barred by the law of the case doctrine from relitigating a failure to state a claim defense.(Supra)
See also Trustees of Local 464A United Food & Comm. Workers Union Pension Fund v. Wachovia Bank, N.A., No. Civ.A.09-668, 2009 WL 4138516, at *2 (D.N.J. Nov. 24, 2009)

("The Court made a legal determination that Plaintiffs' complaint stated a claim for relief. Thus, Defendants are not permitted to reassert this argument, which the Court has already deemed insufficient, in the guise of an affirmative defense.")

The Affirmative defense is further deficient because it does not meet the notice requirement. Even if the defendant did not have to plead the failure to state a claim defense ( and limitations defense) with specificity it is still required to meet the notice pleading standard and allege some basis for assertion. (Supra) The defense is legally insufficient as a matter of law because there are several claims listed in the complaint and the defendant fails to put me on notice of what claim or claims she argues fails to state a claim and the defendants affirmative defense does not state on what basis the defendant asserts the defense.

In addition, It is well settled that Pennsylvania is a fact pleading state, meaning that pleadings must put the opponent on notice of the issues. Lee v. Denner, 76 Pa.D.&C.4th 181, 187 (C.P. Monroe 2005). Additionally, according to the PA Rules of Civil Procedure, "the material facts on which a cause of action or defense is based shall be stated in concise and summary form." Pa.R.C.P. 1019(a) (emphasis added). "The Rules of Civil Procedure are in place to ensure that a new matter not only gives the opposing party notice of any affirmative defenses, but also makes clear the grounds upon which it rests by including a summary of the facts essential to support that defense." Lee, 76 Pa.D.&C.4th at 191 (internal citations omitted). Plaintiffs primarily rely on the Allen v. Lipson case, which

extends the holding in Connor v. Allegheny General Hospital, and holds that"defendants must plead in their new matter the material facts on which an affirmative defense is based." Allen v. Lispon, 8 Pa.D.&C.4th 390, 394 (C.P.Lycoming 1990).

Neither Elliott's statute of limitations or failure to state a claim defenses meet federal rule notice or statement of basis requirements nor do either meet the pleading and notice requirements pursuant to PA state law regarding the state law claims.

Affirmative Defenses- 3-10 are Legally Insufficient

All The rest of Elliott's affirmative defenses are insufficient as a matter of law because they fail to plead the required elements of the defense pursuant to Rules 8 and 9 of the FRCP and of the PA Civil Rules. All of the defenses must at least put me on notice of the issue to be raised and with respect to which claims and the basis therefore.(Supra) The affirmative defenses fail as a matter of law. Moreover, equitable affirmative defenses must comply with the FRCP Rule 9 pleading standards and none of them allege with specificity or particularity the elements of the defenses by pleading sufficient facts to raise the defense.

For instance, Affirmative Defenses 3 and 4 " Consent" and "Justification/ Excuse" fails to meet the Rule 8 basis and notice requirements and therefore are insufficient defenses as a matter of law. (Supra)

Affirmative Defenses 5 and 7-9 are all equitable defenses, and are insufficient for non compliance with Rule 9 pleading requirements. (Supra)

Affirmative Defense 5- Laches "is an equitable defense which can limit or bar certain claims. See Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 134 (3d Cir. 2000)

See also, CIVIL ACTION NO. 16-2094 (E.D. Pa. Sep. 18, 2018) Acknowledging Unclean Hands (Affirmative Defense 7) and Estoppel (Affirmative Defense 8) as Equitable Defenses.

