IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY WILLIAMS** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 18-5418** |
| **v.** | : | |
| | : | |
| **MELISSA ARNETTE ELLIOTT** | : | |
| a/k/a **MISSY "MISDEMEANOR"** | : | |
| **ELLIOTT,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                             JULY 23, 2021

## MEMORANDUM OPINION

**INTRODUCTION**

      Before this Court is *pro se* Plaintiff Terry Williams' ("Plaintiff") *motion for default judgment* against Defendant Timothy Mosley a/k/a Timbaland ("Defendant Mosley") for failure to respond to the complaint or otherwise plead, filed pursuant to Federal Rule of Civil Procedure ("Rule") 55, [ECF 104], and Defendant Mosley's *opposition to motion for default judgment and cross-motion to set aside the entry of default and to dismiss the fourth amended complaint.* [ECF 107].[1] In his cross-motion, Defendant Mosley contends (1) that he was not properly served with the summons and operative complaint, (2) that this Court lacks personal jurisdiction over him, and (3) that Plaintiff fails to state claims upon which relief can be granted pursuant to Rule 12(b)(6).

      The issues presented in the motions are fully briefed and ripe for disposition. For the reasons set forth herein, Plaintiff's motion for a default judgment is denied and Defendant

---

[1]     This Court has also considered the responses, replies, and sur-replies filed by Defendant Mosley, [ECF 114, 124], and by Plaintiff. [ECF 111, 120].

Mosley's cross-motion to dismiss the fourth amended complaint is granted for lack of personal jurisdiction over Defendant Mosley.[2]

**BACKGROUND**

The facts relevant to the issue of personal jurisdiction are derived from the parties' pleadings and supporting declarations; *to wit*:

> Plaintiff, a resident of Delaware, alleges that he and Missy Elliott ("Defendant Elliott") wrote a number of songs together in Philadelphia between 1993 and 1996. Defendant Mosley, a resident of Florida, asserts that he is a world-renowned songwriter, producer, and recording artist who has worked with many of the most celebrated names in the music business, including Defendant Elliott and the late singer Aaliyah.
>
> Plaintiff contends that he and Defendant Elliot "parted ways" and that he "did not follow" Defendant Elliott's career following their work together. Plaintiff further alleges that, at some point in time unbeknownst to him, Defendant Elliott and Defendant Mosley contracted to transfer and/or assign Plaintiff's rights to the songs Plaintiff created with Defendant Elliott to Defendant Mosley and the other Defendants. One of the songs transferred and/or assigned is entitled "Heartbroken," which Plaintiff alleges is the basis for a derivative song that appeared in the 1996 album "One in a Million" by Aaliyah, whose album was promoted with a concert in Philadelphia in August of 1997. Defendants Elliott and Mosley are also credited as authors of the album "4 All the Sistas Around Da World" by the group SISTA, of which Defendant Elliott was a member. This album featured four songs that Plaintiff alleges were derivatives of three songs he wrote with Defendant Elliott.
>
> In his declaration, Defendant Mosley attests that he has no knowledge of ever having worked with Plaintiff or having any contact with him, much less in Pennsylvania, and that, until recently, he was unaware of any default by him or the pendency of this action and the underlying motion for default judgment.

---

[2]  Defendant also challenges the merits of Plaintiff's claims. However, "as a threshold matter," this Court must first address the challenge to its jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* at 94 (internal quotations and citation omitted).

**LEGAL STANDARD**

Pursuant to Rule 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant has raised a lack of jurisdiction defense, the burden shifts to the plaintiff to present a *prima facie* case establishing jurisdiction in the forum state over a non-resident defendant. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *see also Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction."). The plaintiff has the burden to show, "with reasonable particularity," enough contact between the defendant and the forum state to support the exercise of personal jurisdiction by the forum state. *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal citations omitted); *see also Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005) ("In order to establish a *prima facie* case, the plaintiff must present specific facts that would allow the court to exercise jurisdiction over the defendant.").

To determine the existence of personal jurisdiction, courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368. Once the plaintiff's "allegations are contradicted by an opposing affidavit . . . [the plaintiff] must present similar evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 556 (M.D. Pa. 2009). To rebut opposing affidavits, "[p]laintiffs may not repose upon their pleadings[.] Rather, they must counter defendant['s] affidavits with contrary evidence in support of purposeful availment jurisdiction." *Id*. at 559. To that end, the "plaintiff must respond to the defendant's motion with 'actual proofs;' 'affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry.'"

*Lionti v. Dipna, Inc.*, 2017 WL 2779576, at *1 (E.D. Pa. June 27, 2017) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

**DISCUSSION**

As noted, Defendant Mosley moves to dismiss this action on various grounds, including a claim of lack of personal jurisdiction in this forum and a lack of proper service. The issue of lack of personal jurisdiction supersedes Defendant's other arguments. After careful consideration of the argument made, this Court finds that it lacks personal jurisdiction over Defendant Mosley. Therefore, Defendant Mosley's additional arguments for dismissal need not be addressed.

In support of his motion to dismiss for lack of personal jurisdiction, Defendant Mosley has offered his sworn declaration in which he attests, *inter alia*, that he is an individual domiciled in Florida and that he has no property in, business interest in, or other ties to Pennsylvania. To rebut this assertion and demonstrate contacts with this forum sufficient to sustain personal jurisdiction over Defendant Mosley, Plaintiff relies on a 1997 concert in Philadelphia wherein Aaliyah performed "Heartbroken," a song in which Defendant Mosley holds a copyright interest. Plaintiff's reliance on this third-party conduct, however, is misplaced.

