IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

PENNSYLVANIA


TERRY WILLIAMS, :

Plaintiff, pro se

: Civil Action No. 2:18-cv-05418-NIQA:Lead Case

v. : :

MELISSA ARNETTE ELLIOTT A/K/A :

MISSY "MISDEMEANOR" ELLIOTT, et al. :

 Defendants :

_____

MELISSA ARNETTE ELLIOTT :

Plaintiff :

: Civil Action No. 2:21-cv-02290-NIQA

v. : :

TERRY WILLIAMS :

Defendant, pro se :


<u>Plaintiff's Motion in Limine and for Discovery Sanctions</u>


On August 29, 2023, The Court Ordered Defendant Elliott to produce any contract documents related to the case. (ECF 228- Exhibit A at 11,17,18) (The court also ordered Elliott to provide the total amount of profit services from the Sista album songs Exhibit A at 13,

18)

On September 12, 2023 and September 22, 2023, under the penalty of perjury, Defendant Elliott verified and served her Court Ordered Supplemental Interrogatories and Requests for Production stating that she "does not maintain any agreements in her possession, custody, or control," and that the only monies she received attributable to the Sista album songs encompassed "income" "emanating from streaming services" (Exhibit B at page 2, 4) and (Exhibit C at page 2)
It is almost 2 years later, and Conversely, the defendant is now purporting to be in possession of contract documents related to the SISTA album songs and has filed a declaration and exhibits which purport to show that Elliott received income other than from streaming services.( See Elliott's Declaration and Exhibits at ECF 308)

I Object to the filings and am Requesting the Court Exclude the Documents and Sanction the Defendant.

*See McLaughlin v. Bayer Essure, Inc., NO. 16-3733 (Johnson), 11 (E.D. Pa. Apr. 2, 2020) ("Citing the sham affidavit rule, the Third Circuit observed that it "need not credit a declaration contradicting a witness' prior sworn statements" and stated that the plaintiff's omission "of such a crucial fact" was "highly questionable," if not "precisely contradictory." Id. (citing Martin, 851 F.2d at 705; Jiminez, 503 F.3d at 251-54")*

*And See United States v. Berkeley HeartLab, Inc.*, Civil Action No. 9:14-cv-00230-RMG, 4-5 (D.S.C. Apr. 5, 2017) ("For discovery purposes, a party is generally considered to have possession and control over documents in the possession of its current or former legal counsel.

*See Beach Mart*, *Inc*. *v*. *L & L Wings*, *Inc*., 302 F.R.D. 396, 411 (E.D.N.C. 2014) (ruling that a party has control of documents where a party's attorney or former attorney has control, custody, or possession of those documents); *see also Poole ex re*. *Elliott v. Textron*, 192 F.R.D. 494, 501 (D. Md. 2000) (holding that "documents in the possession, custody or control of a party's attorney or former attorney are within the party's control for the purposes of Rule 34").")

Elliott's "sham" Supplemental declaration states the contract exhibits came from Elliott's "former attorney" Louise West (ECF 308 at 2), which in accordance with relevant case law (Supra) is a statement that Elliott had possession and control over the Court Ordered contract related documents as they were purportedly in her former lawyers possession as per the Supplemental Declaration.

But Elliott's previous sworn statement as per her Supplemental Interrogatories and Requests for Production contradict this "sham" Supplemental declaration because those responses state that Elliott "does not maintain any agreements in her possession, custody, or control."

Elliott's latest declaration is "precisely contradictory" to and cannot be reconciled with her previous sworn statements of not having possession and control over the documents and not being able to produce them as Ordered by the Court.
And the Exhibits (ECF 308-2) attribute a lump sum payment to the group SISTA (which Elliott was a member of) as payment for purportedly signing an exclusive recording contract with Swing Mob and creating the one and only SISTA album sound recordings, yet Elliott's Verified

Supplemental Interrogatories and Requests for Production state Elliott only received money from "streaming services" which is further contradictory. (Infra)

Accordingly, the Court should not consider the Declaration or related exhibits and they should be Excluded from the Proceedings and Elliott harshly sanctioned for her conduct.

