IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

PENNSYLVANIA

TERRY WILLIAMS, :

Plaintiff, pro se

: Civil Action No. 2:18-cv-05418-NIQA:Lead Case

v. : :

MELISSA ARNETTE ELLIOTT A/K/A :

MISSY "MISDEMEANOR" ELLIOTT, et al. :

 Defendants :

_____

MELISSA ARNETTE ELLIOTT :

Plaintiff :

: Civil Action No. 2:21-cv-02290-NIQA

v. : :

TERRY WILLIAMS :

Defendant, pro se :


Plaintiff's Motion to Strike and for Sanctions RE: ECF 357

I am Requesting that the court strike the defendant's most recent Amended Notice and Exhibit List at ECF 357 and Exhibits 22 and 12 from the docket and action.

I have already filed a motion in limine ECF 324 pertaining to many of the exhibits on the previous list at ECF 343 namely Exhibits 1, 2, 3, 5, 17 and 18. See motion in limine and for Sanctions at ECF 324.

The defendant tried to leave off the list the clearly fraudulent 1992 document, and that is very telling, but it was already included in previous filings and serves to cast doubt on the authenticity of the remaining court ordered untimely produced contract documents the defendant still intends to use at the trial that remain on the exhibit list at 1, 2, 3 and 5. ( ECF 357).

Both Elliott and her former attorney (Louise West) know full well that the documents are manufactured and even discuss the most obviously fabricated 1992 document in their declarations see Elliott's declarations (ECF 308 and ECF 325 referencing the fabricated 1992 contract) and see West's declaration ECF 350-1 referencing the same. So in addition, All 3 declarations should be stricken and sanctions imposed for attempting to procure fraud upon the court.

Amended Notice of Lodging ECF 357

As an initial matter, the "Amended" Notice of Lodging dated July 3,2025, states that the lodging of the defendant's binder is in accordance with the Court's scheduling order dated February 10, 2025. But the defendant knows that is untrue because that order stated parties had until June 6, 2025 to submit the trial binders to the court. (ECF 307)
And more recently, the court gave both parties a week extension- until June 13, 2025 to submit trial binders containing all trial evidence.

(See ECF 319 Williams extension of time and ECF 341, Defendant Elliott's extension of time) The defendant never filed any initial notice of lodging a trial binder in the Eastern district of PA for there to be any amended notice. The docket is void of any such initial notice of lodging the trial binder.

See ECF 343- which is just the defendant's exhibit list and associated exhibits 1-21 which are not in compliance with the court's scheduling order requiring only the submission of the binder(s) to the court in hard copy format for which the court gave the defendant an additional week to lodge with the court.

All trial exhibits were suppose to be submitted to the court- not filed to the ECF docket as that was never what was ordered- trial binders were ordered.

On June 20, 2025 (ECF 346) I motioned to strike the exhibit list and exhibits at ECF 343 in addition to Elliott's most recent declaration (ECF 325), because there is a motion in limine concerning the admissibility of the fraudulent contract documents that were splattered to the docket in this high profile case and physical binders were ordered not electronic filing of trial exhibits. The documents only serve to taint the public perception and thus the jury pool and they should be stricken as non compliant and scandalous.

Exhibit 22

Now on July 3, 2025 (ECF 357) the defendant seeks to amend a binder that I'm not sure was ever submitted to the court when it was due on June 13, 2025, but even if it were, it purportedly contained only 21 exhibits on June 13, 2025- not 22. See ECF 343.

Exhibit 22 should be stricken from the trial exhibits as should all of the court ordered, untimely produced contract documents that I identified in my motion in limine; in addition to other evidence as outlined in my motion in limine.

Additionally, if no binder was ever submitted to the court on or before June 13, 2025 that constitutes a violation of the court's amended scheduling order (ECF 341) and the defendant should be sanctioned for non-compliance absent good cause, which the defendant has not asserted any good cause for filing it's evidence binder out of time and after the June 13, 2025 deadline.

But more specifically, Exhibit 22 purports to be an image of a 1993 promo cassette tape of the Sista album. ECF 357 at 22
However, the defendant emailed me a photograph of the actual document at Exhibit 22 that it purports to have untimely lodged in its binder on July 3, 2025, and that promo tape has no release date associated with it on the website where the defendant got it from or anywhere else for that matter.

See email from Counsel at defendant's Law Firm- Exhibit A and see also Exhibit B- a copy of the cassette photograph and the associated website (Discogs) where it was retrieved from.
And then see Exhibit C- with the Discogs website showing no release date associated with the promo cassette tape and see also Plaintiff's Exhibit Binder at Tab 57- Showing the same website

again listing no date associated with the promo tape and any other releases were Overseas listing dates only as early as 1994- never 1993.

There is no exact date (month, day and year) that is associated with the release of the Sista album for the defendant to be attempting to fraudulently purport that this is a 1993 promo cassette tape release.

