IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRY WILLIAMS, :

Plaintiff, pro se

: Civil Action No. 2:18-cv-05418-NIQA:Lead Case

v. : :

MELISSA ARNETTE ELLIOTT A/K/A :

MISSY "MISDEMEANOR" ELLIOTT, et al. :

 Defendants :

_____

MELISSA ARNETTE ELLIOTT :

Plaintiff :

: Civil Action No. 2:21-cv-02290-NIQA

v. : :

TERRY WILLIAMS :

Defendant, pro se :


<u>Plaintiff's Motion for Stay of Trial Until after Resolution of the Pending Motion for Sanctions and in Limine</u>

I have made a substantial showing that the contract evidence Elliott has filed and seeks to discuss and admit at trial are knowingly fabricated and manufactured in support of her testimony and that Elliott should be severely sanctioned for her conduct in that regard as well as for her

discovery abuse and failure to follow the court's discovery and scheduling orders. (See ECF 324 and 346 in example)

The trial is scheduled for less than two months away and the court should not defer the Rulings on the motion for Sanctions which if granted would result in default and dismissal in my favor. The court should likewise not defer the evidentiary motion in limine Rulings until trial, because allowing the defendants to present fabricated, manufactured evidence before the jury taints the judicial process and runs the risk of misleading the jury and thoroughly prejudicing me because these documents were not produced until well after the close of discovery and the courts ruling on the parties summary judgment motions.

The rules of evidence allow for the court to admit Elliott's proffered evidence only if its probative value outweighs any substantial prejudice which it does not. Fabricated and false documents that were not produced in accordance with the courts discovery orders, are certainly prejudicial to me especially as a pro se plaintiff in this action.

This is the time when everything is supposed to be on the up and up and I should be focused on how I am going to present my case at trial- not still fighting against late filed fabricated documents.

Instead here we are with trial less than two months away and Elliott is making all of these baseless filings and trying to introduce and discuss documents she created in her own lying defense.

The purpose of a motion in Limine is to limit the evidentiary issues at trial.

The trial would be interrupted every moment that the defense presents it's case from the opening to the closing statements because it is apparent the defense intends to use fabricated manufactured documents in support of its claims and defense in the action. (See Ddefendant's Exhibit List at ECF 357 in example)

The court should not defer any such Rulings until trial for me to be prejudiced in defending against any such evidence And for the jury to be misled by fake and false documents and testimony related thereto.

And this is not a broad class of documents seeking to be excused. These are certain documents in particular which the defense included in its exhibit list and Elliott and West discuss in their declarations and the defendant intends to use to try to prove its lying case.

While Rulings on broad class of evidence may be deferred until trial this is certainly not the case and because the documents are challenged with clear and convincing evidence of knowing falsification and lack of credibility, the court should rule on the issues related thereto, now and not later to preserve any integrity that a trial if any might have.

The motions for Sanctions and the motion in limine should be ruled on prior to any trial. It is possible that the court will issue discovery sanctions for the late produced fabricated evidence negating the necessity of any jury trial in this matter and warranting Default and Dismissal against Elliott in this action once and for all, given there is clear and convincing evidence proving that Elliott knows the documents are a fraud.

Evidentiary rulings and discovery sanctions are left to the sound discretion of the court and determinations will not be disturbed absent abuse of discretion. Infra

And the defendant has filed 10 motions in limine and replies to my opposition which further compound the evidentiary issues and warrants the courts resolution prior to a trial if any. In the interest of sparing the court from having to review further documents in response to the Defendant's baseless limine motions, I am not engaging in the Reply writing campaign in response thereto but have filed my Omnibus opposition. (ECF 345)

Relevant Case Law

The Third Circuit Court of Appeals has "laid out three factors district courts must consider when contemplating Rule 37 sanctions: `(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.'" GN Netcom, Inc. v. Plantronics, Inc., 930 F.3d 76, 82 (3d Cir. 2019) (quoting Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994)).

Motions in limine seek rulings on the relevance and admissibility of evidence prior to trial. United States v. Larry, 537 F. Supp. 3d, 766, 768 (M.D. Pa. 2021) (citation omitted). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions in limine prior to trial." Castillo v. Progressive Ins. Co., 580 F.

Supp. 3d 74, 76 (M.D. Pa. 2022) (citations omitted). Thus, rulings made by a trial judge on a motion in limine are reviewed only for an abuse of discretion. Bernardsville Bd. of Education v. J.H., 42 F.3d 149, 161 (3d Cir. 1994).

Rulings on motions in limine serve several purposes, including "narrow[ing] the evidentiary issues for trial and [] eliminat[ing] unnecessary trial interruptions." Id. (quoting Bradley v. Pittsburgh Bd. of Education, 913 F.2d 1064, 1069 (3d Cir. 1990)). Pretrial rulings on the relevance and admissibility of evidence also serve "to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." Id. (citing United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988)).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Rules then provide that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. These Rules favor the inclusion of evidence and limit the Court's ability to exclude evidence as irrelevant. Castillo, 580 F. Supp. 3d at 77 (citations omitted). However, Rule 403 does provide a limitation on the admissibility of relevant evidence, permitting the Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Please stay the trial pending resolution of the motions for Sanctions and the motion(s) in limine so that I will not be further prejudiced nor any member of the jury be misled by fabricated false evidence that should be ruled as inadmissible in accordance with the rules of evidence and relevant caselaw as outlined herein.

I would also like to incorporate my motion in limine and motions for sanctions concerning this action (ECF 324 and ECF 346) as well as the Motions/ Opposition I have filed today, July 7, 2025 for the Court's Consideration regarding this Motion to Stay.

I ask that the court dismiss the defendant's case and enter an order of default consistent with the damages requested in my trial brief submitted to the court via email on June 6, 2025 and the amended proposed Jury verdict form filed today, July 7, 2025.

July 7, 2025

                                          Humbly and Respectfully Submitted,
                                                            Terry Williams

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF

PENNSYLVANIA

TERRY WILLIAMS, :

Plaintiff, pro se

: Civil Action No. 2:18-cv-05418-NIQA:Lead Case

v. : :

MELISSA ARNETTE ELLIOTT A/K/A :

MISSY "MISDEMEANOR" ELLIOTT, et al. :

 Defendants :

_____

MELISSA ARNETTE ELLIOTT :

Plaintiff :

: Civil Action No. 2:21-cv-02290-NIQA

v. : :

TERRY WILLIAMS :

Defendant, pro se :


Certificate of Service

I, Terry Williams do certify that on this day, I caused a true and correct copy of the Plaintiff's Motion for Stay of Trial Until after Resolution of the Pending Motion for Sanctions and in Limine to be served on the Defendants attorneys listed on file via regular mail at the addresses listed on file.

July 7, 2025

                                                         Humbly and Respectfully Submitted,

                                                                                      Terry Williams

*/s/ Terry Williams*