IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY WILLIAMS** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | **NO. 18-5418** |
| v. | : | |
| **MELISSA ARNETTE ELLIOTT** | : | **LEAD CASE** |
| a/k/a MISSY "MISDEMEANOR" | : | |
| ELLIOTT, *et al.* | : | |
| *Defendants* | : | |
| **MELISSA ARNETTE ELLIOTT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | **NO. 21-2290** |
| v. | : | |
| **TERRY WILLIAMS** | : | |
| *Defendant, pro se* | : | |

**ORDER**

**AND NOW**, this 8th day of August 2025, upon consideration of Melissa Arnette Elliott's ("Elliott") *motion in limine No. 5 to preclude evidence or argument regarding Elliott's wealth, fame, or other works,* (ECF 330),[1] Terry Williams' ("Williams") response in opposition, (ECF 345), and Elliott's reply, (ECF 366), it is hereby **ORDERED** that the motion is **GRANTED**, *in part*.[2] Accordingly, references to Elliott's wealth, fame, and other works are generally inadmissible, but parties may introduce some limited background information about Elliott.

---

[1]    Unless otherwise noted, any reference to the record refers to the official record ("docket") in *Williams v. Elliott*, 18-cv-5418, (the "*Williams*" matter).

[2]    Williams, now proceeding *pro se*, originally brought a counseled action against Elliott and various defendants in state court asserting claims premised primarily on allegations that he is the uncredited co-author of multiple songs composed with Elliott that were later used in other artists' derivative works without his permission. (ECF 1). The matter was removed to this Court. Williams amended his complaint and has proceeded *pro se*. (ECF 91). The alleged derivative works include four songs from the album "*4 All The Sistas Around da World*" by the musical group SISTA. (*Id.*). Williams is seeking, *inter alia*, an accounting of all profits Elliott has derived from the SISTA songs and a declaration that he is a joint author of the underlying recordings with Elliott, claims that Elliott disputes.

Elliott's action was originally filed in Florida and transferred to this Court. Elliott's action styled as *Elliott v. Williams*, 21-cv-2290, was filed under the Copyright laws and the Declaratory Judgment Act, later amended, essentially seeking a declaratory judgment of copyright authorship and ownership of the 34 unpublished recordings that Williams claims to maintain in his collection. (ECF 68). That is, Elliott seeks a declaration that the unpublished recordings are not joint works and that she is the sole author and owner of those unpublished recordings. (*Id.*). She also seeks a judgment declaring that she is the sole owner of certain notepads, handwritten notes, lyrics and/or signatures. (*Id.*).

BY THE COURT:
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

These cases were consolidated and proceeded to discovery and dispositive motions. By Memorandum Opinion and Order dated August 26, 2024, this Court granted Elliott's motion for summary judgment on Williams' claims premised on Aaliyah's song *Heartbroken*, denied Elliott's motion for summary judgment on Williams' claims premised on the SISTA songs, and denied Williams' motion for summary judgment on all of his claims. (ECF 284, 285).

By way of the underlying motion, Elliott moves to preclude Williams from introducing any arguments, testimony, or other evidence regarding Elliott's wealth, fame, or other works unrelated to the SISTA songs. (ECF 330). Elliott argues that this evidence is irrelevant and risks substantial prejudice, confusion, and would be misleading. (*Id.*). Williams opposes the motion and argues that Elliott herself has referenced her "celebrated" career, that her wealth is relevant to punitive damages, and that determining whether Elliott maintained sole ownership of her other songs is relevant to whether she intended to create joint authorship of the SISTA songs. (ECF 345).

Elliott's motion to preclude the requested evidence is governed by the Federal Rules of Evidence ("Rules"). Specifically, Rule 401 provides that evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is of consequence in the determination of the action. Rule 402 provides that relevant evidence is admissible unless the constitution, a federal statute, a rule of evidence, or a rule prescribed by the Supreme Court provides otherwise. Rule 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The primary issues before this Court stem from the alleged derivative nature of songs that are included within 34 unpublished recordings William claims to maintain in his collections, and the co-authorship of certain musical songs and writings. As such, this Court agrees that references to Elliott's wealth, fame, and other works have little to no relevance to this case, and that the probative value of this evidence is outweighed by a danger of unfair prejudice. *See* Rule 401 and Rule 403*; see also Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179-80 (11th Cir. 2002) (finding that statements related to wealth should have been excluded as not probative of any material issue or prejudicial). Additionally, by Order dated August 7, 2025, (ECF 384), this Court precluded Williams from seeking punitive damages for his claims. Williams, therefore, cannot use Elliott's wealth to unfairly inflate his compensatory damages claims. *See McCann v. Miller*, 502 F. App'x 163, 171 (3d Cir. 2012) (finding that "[w]hile a defendant's net worth is relevant in assessing the amount of punitive damages, it should not bear on compensatory damages" after acknowledging the concern that "the jury's knowledge of the defendant's net worth might influence its assessment of compensatory damages"). Accordingly, this Court finds that references to Elliott's wealth, fame, and other works are generally inadmissible.

However, this Court acknowledges that some limited background information about Elliott, and her other works, may be relevant to the issues in this case. Under limited circumstances, this Court will allow parties to present background information about Elliott and her other works. Whether this allowed limited evidence is admissible will be determined at and in the context of trial. Accordingly, Elliott's motion *in limine* No. 5 is granted, *in part*.