IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY WILLIAMS** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | **NO. 18-5418** |
| v. | : | |
| **MELISSA ARNETTE ELLIOTT** | : | **LEAD CASE** |
| a/k/a MISSY "MISDEMEANOR" | : | |
| **ELLIOTT,** *et al.* | : | |
| *Defendants* | : | |

| | | |
|---|---|---|
| **MELISSA ARNETTE ELLIOTT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | **NO. 21-2290** |
| v. | : | |
| **TERRY WILLIAMS** | : | |
| *Defendant, pro se* | : | |

**ORDER**

**AND NOW**, this 14th day of August 2025, upon consideration of Terry Williams' ("Williams") *motion in limine and for discovery sanctions*, (ECF 324),[1] Melissa Arnette Elliott's ("Elliott") declaration, (ECF 325), Elliott's response in opposition, (ECF 344), Williams' request to strike and for sanctions, (ECF 346), Elliott's response in opposition to Williams' request to strike and for sanctions, (ECF 362), Williams' request for status update, (ECF 389), and Williams' notice of filing, (ECF 392), it is hereby **ORDERED** that Williams' motion *in limine* and for discovery sanctions, (ECF 324), and Williams' request to strike and for sanctions, (ECF 346), are **DENIED**.[2]

---

[1] Unless otherwise noted, any reference to the record refers to the official record ("docket") in *Williams v. Elliott*, 18-cv-5418, (the "*Williams*" matter).

[2] Williams, now proceeding *pro se*, originally brought a counseled action against Elliott and various defendants in state court asserting claims premised primarily on allegations that he is the uncredited co-author of multiple songs composed with Elliott that were later used in other artists' derivative works without his permission. (ECF 1). The matter was removed to this Court. Williams amended his complaint and has proceeded *pro se*. (ECF 91). The alleged derivative works include four songs from the album "*4 All The Sistas Around da World*" by the musical group SISTA. (*Id.*). Williams is seeking, *inter alia*, an accounting

of all profits Elliott has derived from the SISTA songs and a declaration that he is a joint author of the underlying recordings with Elliott, claims that Elliott disputes.

Elliott's action was originally filed in Florida and transferred to this Court. Elliott's action styled as *Elliott v. Williams*, 21-cv-2290, was filed under the Copyright laws and the Declaratory Judgment Act, later amended, essentially seeking a declaratory judgment of copyright authorship and ownership of the 34 unpublished recordings that Williams claims to maintain in his collection. (ECF 68). That is, Elliott seeks a declaration that the unpublished recordings are not joint works and that she is the sole author and owner of those unpublished recordings. (*Id.*). She also seeks a judgment declaring that she is the sole owner of certain notepads, handwritten notes, lyrics and/or signatures. (*Id.*).

These cases were consolidated and proceeded to discovery and dispositive motions. By Memorandum Opinion and Order dated August 26, 2024, this Court granted Elliott's motion for summary judgment on Williams' claims premised on Aaliyah's song *Heartbroken,* denied Elliott's motion for summary judgment on Williams' claims premised on the SISTA songs, and denied Williams' motion for summary judgment on all of his claims. (ECF 284, 285).

By way of the underlying motion, Williams moves to preclude Elliott from presenting certain evidence, and further argues that Elliott should be sanctioned for purported discovery violations. (ECF 324). Specifically, Williams seeks to preclude Elliott from presenting the following: (1) a SISTA recording agreement and related documents (the "SISTA documents"), which Elliott conveys were recently uncovered by Louise C. West ("West"), her former attorney, and declarations related to the SISTA documents; (2) West's testimony; (3) Nicole Wray's ("Wray") testimony; (4) testimony from any member of the group Sugah; (5) testimony from more than one member of the musical group SISTA; and (6) evidence of Elliott's $27 in profits. (ECF 324). Williams argues, *inter alia*, that the SISTA documents are a "fake disclosure," that said witnesses are not truthful, and that this Court should exclude evidence that Elliott did not properly produce in discovery. (*Id.*). Williams further requests that this Court sanction Elliott by entering default against her and dismissing her claims. (*Id.*). In her response, Elliott argues that the SISTA documents should not be excluded because they are "highly relevant," were recently uncovered, and that she promptly produced them upon learning of their existence. (ECF 344). She further argues that the witnesses Williams seeks to exclude are important and truthful, and that there is no basis for imposing sanctions. (*Id.*).

Williams also filed a related request to strike certain declarations, exhibits, and evidence, repeating similar arguments that were previously made, including that Elliott seeks to offer "knowingly false testimony and fabricated evidence." (ECF 346). Elliott opposes the request, largely for similar reasons as those outlined in her opposition to Williams' motion *in limine* and for discovery sanctions. (*See* ECF 362). This Court will address the evidence Williams seeks to preclude.

