IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY WILLIAMS** | : | **CIVIL ACTION** |
|     *Plaintiff, pro se* | : | **NO. 18-5418** |
|     v. | : | |
| **MELISSA ARNETTE ELLIOTT** | : | **LEAD CASE** |
| a/k/a MISSY "MISDEMEANOR" | : | |
| **ELLIOTT,** *et al.* | : | |
|     *Defendants* | : | |

| | | |
|---|---|---|
| **MELISSA ARNETTE ELLIOTT** | : | **CIVIL ACTION** |
|     *Plaintiff* | : | **NO. 21-2290** |
|     v. | : | |
| **TERRY WILLIAMS** | : | |
|     *Defendant, pro se* | : | |

**ORDER**

**AND NOW**, this 14th day of August 2025, upon consideration of Terry Williams' ("Williams") *motion to strike and for sanctions*, (ECF 359),[1] Melissa Arnette Elliott's ("Elliott") omnibus response in opposition, (ECF 372), Williams' request for status update, (ECF 389), and Williams' notice of filing, (ECF 392), it is hereby **ORDERED** that the motion to strike and for sanctions is **DENIED**, *without prejudice*.[2]

---

[1] Unless otherwise noted, any reference to the record refers to the official record ("docket") in *Williams v. Elliott*, 18-cv-5418, (the "*Williams*" matter).

[2] Williams, now proceeding *pro se*, originally brought a counseled action against Elliott and various defendants in state court asserting claims premised primarily on allegations that he is the uncredited co-author of multiple songs composed with Elliott that were later used in other artists' derivative works without his permission. (ECF 1). The matter was removed to this Court. Williams amended his complaint and has proceeded *pro se*. (ECF 91). The alleged derivative works include four songs from the album "*4 All The Sistas Around da World*" by the musical group SISTA. (*Id.*). Williams is seeking, *inter alia*, an accounting of all profits Elliott has derived from the SISTA songs and a declaration that he is a joint author of the underlying recordings with Elliott, claims that Elliott disputes.

Elliott's action was originally filed in Florida and transferred to this Court. Elliott's action styled as *Elliott v. Williams*, 21-cv-2290, was filed under the Copyright laws and the Declaratory Judgment Act, later amended, essentially seeking a declaratory judgment of copyright authorship and ownership of the 34 unpublished recordings that Williams claims to maintain in his collection. (ECF 68). That is, Elliott seeks a declaration that the unpublished recordings are not joint works and that she is the sole author and owner

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

of those unpublished recordings. (*Id.*). She also seeks a judgment declaring that she is the sole owner of certain notepads, handwritten notes, lyrics and/or signatures. (*Id.*).

These cases were consolidated and proceeded to discovery and dispositive motions. By Memorandum Opinion and Order dated August 26, 2024, this Court granted Elliott's motion for summary judgment on Williams' claims premised on Aaliyah's song *Heartbroken,* denied Elliott's motion for summary judgment on Williams' claims premised on the SISTA songs, and denied Williams' motion for summary judgment on all of his claims. (ECF 284, 285).

By way of the underlying motion, Williams moves to strike Elliott's amended notice of lodging and Exhibits 22 and 12. (ECF 359). Williams argues that Elliott's amended notice of lodging only serves to "taint the public perception and thus jury pool." (ECF 359). Specifically, Williams argues that Exhibit 22 – an image of the SISTA album promotional cassette tape – should be stricken because there is no exact release date associated with the release of the album and that Elliott is now "fraudulently" purporting that the cassette tape was released in 1993. (*Id.*). Williams also seeks to exclude Exhibit 12 – an Instagram message from Williams' son to Elliott dated January 26, 2022 – as irrelevant hearsay. (*Id.*). In her opposition response, Elliott explains that Exhibit 22 is an image of both sides of the 1993 promotional multi audio cassette of the SISTA album entitled "*2 All The Sistas Around Da World*," and that consistent with this Court's order, a tabbed trial exhibit binder was submitted by June 13, 2025, and updated on July 3, 2025, to include Exhibit 22. (ECF 372). Exhibit 12 was part of the original binder, though the exhibit list inadvertently reflected an incorrect date. Elliott argues that Exhibits 22 and 12 are relevant and can be authenticated at trial, and that Williams' motion to strike her amended notice of lodging should be denied for the same reasons as his earlier motion to strike was denied. (*Id.*).

This Court has addressed Williams' arguments regarding his concern that filing exhibits on the docket will "taint" the jury pool. By Order dated August 14, 2025, this Court held that: "Williams' argument is misplaced. At jury selection, the Court, and the parties, will take proper steps to ensure that a fair and impartial jury is empaneled." The presentation of witnesses and exhibits will also be done within the ambit of the rules. This Court has no issue with Elliott's amended notice of lodging, since the notice lists and describes the anticipated exhibits to be presented at trial. Additionally, this Court find that Elliott did not defy court orders by this somewhat late filing of an amended notice of lodging. Accordingly, Williams' motion is denied insofar as he seeks to strike Elliott's amended notice of lodging or any exhibits from the docket.

To the extent that Williams is arguing that Elliott should be precluded from presenting Exhibits 22 and 12 at trial because these exhibits are irrelevant or are otherwise barred by the Federal Rules of Evidence, these arguments are best left to the trial process, including, whether Elliott has laid the proper foundation to admit these exhibits, their relevance, and any arguments about hearsay or possible exceptions. Accordingly, Williams' motion to seek the exclusion of Exhibits 22 and 12 from trial, is denied, *without prejudice*.