IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY WILLIAMS, | : | |
|     *Plaintiff, pro se* | : | Civil Action No. 2:18-cv-05418-NIQA |
| | : | **Lead Case** |
| v. | : | |
| | : | |
| MELISSA ARNETTE ELLIOTT A/K/A | : | |
| MISSY "MISDEMEANOR" ELLIOTT, et al. | : | |
|     *Defendants* | : | |

| | | |
|---|---|---|
| MELISSA ARNETTE ELLIOTT | : | |
|     *Plaintiff* | : | Civil Action No. 2:21-cv-02290-NIQA |
| | : | |
| v. | : | |
| | : | |
| TERRY WILLIAMS | : | |
|     *Defendant, pro se* | : | |
| | : | |

**MELISSA ARNETTE ELLIOTT'S OPPOSITION TO TERRY WILLIAMS' REQUEST TO HAVE A SUPPORT PERSON/WITNESS ALONGSIDE WILLIAMS IN THE COURTROOM DURING JURY SELECTION AND TRIAL [ECF 399-400]**

Melissa Arnette Elliott, professionally known as "Missy Elliott" ("**Elliott**"), by and through undersigned counsel, hereby respectfully submits this response in opposition to the request by Terry Williams ("**Williams**") to permit an unlicensed representative, Constance Gary ("**Gary**"), to accompany him as a "support person" and witness during jury selection and at the trial table. [ECF 399-400]. The request should be denied for the following reasons: (1) Gary is not a licensed attorney, and granting the request would permit and facilitate the unauthorized practice of law ("**UPL**") in violation of Pennsylvania law; (2) as a proposed witness, Gary must be sequestered pursuant to Federal Rule of Evidence 615; and (3) Williams has no right to unlicensed, non-attorney assistance at the counsel table, as he has elected to continue to pursue this action and to proceed *pro se*.

**I.  Background**

On August 20, 2025, Williams filed a "notice" [ECF 400] regarding a purported declaration "request" to guide and represent Williams at trial submitted by Gary, an unlicensed non-attorney who also purports to be a witness to be called at trial. [ECF 399]. Pursuant to Gary's declaration, Gary

1

requests permission to serve as both a witness and as a "support person" during jury selection and at the trial table, citing Williams' *pro se* status as the basis to allow Gary to practice law without a license. In her declaration, Gary admits to extensive involvement in this case since 2017, including contacting Defendants' management company and law firm on Williams' behalf, exchanging correspondence regarding Williams' purported allegations, assisting Williams with copyright registrations, soliciting the sale of recordings to Elliott and third parties, and **drafting *pro se* court documents for Williams in "all courts to date."** [ECF 399]. Gary states she did not meet Williams until the late 1990s or early 2000s and has no personal knowledge of the central issues in the case (*e.g.*, creation of the recordings at issue). She nonetheless seeks, as an unlicensed non-attorney, to sit alongside and guide Williams at trial and to present herself as a witness in connection with her post-2017 "involvement."

II.     **Argument**

    A.     **The Request Should Be Denied Because it Would Facilitate Gary's Unauthorized Practice of Law**

As Gary acknowledges, Gary has spearheaded this action from inception and, in fact, this entire action appears to be the byproduct of Gary's design. From the outset of this matter, it was Gary who sent numerous legal demand letters and threats regarding recordings Williams claims to possess from more than 20 years ago. In one such pre-suit legal demand letter, sent only after it became clear that Elliott was not interested in paying substantial sums to purchase the recordings, Gary stated as follows:

> "It is my position that it would be in your client's best interest to settle this matter outside of court to prevent the publicity and negative connotations associated with a suit of this nature. In my initial communications to you, I stated that Mr. Williams wanted to handle this matter discretely. In regard to the matter of accounting, Mr. Williams would like the matter to be handled in the same manner. Neither Mr. Williams or myself are interested in tabloid or TMZ exposure of Mr. Williams' alleged joint ownership or copyright infringement claims, nor would Ms. Elliott be interested in the public gaining knowledge of the same. As I am sure you aware, once a district court case is filed it becomes public knowledge, and given Ms. Elliott's level of fame, Mr. William's allegations would likely be brought to the public's attention via the media, which we do not want for Ms Elliott's sake."[1]

---

[1] A true and correct copy of this pre-suit legal demand Gary sent is attached hereto as **Exhibit "A"**.