Affirmative Defense 9- Claim Presented for Improper Purposes Pursuant to Rule 11, is equitable in nature and is a request for Relief and Not an Affirmative Defense See (", *e.g.*, *J & J Sports Prods., Inc. v. Mendoza-Govan*, 2011 WL 1544886, at *7 (N.D. Cal. Apr. 25, 2011) (striking Rule 11 affirmative defense, reasoning, "A statement that defendant will seek Rule 11 sanctions against plaintiff is a claim for affirmative relief, not an affirmative defense.")" *Wright v. Jacob Transp., LLC*, Case No.: 2:15-cv-00056-JAD-GWF, 12 n.69 (D. Nev. Jun. 24, 2015)

Affirmative defense 6 "No Injury" is legally insufficient as well because it fails to comply with FRCP Rule 8 basis and notice requirement. In addition it is insufficient in consideration of the defendant's own admission that at least one of the derivatives "Heartbroken" turned a huge profit for registered copyright owners conceding the album containing the song sold millions of copies as alleged in the complaint. (See FAC at 22 and Answer at 22) If the court considers the allegations as true even in a light most favorable the defendant Elliotts admissions regarding the success of the album containing the song acts as a legal bar to her asserting a defense of no injury or damage. If my claims are true I have suffered injury and damages in the millions.

Defendant Elliott's last reservation defense (Answer at 10) is not sufficient as a matter of law because no specific defense is listed for the court to analyze sufficiency and so that defense of ongoing investigation or reservation is legally insufficient on its face. In addition, reservations don't speak to which claims to sufficiently put me on notice of the defense. The defendant's time to answer is over and further unspecified defenses should not be permitted as a matter of law the pleadings are closed- as I further argue this whole case should be.

<u>Defendants Denials Fail as a Matter of Law.</u>

Paragraph 2 of the FAC states

"2. Regularly, during the Studio Period, Plaintiff worked in the Studio, writing and recording music, with Melissa Elliott A/K/A/ Missy "Misdemeanor" Elliott (Elliott). Elliott would work in the Studio, alongside Plaintiff, for weeks at a time."

Defendant Elliott answers

"Answering paragraph 2, Defendant denies the allegations in paragraph 2 of the Fourth Amended Complaint.

Judicial admissions preclude the denial of this allegation". Elliott has admitted in her own declaratory judgment case that we did work together, and that some of our songs were even published (Case No. 2:21-cv-02290-NIQA DI 9). The plaintiff cannot contradict her own first amended complaint now and answer that she denies having created any songs with me. No triable issue of fact exists because defendant Elliott has averred, conceded and does not deny that my copyrights registrations are in writing and speak for themselves. See answer at 2

In addition final adjudication relating to my copyrights in this matter has been filed with the director of the copyright office by the Florida District Court (Case No. 2:21-cv-02290-NIQA DI 47). Declaratory Judgment of Joint ownership should be granted as a matter of law regarding the originals which include the Heartbroken and the SISTA songs as outlined in the FAC.

The defendant's answer is polluted with denials regarding the joint creation of songs with me See denials at 2-9.

See in example FAC at 7 stating

"7. When Songs were created and recorded in the Studio, Plaintiff kept the master recordings. A cassette was given to Elliott."

And See Elliotts answer at 7 stating

"7. Answering paragraph 7, Defendant denies that Plaintiff "created" any "Songs" as defined in the Fourth Amended Complaint. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Fourth Amended Complaint, and therefore denies same and demands strict proof thereof."

See also FAC at 11 stating

"Plaintiff has joint material with Ms. Elliott that is not the subject of this action, and within his registered collection, that has been published and where profits were shared equally and credit was given to both plaintiff and Ms. Elliott as writers of the songs (See Copyright Registration No. PA0000896196 – Listing Plaintiff and Defendant Elliott as Co- Authors of the published song, Ooh Ooh Baby- published by Motown. In addition, the plaintiff has a registered collection of over 30 songs created jointly with Elliott during the studio period. (Copyright Registration No. PAu003894328, SRu001420953.)"

and See Defendant Elliott's Answer at 11

" 11. Answering paragraph 11, the allegations contained in paragraph 11 call for legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

Judicial admissions preclude the denial. In her second filed declaratory judgment action Defendant Elliott stated we did jointly create the song Ooh Ooh Baby- which is one of the songs

in my catalog of songs but not at issue and we both received righting credits when it was published to Taral Hick's album. ( See Case 2:21-cv-02290-NIQA (DI 9) at 64 and (DI 9 Exhibit A at 24 ) See also my FAC at 67. In Elliotts declaration in this action (DI 50), Elliott states she just rehearsed her pre-existing lyrics with me in my home studio. Elliott's judicial admissions and the Copyrights (as defendant concedes) speak for themselves.