A federal court may assert jurisdiction over a non-resident of the forum state to the extent authorized by the law of the forum; here, Pennsylvania. *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Pennsylvania's long-arm statute grants jurisdiction coextensive with that permitted by the due process clause of the Fourteenth Amendment of the United States Constitution. *Id.*; *see also* 42 Pa. Cons. Stat. § 5322(b). Thus, this Court's analysis must focus on federal due process requirements. *Applied Tech. Int'l, Ltd. v. Goldstein*, 2004 WL 2360388, at *2 (E.D. Pa. Oct. 20, 2004). As such, this Court's constitutional inquiry is guided by the "minimum contacts" test established in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Under this standard, a plaintiff

must show that a non-resident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (internal quotations and citation omitted); *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that he may be subject to suit in that forum. *Marten*, 499 F.3d at 296. Thus, a federal court must have either one of two forms of personal jurisdiction to comport with these principles: general jurisdiction or specific jurisdiction. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984)).

*General Jurisdiction*

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).[3] Accordingly, Pennsylvania courts have exercised general jurisdiction over an individual defendant *only* when the individual either resides, was served, or has consented to being sued in Pennsylvania. *See Decker v. Dyson*, 165 F. App'x 951, 953 (3d Cir. 2006) ("Under Pennsylvania law, general jurisdiction arises over an individual, non-corporate defendant if the person's domicile or presence was in the state at the time of service of process, or there was consent to suit."); *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 434 (E.D. Pa. 2015).

Here, it is undisputed that Defendant Mosley resides in Florida and has not consented to jurisdiction in Pennsylvania. Further, there is no evidence that Defendant Mosley was served in

---

[3] The Supreme Court has also expressed doubt about whether the concept of general jurisdiction even applies to non-resident individual defendants. *See Burnham v. Superior Court of Cal.,* 495 U.S. 604, 610 n.1 (1990) (plurality opinion) (observing that "[i]t may be that [general jurisdiction] applies only to corporations").

Pennsylvania. Under these circumstances, there is no basis to exercise general jurisdiction over Defendant Mosley in this forum. *See Decker*, 165 F. App'x at 953.

*Specific Jurisdiction*

Alternatively, specific jurisdiction allows a court to hear claims that arise from or relate to a defendant's contacts with the forum state, such that the defendant can reasonably anticipate being hailed into court in that forum. *Helicopteros*, 466 U.S. at 414 n.8; *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). To determine whether there is specific jurisdiction over a non-resident defendant, courts undertake a three-part inquiry. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claim must "arise out of or relate to" at least one of those purposefully directed activities. *Helicopteros*, 466 U.S. at 414. Third, if the first two requirements are met, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (internal citations omitted); *see also O'Connor*, 496 F.3d at 317.

Plaintiff's sole argument in support of finding specific jurisdiction is based on the 1997 concert in Philadelphia where Aaliyah performed a song in which Defendant Mosley holds a copyright interest. Because it is Plaintiff's burden to sustain personal jurisdiction once challenged, *Pinker*, 292 F.3d at 368, this Court will limit its analysis to the question of whether Aaliyah's performance alone is sufficient to establish personal jurisdiction over Defendant Mosley.

The first prong of the specific jurisdiction inquiry, purposeful direction of activities at the forum, requires "deliberate targeting of the forum." *O'Connor*, 496 F.3d at 317. Courts have repeatedly rejected the notion that this deliberate targeting can be established solely through a third

6

party.  The "'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient."  *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (***or third parties***) and the forum State.") (collecting cases) (emphasis added).  Rather, the "relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State."  *Id.* (emphasis in original).  Here, Plaintiff relies entirely upon the conduct of a third party, *i.e.*, Aaliyah, rather than any conduct by Defendant Mosley.  Significantly, Plaintiff does not present evidence to show that Defendant Mosley collaborated with Aaliyah in any way to promote the 1997 concert, such that he could be deemed to have deliberately targeted Pennsylvania.  Nor is there any evidence that Defendant Mosley was physically present at the concert.  Based on these facts, this Court finds that Plaintiff has failed to establish personal jurisdiction over Defendant Mosley.  *See Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581, 588 (E.D. Pa. 2015) (holding that a singer's brief radio interview with a radio station in the forum state wherein he promoted the alleged infringing work was insufficient to give rise to specific jurisdiction); *Wise v. Williams*, 2011 WL 2446303, at *5 (M.D. Pa. May 18, 2011) (finding specific jurisdiction where individual band members performed infringing songs in forum, participated in radio interviews in forum, purchased print advertising targeting the forum, and engaged in direct communications with consumers within the forum).

Lastly, in his sworn declaration, Defendant Mosley submits that he "rendered no services in Pennsylvania when [he] collaborated with Missy Elliott and others to co-author the musical works that are the subject of [Plaintiff's claims]." (Decl. of Timothy Mosley, ECF 107-2, at ¶ 17). Further, Defendant Mosley contends that he does not own or rent property in Pennsylvania, maintain any bank, investment, or brokerage accounts in Pennsylvania, nor own or operate any

business in Pennsylvania. (*Id.* at ¶¶ 19-21). In the absence of any contacts or deliberate targeting of Pennsylvania by Defendant Mosley, Plaintiff has not met his burden of establishing personal jurisdiction over Defendant Mosley in this forum state. Therefore, this Court lacks personal jurisdiction over Defendant Mosley. Accordingly, Defendant Mosley's motion to dismiss is granted and all claims against him are dismissed.

**CONCLUSION**

For the reasons set forth herein, Defendant Mosley's cross-motion to dismiss is granted, for lack of personal jurisdiction, and Plaintiff's motion for default judgment is denied. Consequently, the previous entry of default will be set aside. An appropriate Order will follow this Memorandum Opinion.

*NITZA I. QUIÑONES ALEJANDRO*, U.S.D.C. J.