In Elliott's operative amended complaint from 2021, Elliott states "Elliott did not know of or meet Defendant Williams until after production on the "Sista" album 4 All the Sistas Around Da World was completed and the "Sista" single "Brand New" was publicly released." (ECF 68 at 20 21:cv 02290)

The record up until the point of Elliott's filing of the Supplemental declaration and Exhibits in March 2025, does not contain any documents that show the date the Sista songs were created. That date of creation is a crucial fact in the litigation given Elliott's defense to liability, which is that she created the songs before she met me.

The court should not allow the defendant to in one breath state she is not in possession and control of documents then once the issues are narrowed years later and trial is fast approaching, permit Elliott to state that the documents were in her possession all along and allow such evidence, especially without justification as to why the documents were not produced when they were ordered to be produced. That is wholly improper and sanction worthy.

Defendant Elliott states in the declaration that these sketchy documents just so happened to turn up in her former attorney's "files in storage" after she filed her reply to the motion for alternative resolution on Januàry 11, 2025. (ECF 308 at 2)

Elliott's declaration does not state that Elliott instructed or demanded her "former attorney" to produce the documents as she was purportedly in possession and control of them and has been involved in this action for many years and ordered to produce almost two years ago.

Louise West was listed as a witness in this case as far back as 2021 with Elliott listing her former attorney as a witness in her initial disclosure documents in the Related Florida action prior to her case being transferred to this Court. (Exhibit D at 12)

If these documents were actually authentic, which they are not, Elliott would have presented them to the court long ago in support of Elliott's argument of creating the songs before she ever met me. Especially at the summary judgement stage.

Federal Rule of Civil Procedure 37 prohibits introducing evidence such as this declaration and exhibits after the close of discovery. It provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Defendants may not "swoop in" at the last minute with new evidence."Cf. Dry Dock LLC v. Godfrey Conveyor Co., 717 F. Supp. 2d 825, 829 (W.D. Wis. 2010) (refusing to permit, on Rule 37(c)(1) grounds, exhibits in response to proposed findings of fact that were not produced until the summary judgment stage)

Furthermore, Rule 26 was designed to prevent trial-by-ambush and district courts are granted discretion in determining these issues. *See Hayes,* 338 F.Supp.2d at 503; *see also* <u>Newman v. GHS Osteopathic, Inc., Parkview Hospital Division, 60 F.3d 153, 156 (3d Cir. 1995)</u>.

It is well after the summary judgment stage with trial set to commence in 2 months. I am a pro se litigant. This fake disclosure is not justified at the last minute when the court already ordered Elliott to produce and has made findings of fact in the action via Summary Judgment Orders. (See ECF 286 page 3-where the Court Opined that my properly produced Lyric Documents with my name on them which have been in my custody and control for decades, present a material issue against Elliott's assertion that she wrote those songs before she even met me) Elliott's late filed inauthentic documents are not harmless under the circumstances and similarly There is no justification provided in the declaration as to why Elliott's former attorney was just recently looking through her purported storage files when the court ordered all documents to be produced in 2023- not 2025.

Elliott's former attorney being listed in initial disclosures as having relevant information way back in 2021 (Exhibit D at 12) only further highlights the flagrant abuse of discovery exhibited by the filing of Elliott's current "Sham" Declaration and Exhibits.

And in October 2024, in the Defendant's pretrial memorandum (ECF 294 at 6) filed months prior to the Supplemental Declaration and Exhibits, Defendant Elliott listed for the first time in the litigation her intent to use what she described as evidence reflecting the "date of creation" of the SISTA album songs.

Other than the documents submitted with Defendant Elliott's Supplemental declaration in March 2025 (ECF 308 Exhibits A-E), there are no documents that reflect the date of creation of the Sista songs of record in this action.

At the Pretrial conference on November 13, 2024 (ECF 297), I brought up Elliott's mentioning of any such documents and have been requesting the documents ever since so that I could be prepared to file a motion to exclude from trial / in limine, and had not gotten any documents or response from counsel. (Exhibit E)

And then Elliott's Supplemental declaration and exhibits were filed with the court and it is improper.

Defendant Elliott's declaration is clearly fabricated when it states that by happenstance Elliott's former attorney gave her these documents in March 2025, when Defendant Elliott listed these documents reflecting the "date of creation" of the SISTA album songs as evidence she intended to use in October 2024.