The album was never registered with the US copyright office. It is just known that it was released sometime in 1994-not 1993.

The courts summary judgment ruling already found the sometime in 1994 date to be the only date associated with the Sista album release. See ECF 284 pg 2

Now, with trial less than 2 months away the defendant seeks to fraudulently purport that a promo cassette tape of the album was released on 1993 - without any Evidentiary support for that supposition.

Nothing just magically turned up concerning the release date of the album for the defendant to be purporting the album was released via promo cassette tape in 1993 as stated in its evidence list and the email sent to me on July 4, 2025.

The court should find that supposition to be outrageous as should the court find that Elliott has again knowingly filed false evidence, suppositions and propositions that are inconsistent with the

facts of the case and that she should likewise be sanctioned for such flagrant and egregious conduct on the eve of trial.

This is just another sloppy, haphazard example of the underhanded lengths the defendant will go to cheat and attempt to place a time stamp on the album, this time by creating false narratives around documents- by purporting the cassette tape was released in 1993 when the website it was obtained from does not list any associated release date.

Shame on defendant Elliott. The Truth is what we are here for, not gamemanship and unscrupulous shenanigans.

The court should see the documents for what they are; a sham to try to have evidentiary support for her lying statements of creating the songs before she ever met me when the truth is that we created the songs together, like we have other songs that have been proven to be jointly authored by us both and are part of the very collection I am seeking joint authorship of, and Elliott remade our joint songs for the Sista album unbeknownst to me.

The court should not let Elliott get away with procuring knowing fraud on the court and attempting to gear up to mislead the jury and the public and to substantially prejudice a pro se former collaborator.

While Elliott's group name was not Boys to Men, this should be the End of the road for Elliott and her legal team's disturbing and obviously fraudulent run in this court.

Exhibit 22 along with any other late lodged binder exhibits should be stricken from consideration at a jury trial, if any, In addition to the evidence outlined in my previous motion in limine and for sanctions and motion to strike at ECF 324 and 346

Most importantly sanctions should be imposed for the defendant's purporting a time stamp exists concerning Exhibit 22- absent any authentic evidentiary support.

Exhibit 12

And the defendant's exhibit list is still not correct as the exhibit at 12 is not from January 26, 2022 it is from January 26,2020.
See ECF 343 at Exhibit 12.

And the document at exhibit 12 should be stricken as irrelevant hearsay purportedly written by my son who is not a witness for either party in this case and is not going to be present to be questioned about any such document and the document is further irrelevant to the Declaratory judgment and liability questions at hand concerning songs that were created before my son was even born.

The rules of evidence preclude consideration of irrelevant documents as trial evidence.
Citation omitted

And I emplore the court to review the trial binder exhibit 12 to see if it matches the ECF filed exhibit 12, given that the date on the Exhibit List ( January 26, 2022) does not match up to the Exhibit that was improperly filed on the ECF system on June 13, 2025 and no one can put it past the defense to further manufacture some social media evidence with a date of January 26, 2022 on it which was never disclosed and I know nothing about.

I request that the court strike any trial evidence not lodged in a trial binder by the June 13,2025, and strike Exhibits 22 and 12 for the reasons cited herein.

In addition I am requesting that the court issue sanctions concerning the Defendant's purporting there exists a 1993 promo cassette tape of the Sista album absent authenticated true and correct evidentiary support.

Again my previous motion in limine and for Sanctions and motion to strike are still currently pending adjudication and I ask that in considering the totality of the circumstances the court hand down the most severe sanctions allowed in this honorable court of law, and based on Elliott's conduct as outlined herein and in the previous motions at ECF 324 and 346. I would further like to incorporate any and all case law I provided from those motions in support of this motion.

The Court should find this is non compliant and abusive litigation conduct and it further should not be tolerated or overlooked.

July 7, 2025

                                                     Humbly and Respectfully Submitted,
                                                                      Terry Williams

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

PENNSYLVANIA


TERRY WILLIAMS, :

Plaintiff, pro se

: Civil Action No. 2:18-cv-05418-NIQA:Lead Case

v. : :

MELISSA ARNETTE ELLIOTT A/K/A :

MISSY "MISDEMEANOR" ELLIOTT, et al. :

 Defendants :

_____

MELISSA ARNETTE ELLIOTT :

Plaintiff :

: Civil Action No. 2:21-cv-02290-NIQA

v. : :

TERRY WILLIAMS :

Defendant, pro se :


Certificate of Service

I, Terry Williams do certify that on this day, I caused a true and correct copy of the Plaintiff's Motion to Strike and for Sanctions RE: ECF 357 and Exhibits to be served on the Defendants attorneys listed on file via regular mail at the addresses listed on file.

July 7, 2025

                                                Humbly and Respectfully Submitted,
                                                                      Terry Williams

*/s/ Terry Williams*