### *SISTA documents*

On March 11, 2025, Elliott filed a supplemental declaration attesting that Louise C. West, her former attorney, was "recently looking through her old physical client files in storage" and "had located and uncovered physical copies of certain recording agreement and related documents" that Elliott entered into when she was a part of SISTA. (ECF 308). These documents include: (1) an exclusive recording agreement that she and other members of SISTA entered into in May of 1992 with the record label Swing Mob Productions ("Swing Mob"); (2) an acknowledgement letter dated June 25, 1993 in which she and other members of SISTA acknowledged receipt of certain monies Swing Mob had advanced; (3) an inducement letter from July 1993 in which she and other members of SISTA granted Elektra Entertainment

the same rights and remedies she had granted Swing Mob; and (4) a termination letter dated September 22, 1995, that notified Swing Mob that SISTA's exclusive obligations to Swing Mob were terminated. (ECF 308). Elliott attached the four documents to her March 11, 2025 supplemental declaration. (*Id.*). Elliott argues that, taken together, these documents confirm that the SISTA album "was created well before Williams ever recorded any of my lyrics, melodies, or vocal arrangements." (ECF 325). In particular, Elliott argues that, because she was bound by an exclusive recording agreement during this time period, it is "entirely implausible" that she would have been rehearsing or recording songs at Williams' home studio. (*Id.*).

Williams argues that these documents are a "fake disclosure," prejudicial to him because he was "under the impression that all evidence requested has been submitted," that there is no way to cure this prejudice, and that bad faith and willfulness are "clear in that Elliott flagrantly disobeyed" this Court's orders to produce all documents within her possession, custody, and control. (ECF 324). Elliott responds that her supplemental declaration was proper and timely, that she complied with discovery obligations by promptly producing the newly discovered documents, and that Williams suffers no prejudice from the disclosure. (ECF 344).

Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A)(ii) provides that a party must provide, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." A party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure "in a timely manner" if the disclosure is incomplete. Rule 26(e). Further, Rule 37 provides that if a party fails to provide information consistent with Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Additionally, Rule 37(b)(2)(A) provides that a court may impose sanctions for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A).

The United States Court of Appeals for the Third Circuit ("Third Circuit") has identified the following factors that this Court should consider when determining whether the exclusion of evidence is an appropriate sanction:

> "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness [sic] in failing to comply with a court order or discovery obligation."

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). Additionally, the "exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Quinn v. Consol. Freightways Corp. of Delaware*, 283 F.3d 572, 576 (3d Cir. 2002) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977), *rev'd on other grounds*).

Here, there is little prejudice or surprise to Williams, who has been on notice of these documents since at least March 11, 2025, when Elliott filed them on the public docket, affording Williams time to request permission to conduct additional discovery, including depositions, which could have helped cure any prejudice. These documents, filed on the docket five months ago, do not disrupt an orderly and efficient trial as William contends. Elliott has represented that she promptly turned over these documents once they were uncovered, undermining Williams' claim of bad faith or willfulness in her conduct. Under these

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

circumstances, this Court finds that Elliott's actions were substantially justified and are not the kind of "willful deception" or "flagrant disregard" of a court order that would justify the "extreme" sanction of excluding critical evidence. *Id.* Accordingly, Williams' motion is denied insofar as he seeks to exclude the SISTA documents.

*Witnesses*

Williams seeks to preclude the testimony of West and Wray. Williams argues that their testimony will be untruthful. (ECF 324). While this Court appreciates Williams' concern, it is for the jury to determine the credibility of witnesses. Accordingly, this Court will allow West and Wray to testify and leave determinations regarding the credibility of these witnesses to the jury. Williams also seeks to exclude the testimony of any member of the group "Sugah," which he argues is irrelevant to his case. (*Id.*). Williams' motion does not provide this Court with enough information to determine who he anticipates may testify and should be precluded, or their lack of potential relevance to this matter. (*Id.*). Accordingly, Williams' motion to preclude the testimony of any member of the group "Sugah" is denied, *without prejudice*, to revisit at trial, if necessary.

Williams further seeks to preclude more than one member of the musical group SISTA from testifying because allowing multiple members of the group to testify would be "duplicative." Williams may be correct as to the cumulative nature of various SISTA member's testimony. However, the creation of the SISTA songs is central to this case and, therefore, the testimony of SISTA members is highly relevant. Allowing various SISTA members to testify may present distinct, and equally helpful viewpoints, for the jury's understanding and assessment of the evidence. Accordingly, Williams' motion to limit the testimony to only one member of the musical group SISTA to testify is denied, *without prejudice*.

*Damages evidence*

Williams argues that Elliott failed to disclose certain profits and earnings related to the SISTA songs, and, therefore, Elliott should be precluded from suggesting to the jury that this case is worth $27. (ECF 324). As explained in the Order dated August 7, 2025, both parties will be permitted to present evidence of purported damages consistent with the Federal Rules of Evidence. (ECF 379). The trier of facts will have the opportunity to weigh the evidence, assess the credibility of the damage witness(es), and determine, if appropriate, the amount of damages to award. (*Id.*). Accordingly, Williams' motion is denied insofar as it seeks to preclude Elliott from presenting her evidence on damages.

*Filing exhibits*

Williams argues that because Elliott filed exhibits on the docket she is impermissibly seeking to "taint" the jury pool and that her exhibits should be stricken from the record. (ECF 346). Notably, trial exhibits are routinely filed. Williams' argument is misplaced. Further, at jury selection, the Court and the parties, will take proper steps to ensure that a fair and impartial jury is empaneled. Accordingly, Williams' motion to strike Elliott's exhibits is denied. Accordingly, Williams' motion *in limine* and for discovery sanctions is denied in its entirety, as well as his request to strike and for sanctions.