2

Within Gary's declaration, Gary admits to conduct that constitutes the unauthorized practice of law under Pennsylvania statutes and rules. Pennsylvania Consolidated Statutes, 42 Pa.C.S. § 2524, prohibits any person who is not a licensed attorney from practicing law, including by preparing legal documents for another or providing legal advice, with violations punishable as a misdemeanor. Gary is not a licensed attorney, as public records and State Bar directories confirm no active license for Constance Gary in Pennsylvania or any related jurisdictions (nor does Gary purport to maintain any license to practice law in any state).

Drafting court documents for a *pro se* litigant, as Gary admits doing "in all courts to date," is a quintessential example of UPL. Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court. *Murray on behalf of Purnell v. City of Phila.*, 901 F.3d 169, 170–71 (3d Cir. 2018), citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("[t]he rule that a non-lawyer may not represent another person in court is a venerable common law rule"), abrogated on other grounds by *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. However, that right does not extend to permit non-attorney litigants to represent others. *Prater v. Liberty Mut. Ins. Co.*, 443 F.Supp.3d 586, 588 (E.D. Pa. 2020). Whether a person has engaged in the unauthorized practice of law focuses on whether the activity in question involves the exercise of legal judgment. *In re Stone*, 166 B.R. 269 (Bankr. W.D.Pa. 1994). Here, drafting all of Williams' *pro se* court documents plainly falls within this definition of exercising legal judgment, as does wanting to appear and guide Williams' claims from the trial table. Such "assistance" clearly crosses the line into prohibited representation.

Allowing Gary at the counsel table would enable Gary to continue this improper role, whispering advice, passing notes, prompting objections, and otherwise engaging in real-time legal representation during jury selection and trial, all in connection with claims Williams has elected to pursue. Cloaked under the thinly veiled guise of "support," this is all clearly an extension of Gary's admitted document-drafting and legal advocacy efforts in masterminding this entire claim. However, *pro se* litigants must represent themselves without hybrid or unauthorized representation. See 28

U.S.C. § 1654 (right to appear *pro se* is personal and does not extend to non-attorney assistance). Granting this request would undermine the integrity of the proceedings and violate UPL prohibitions.

### B. As a Proposed Witness, Gary Must Be Sequestered Under Federal Rule of Evidence 615

Even if Gary was not blatantly attempting to engage in UPL, Gary's express role as a witness requires sequestration. Federal Rule of Evidence 615 provides that, at a party's request, the court "must order witnesses excluded so that they cannot hear other witnesses' testimony." Elliott respectfully requests that Rule 615's sequestration of all witnesses to be called at trial be invoked, including Gary.

The purpose of Rule 615 is to prevent witnesses from tailoring their testimony based on what they hear in court, preserving the integrity of evidence. See *Z View Enters., LLC v. Giant Eagle, Inc.*, No. 17-cv-740, 2024 WL 382662, at *1 (W.D. Pa. Feb. 1, 2024) (finding arguments too general to meet burden of establishing exception to sequestration of witnesses under Rule 615).

Within Williams' Pre-Trial Memorandum [ECF 295], Gary is expressly identified as one of two of Williams' witnesses, the other being Williams himself. She is identified as having knowledge "regarding plaintiff Williams' discovery that Defendant used Williams' co-owned work to create derivatives and Williams' co-owned work being improperly credited with the US copyright office", along with "[k]nowledge regarding Copyrighting plaintiff Williams' collection songs with the US Copyright Office", "[k]nowledge regarding communications on behalf of plaintiff Williams to defendant's law firm" and "[k]nowledge regarding communications from Defendant's law firm related to the case."

Gary is a fact witness subject to exclusion, as permitting her presence during jury selection and trial would allow her to observe proceedings and potentially adjust her testimony, defeating the Rule's purpose.

### III. Conclusion

For the foregoing reasons, Elliott respectfully requests that the Court deny Williams' request in its entirety and that the Court order sequestration of witnesses pursuant to Rule 615.

| | |
|---|---|
| **DATED**: August 21, 2025 | Respectfully submitted, |
| | **SINGH, SINGH & TRAUBEN, LLP** |
| | s/ Michael A. Trauben<br>Michael A. Trauben (admitted *pro hac vice*)<br>mtrauben@singhtraubenlaw.com<br>Thomas K. Richards (admitted *pro hac vice*)<br>trichards@singhtraubenlaw.com<br>400 South Beverly Drive, Suite 240<br>Beverly Hills, California 90212<br>(310) 856-9705 |
| | *Attorneys for*<br>MELISSA ARNETTE ELLIOTT |