The defendant's answer fails to controvert my claims and so my declaratory judgment claim should prevail as a matter of law based on the pleadings.

Joint copyright ownership is defined as collaboration with the intent to merge lyrics and music to form the song. (Citation Omitted)

Elliott has admitted the copyrights listing joint ownership speak for themselves (Joint ownership) and her prior judicial admissions contradict her answer denials regarding joint ownership. The judicial admissions preclude Elliott from pleading around the elements and making ingenuine denials to avoid liability and judgment in my favor.

Even with her denials Elliott has not controverted my declaratory judgment claims as they relate to joint ownership of the original works in my collection. There are no material facts in dispute relating to my joint ownership of the originals.

Since this is the case, Elliott is then precluded from also denying that the published derivative versions of those original songs are not jointly owned by me as well.

There are no triable issues here. The allegations are clear that the songs are similar, having the same chorus lyrics, vocal arrangements and melodies and the court . must accept the allegations as true. (FAC at 19 and 20)

Both the originals and the derivatives are public record registered via the US Copyrights and Elliotts answer admits these registered works speak for themselves. (See answer DI 139 pg. 2 where the defendant concedes "Defendant avers that any purported copyright registrations speak for themselves.)

Even if the court considers the answer in a light most favorable to the defendant, defendants denials of the similarities hold no weight when public records show that clearly the songs substantially incorporate the original material.

The court may make this determination in reviewing the material. The similarity issue cannot be defeated through denial. Courts have examined similarity on a motion to dismiss in copyright cases where infringement has been alleged. (Citation Omitted) Similarly, the court may review all referenced and relevant registrations on motion for judgment on the pleadings which is analyzed according to the same standard as a motion to dismiss 12 b. (Supra)

Elliott admits that she and her codefendants own the copyrights to what I claim are the derivative published versions of our joint works. She says in her answer that the copyrights speak for themselves. Elliott and her co defendants have copyright ownership according to the registrations Elliott concedes speak for themselves. Copyright ownership may be assigned and Elliott and her co defendants may become co-owners with me by way of assignment. See Williams vs Atlantic Records -Civil Action No. 20-cv-316-RGA (D. Del. Sep. 28, 2020).

In reviewing the material the court will certainly hear word for word verbatim similarities and the defendant cannot just make denials in this regard. See answer at 19 and 20 "Minds wouldn't differ" (Citation omitted) regarding similarity and substantial incorporation of the original work in the creation of the derivatives. This fact is not in dispute.

The defendant's denials fail as a matter of law regarding the derivatives at issue. Because the defendant cannot controvert joint ownership of the originals and substantial incorporation of the originals in the derivatives it follows that in addition to prevailing on my declaratory judgment claim regarding the originals, I Should Also prevail on my declaratory judgment claim regarding joint ownership of the derivatives as well.

I am requesting the court enter judgment on the pleadings and in my favor regarding the declaratory judgment claim against Elliott (originals and derivatives) and her co-defendants.(derivatives)

As it currently stands, Defaults against Elliotts co defendants have been entered and also act as judicial admissions to my claims (Citation Omitted) and Elliotts bald denials do not controvert the claims. There are no material issues of fact left for the court to hash out at trial. Declaratory judgment should be entered in my favor regarding the originals and the derivatives.