The evidence of record in this action is that the Sista album was released sometime in 1994. (See Summary Judgment Order ECF 284 at 2)

"At no point during summary judgment briefing did [Elliott] request additional time for discovery, which is "usually fatal" to such late-breaking requests to supplement the record. *See Pastore v. Bell Tel. Co. of Penn.,* 24 F.3d 508, 511 (3d Cir. 1994)

Moreover, Elliott's declaration fails to offer any justification for her former attorney to have recently by chance come across her contract documents and give them to Elliott. In determining whether there was a substantial justification for the untimely disclosure and thus whether exclusion is warranted, courts in the Third Circuit must consider several factors:

(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Penn. State University,* 227 F.3d 133, 148 (3d Cir. 2000) (citation omitted). Courts also consider the importance of the untimely evidence. *See Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 719 (3d Cir. 1997) (noting that "the importance of the excluded testimony should be considered.") (citing *Meyers v. Pennypack Woods Home Ownership Ass'n,* Meyers, 559 F.2d 894, 904 (3d Cir. 1977)). However, when a party has acted in "flagrant" disregard of a court order, a court is authorized to exclude even "critical evidence." *Id.*

Defendant Elliott's filing of the Supplemental Declaration and Exhibits is clearly prejudicial to me, especially as a pro se litigant who was under the impression that all evidence requested had been submitted if it were possible as ordered. There is no way to cure the prejudice.
In addition, the documents not only affect this case but also my related case (1:20-cv-00316 RGA) against the record company Co-defendants in the District Delaware (Elecktra a subsidiary of Warner Music) because the documents state that the co defendants did not exercise their rights to maintain ownership in the SISTA album songs (See ECF 308 at ECF 308-4 purporting to exclude the Co-defendants from liability as a co owner of my joint work by way of

assignment, by alleging that concerning the SISTA albums songs, an agreement with Elektra ended and the rights "remained with" Elliott. And bad faith and willfulness is clear in that Elliott flagrantly disobeyed this court's orders to produce all requested documents in the action that were within her possession custody and control.

The court ordered Elliott to produce contract documents within her possession, custody and control and she failed to do so by September 12, 2023 as was ordered by the court (Exhibit A). This is a flagrant disregard for the courts order.
The court should use its inherent power to sanction Elliott for discovery abuse.

Considering that Elliott is purporting to have been in possession and control of documents the court instructed her to produce years ago, Elliott is in violation of the courts order compelling Elliott to produce contract related documents within her possession custody and control pursuant to FRCP 34.

Elliott's newly purported "production" of the SISTA contracts is "highly questionable" at best. And is nothing more than a haphazard desperate last ditch effort to conjure up some support for her false "testimony" that she created the Sista album songs before she ever met me.

The record evidence in this action clearly shows that is not the case especially when my name is on the lyric documents related to the Sista album songs as the court found persuasive in denying Elliott's motion for summary judgment concerning the SISTA album songs. (ECF 286 page 3) Elliott is just fabricating evidence at this point to avoid liability and it should not be allowed.

And Sanctions for disobeying a courts discovery orders include default and dismissal of actions and in addition exclusion of purported evidence. See FRCP 37 (b)

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)— fails to obey an order to provide or permit discovery, including an order under Rule 26(f) , 35 , or 37(a) , the court where the action is pending may issue further just orders. They may include the following:

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party;


I am seeking such a harsh sanction against Elliott and the court should be persuaded that this case is deserving of a harsh sanction because this is not Elliott's first time violating the courts discovery orders.

The Sham Supplemental declaration exposes Defendant Elliott's flagrant disregard for the courts order and she should be heavily sanctioned for her repeated conduct this way.

I requested a default in the Action (ECF 302) because Elliott did not fully disclose the monies earned and profits related to the Sista album songs. In Elliott's supplemental interrogatories submitted in response to the courts order, Elliott only disclosed the purported streaming revenue related to the songs but neglected to discuss and produce album and vinyl sales revenue and profits when there is evidence that there was more than just streaming of the songs when the

album was re-released. I argued the court should not allow such blatant disregard for its discovery orders as has been made evident. (ECF 302 pg. 3 and ECF 302- all exhibits) (and see Exhibit G- 2020 Vinyl Release of the album being sold at "brick and mortar" stores ie. Best Buy- not streaming only)