In addition regarding the SISTA songs the defendant states she created the song brand new and another SISTA song prior to even meeting me. (See answer at 32) However this answer does not controvert my claims because the songs the defendant lists in its answer are not a part of my

catalog. Defendants denials do not controvert the claims because the claims reference joint ownership of songs not addressed in the defendant's answer. The defendants denials fail as a matter of law to rebut the claims regarding the SISTA songs as her answer and denial is non responsive to the claims regarding the songs at issue. Public Records from Wikipedia show that the Songs Brand new and Sista Bounce, which are not material to this case, were featured on the relevant 4 All Da Sista Around the World Album, and that the song Brand new was made public and the remainder of the album shelved. (Exhibit A)

The public record speaks for itself and is in line with my FAC. Elliott's answer that the album came out in 1994 is refuted by my claims and public record showing the album was shelved and never came out in 1994.

See List of Relevant SISTA songs (FAC at 18)

Because the defendant fails to deny the allegations as they relate to the relevant SISTA songs at issue, this serves as an admission to my claims (Citation Omitted) regarding joint ownership of the songs from my collection that were published to the SISTA album.

Elliott's answer fails to controvert my claims that the relevant SISTA songs were created jointly between 1993 and 1994. My catalog which contain the relevant SISTA album songs is listed as being created between the years 1993 and 1996.

It follows that because I can prevail on my declaratory judgment claim as a matter of law, then I can prevail on my other claims against Elliott and her co defendants as well.

Accounting-  (All Defendants)

If the court grants my joint ownership declaratory judgment claims, I should prevail on my accounting claims as a matter of law.

The law of the case (Supra) is that co owners have the duty to account to their co owners the rightful share of profits derived from exploitation of the material.

Joint copyright ownership entitles authors to equal share of the profits absent some contrary written agreement (Citation Omitted).

And Elliotts co defendants have become co owners via assignment in light of their copyright ownership as listed on the relevant registrations. As a matter of law I should prevail on my accounting claim if the court grants declaratory judgment in my favor.

Breach of Duty – (All Defendants)

In addition, my claim for breach of duty should also be granted if declaratory judgment is awarded.

Elliotts co defendants are in default and have thus admitted to all of the allegations.

The copyrights speak for themselves according to Elliott. No credit was given and it follows no compensation. However, the law of the case is that as co owners Elliott and co defendants must account.

Because no accounting was made Elliott and her co defendants breached their legal duty to me as a co-owner and I should prevail on the claims for breach of duty and accounting as a matter of law.

Unjust Enrichment and Constructive Trust- All Defendants

Similarly my unjust enrichment and constructive trust claims should also be granted against all defendants if declaratory judgment is granted in my favor, because the benefit of the original

songs were conferred on Elliott and co defendants who received profit shares they were not wholly entitled to and will continue to do so based on the registrations, holding gross receipts and profits based on their ownership rights in the registered derivatives.

For all of my claims I have stated the necessary facts and elements to prevail on a motion for judgment on the pleadings, if declaratory judgment is granted.

Breach of Contract- (Elliott)

As to my breach of contract claims against Elliott, the defendant has denied any contract existed(See FAC and answer at 10)  However joint ownership implies a contractual relationship as a matter of law in that there is a duty to account to the other owner and so consideration as to the existence of an equal share of profit split exists as a matter of law. Therefore, if declaratory judgment is granted, I should also prevail on this claim of breach of contract against Elliott.

Breach of Covenant (All Defendants) and Tortious Interference (Co-Defendants)

It follows that because Elliott has admitted the defendants copyrights registration speak for themselves and they are listed on the complaint as being owners I should prevail against the co-defendants on my contract interference claims as well if declaratory judgment is granted. Clearly the co defendants assuming ownership absent credit and compensation to me as the co owner of the original (See FAC generally) is interference with the implied contractual relationship I had with Elliott to share in credit and profits related to the derivatives.