Additionally, Elliott has a pattern of filing false declarations in this court. Elliott's first declaration states "On the occasional times I would visit Terry Williams' home studio, I would listen to some of the musical beats and instrumentals in Terry Williams' database and then rehearse some of my preexisting lyrics, vocal arrangements and melodies (ECF 50-14 at 24). But we have since come to learn that that was a lie, with discovery revealing we share 50 percent ownership interest in 3 of the songs in my collection which happen to have been published to albums (Exhibit A at Footnote 3) (Exhibit F at pages 2-3) and see also (Supplemental RFA 24 ECF 233 Exhibit A)

Elliott only wants to push a perjured agenda to avoid liability by creating something to support her contention that she creàted the SISTA songs before she ever met me. Which is why she is trying to introduce these fabricated contract documents into the record after she stated she doesn't have any such contract documents. The court should hold Elliott to her initial court ordered supplemental sworn discovery responses.

And Elliott's conduct is the very type of conduct that should get a litigant thrown out of court and placed in contempt for perjury when examining her previously sworn statements against this "new evidence."

The Third Circuit has affirmed the entry of judgment as a discovery sanction in Curtis T. Bedwell and Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683 (3d Cir. 1988). Such discovery

sanctions must be available as a penalty as well as a deterrent. 843 F.2d at 691 (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642-43, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). Bedwell analyzed the six Poulis factors and noted, inter alia, that the discovery improvements by the dilatory party were "too little, too late." 843 F.2d at 695.

And Joselson v. Lockhart-Bright Assoc., 95 F.R.D. 160 (E.D. Pa. 1982) noted that "a default judgment is warranted where the offending party has completely failed to comply with the Court's orders." Id. at 162 (citations omitted). See also Southern New England Telephone Co. v. Global NAPs, Inc., 624 F.3d 123, 140 (2nd Cir. 2010) (upholding entry of default judgment where four-part Second Circuit test met and party's dilatoriness was evidenced by its failure "over the course of two years to produce its financial records and otherwise to comply meaningfully with the district court's disclosure order. For several months [defendant] claimed that the relevant records were not in its custody.") (emphasis in original).

Similarly, This court should default Elliott as a sanction for continued discovery abuse, perjury, and awfulness. For almost 2 years Elliott has claimed that she did not have possession and control of the relevant contract and financial documents she now seeks to introduce.

Please issue appropriate Sanctions concerning this improper Supplemental filing. It should likewise be stricken from the record as well as any and all exhibits attached thereto.

What more need Elliott to do to show the court that she has no interest in an honest and fair process and resolution.

The court should use its inherent power and discretion to sanction Elliott for discovery abuse including default and dismissal of her claims with prejudice. The Court should see the Supplemental declaration and exhibits for what they are- an Outright desperate and shoddy attempt to have some evidentiary support for at least one of Elliott's false contentions.

And At least one of the purported contract documents from 1992 isn't even signed lending further support to my objection as to its authenticity as a contract. (ECF 308-1)  And Notably, The document is missing a "Sista" Group Member - Lashawn Shellman. Compare ECF 308-1 (Shellman's name missing from the document) with ECF 308-2 , ECF 308-3, ECF 308-4 (Shellman's name on these documents)

And in ECF 308-3 at 9- Elektra states SISTA's agreement with Swing Mob began  January 23, 1993. But ECF 308- 2 and ECF 308-4 purport that Swing Mob and SISTAs agreement was entered into on June 25, 1993.

The Court previously denied my motion to strike because Elliott purported to believe the documents were authentic (ECF 317). However, a closer look reveals that Elliott knew very well that the documents weren't authentic, especially when one of the group members was left off of the document. Elliott stated in her Supplemental declaration that Louise west provided her with documents showing that Sista was signed to Swing Mob in 1992, but The group Sista had 4 member not three. Elliott is well aware of that. Her declaration purporting that the documents are

authentic and produced as soon as she found them are clearly untrue- an outright fabrication that should not be tolerated by any court of law and equal justice.

Enough is enough of Defendant Elliott's discovery abuses. Not only is Elliott's Supplemental Declaration in Direct Contrast to Her Previously Sworn Statements, The purported contract documents in and of themselves are contradictory to one another as evidenced herein.

Please Default the Defendant and Dismiss Elliott's claims. Defendant Elliott's Discovery abuse is quite evident and rampant at this point and no Honorable Court should permit this flagrant disregard of the Court's Orders (Supra). "The choice of the appropriate sanction is committed to the sound discretion of the district court." <u>Hewlett v. Davis,</u> 844 F.2d 109, 113 (3d Cir. 1988)

Witnesses

In addition, the court should exclude the Testimony of several parties on Elliott's witness List. As an initial matter, the testimony of Louise West should be excluded.