Elliott denies that she withheld my ownership rights from the defendants so that Elliott's Answer concedes the codefendants were aware of my ownership rights. ( See FAC at 14 and Answer at 14) Because both Elliott and co defendants were aware of my rights and still did not offer credit or compensation it follows that as a matter of law I should prevail against all of the

defendants for breach of good faith and fair dealing and against codefendants for both tortious interference of contract and tortious interference for economic gain, if the declaratory judgment is granted.

In conclusion, All of my claims against all of the defendants should be granted as a matter of law. There are no material issue of fact in dispute. Elliotts answer fails to controvert the FAC allegations and I should prevail as a matter of law based on the pleadings in this case alone. Even if the court gives Elliott favor in considering the motion Elliott has made too many judicial admissions to protect her from judgment in this action. She has admitted we have created joint works after beginning the case stating she only just rehearsed her own material and I recorded it. Elliott has admitted that the copyright registrations speak for themselves. The Copyright director is in receipt of final adjudication on the matter of my registrations and the registrations remain in tact. Elliott has admitted that the defendants 'copyrights to the derivatives exist. The derivatives incorporate the originals and do not list me as a co author even though on review the court can hear the substantial similarities so Elliott may not just make denials to preclude judgment as a matter of law in this action.

I am requesting that the court enter judgment in my favor in the amount of $2 million dollars against Elliott and Timbaland, $1.7 million against Estate, and $2.5 million against Blackground Enterprises. See motions for default judgment against defaulting co-defendants for reasonable approximations of amount due and owing for the claims. (DI's 104 and 134)

The court should not waste anymore time on damages hearings since Elliott opposed the motions for default without opposing the requested amount of damages as being an unreasonable approximation. ( DI's 109 and 135) Both times Elliott had an opportunity to oppose damage amounts and she failed to do so and should be precluded from any hearing or presenting any further evidence regarding damage amounts. Elliott Further has failed to produce documents reflecting earnings for exploitation of the originals in response to my requests for production in her second filed declaratory judgment suit and is worthy of sanctions and dismissal for her conduct and refusal regarding discovery in that action.

I should prevail on all of my claims as a matter of law and judgment should be entered in the amount requested against all defendants and this case closed. In addition Defendant Elliott's second filed action should be dismissed with prejudice based on the principle of res judicata after the court has entered declaratory judgment of the originals and derivatives in my favor in this first filed action.

I ask the court to enter judgment jointly and severally against all defendants so that I will be able to seek full payment from any of the defendants- especially my original-co-owner defendant Elliott.

In addition I am seeking pre and post judgment interest.

Rule 12c states a party may move for judgment on the pleadings once the pleadings are closed.

Pleadings closed via entry of default for the co defendants and for Elliott when she submitted her legally deficient answer directed by court order on June 23.

Please issue judgment as a matter of law and close this case.

In addition I would like to withdraw my jury demand in the interests of judicial economy health and safety. The defendant has not made a jury demand in her answer listing affirmative defenses many of which are equitable defenses requiring an examination of issues of fact when permitted. This lack of jury demand in the defendants answer acts as a concession that there need not be a jury to make determinations of facts in this case. I agree with the defendant.
This honorable court is capable of making the best decision in this case related to both law and fact if necessary. Nevertheless, Motions to dismiss pursuant to rule 12c infer questions of law and the legal sufficiency of the pleadings all of which this honorable court may decide on a Motion for Judgment on the Pleadings.

July 7, 2021

> Humbly Submitted,
> Terry Williams
> Pro se Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Terry Williams
  Plaintiff    2:18-cv-05418-NIQA

Vs.

Melissa Arnette Elliott A/K/A Missy "Misdemeanor" Elliott Et Al.
Defendants

CERTIFICATE OF SERVICE

I, Terry Williams, do certify that on this day I caused a true and correct copy of the <u>Plaintiff's Motion for Judgment on The Pleadings and Exhibit</u> to be served on local counsel for parties who have appeared in this action by regular mail at the addresses listed on file.

July 7, 2021

                                                                              Terry Williams
                                                                              Pro se Plaintiff