The contract documents that were purportedly in Wests "storage files" and given to Elliott are not authentic as has been discussed above. If the court does not Default Elliott for her obvious discovery abuses, The court should prohibit any testimony from West who has provided what is obviously "fake" documentation on Elliott's behalf. Such a witness is not credible to testify concerning such documents, or anything else for that matter. The jury does not need to hear from anyone who has attempted to assist Elliott in pulling a fast one on the court.

 <u>Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir.1985)</u>)(when considering whether to exclude witness testimony, the court considers the following: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses

would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.").

Because there is evidence of bad faith concerning the witness and the documents, the court should exclude any testimony from West.

Additionally, Nicole Wrays testimony should also be excluded. Wrays affidavit concerning this matter was attached to Elliott's operative second amended complaint. ( ECF 68 Exhibit A) In it, Wray states that I was not a songwriter and that I did not direct anything in my own home studio. Discovery has revealed that that was a lie because Elliott and I share songwriting credits on the song Ooh Ooh baby, have a 50 percent songwriting ownership of two other songs in the collection for instance (Supra)  and in addition the courts finding of fact at the summary judgment stage state that I have been credited as a songwriter on numerous projects  (ECF 284 pg 3) and my response to the defendants discovery requests reveals the same- That I am in fact a songwriter.

The jury does not need to hear from any witness who is not there to tell the truth and so Wray should be prohibited from testifying as her previous testimony has been proven to be purposefully inaccurate.

Moreover at the pretrial conference the court stated that there is to be no duplicative testimony and that Elliott must choose either a member of the group "Sista" or  the group "Sugah" to present testimony at the trial. The group Sugah has nothing to do with this case nor do its members whom I have never met and have never been to my home studio. Accordingly, the court should prohibit testimony from any member of the group Sugah and should limit the testimony of the group Sista to one member as testimony from the two members from the group Sista on the witness list would only be duplicative and a waste of the jury and the courts time.

If the court finds that Elliott's discovery abuses as outlined are not warranting of default and dismissal sanctions, I request that court prohibit/ exclude the testimony of the aforementioned witnesses.

Damages

The Court should Likewise Exclude Elliott's $27 profit evidence.

The defendant wholly failed to disclose profits and earnings concerning the Sista album songs. The failure is sanction worthy. Elliott's own purported contract evidence states that the group was paid an initial signing sum for the creation of the Sista album and that figure was not incorporated into the $27 total which the defendant has stated represents streaming revenue since 2012 (See in example Exhibit B pg 4) and see also ECF 308-2.

More importantly, the evidence in this case reveals that there were both album and vinyl records sales in addition to streaming sales that the defendant has not disclosed in the action as ordered long ago. If the court will not default and dismiss Elliott due to her discovery abuse and blatant disobedience and gross disregard for the courts orders, then the court should prohibit Elliott from introducing any evidence suggesting to the jury that the case is worth $27 and the matter of damages should be established as I have estimated at $1.4 million. FRCP Rule 37 ( b) 2 A allows for such a sanction.

See FRCP 37 ( b) 2 A (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

June 6, 2025

                                                  Humbly and Respectfully Submitted,
                                                                      Terry Williams

*/s/ Terry Williams*

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRY WILLIAMS, :
Plaintiff, pro se
                                          : Civil Action No. 2:18-cv-05418-NIQA:Lead Case
                                          v. : :

MELISSA ARNETTE ELLIOTT A/K/A :
MISSY "MISDEMEANOR" ELLIOTT, et al. :
 Defendants :

_____

MELISSA ARNETTE ELLIOTT :
Plaintiff :
                                          : Civil Action No. 2:21-cv-02290-NIQA
                                          v. : :

TERRY WILLIAMS :
Defendant, pro se :

## CERTIFICATE OF SERVICE

I, Terry Williams, do certify that on this day, I caused a true and correct copy of Plaintiff's Motion in Limine and for Sanctions and Exhibits thereto, to be served on Defendant's Counsel via regular mail at the addresses listed on file.

June 6, 2025

                                                  Humbly and Respectfully Submitted,
                                                           Terry Williams

*/s/ Terry Williams*