# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY WILLIAMS,** *Plaintiff, pro se,* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 18-5418** |
| **MELISSA ARNETTE ELLIOTT a/k/a MISSY "MISDEMEANOR" ELLIOTT, *et al.*,** *Defendants.* | : | |

## AMENDED ORDER

**AND NOW**, this 24th day of November 2025, upon consideration of Plaintiff Terry Williams' *verified ex-parte motion* for default judgment against Blackground Records, (ECF 406), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the motion is **DENIED.**[1]

---

[1] This Amended Order merely corrects the name of the defendant against which Plaintiff brought this motion. The Estate of Aaliyah Haughton was inadvertently mentioned in the body of the Order when in fact the correct party against which Plaintiff sought the default judgment was Defendant Blackground Records. The discussion and reasoning expressed in the previous Order are not affected or altered by this Amended Order and will be recited again herein.

By Order dated September 15, 2025, (ECF 405), all claims in this action were dismissed, with prejudice, pursuant to an agreement between Plaintiff and Defendant Elliott; and all outstanding motions were denied.

On September 26, 2025, Plaintiff filed the underlying motion for default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 54 (a)-(c) and 55 (b)(2) against Defendant Blackground Records ("Defendant" or "Blackground"). Plaintiff makes clear in his motion that he is "not seeking the default judgment against the Estate of Aaliyah Haughton." (ECF 406). Instead, Plaintiff seeks judgment only against Blackground, arguing that Blackground was served the complaint and did not appear or otherwise defend in the action. A default against Blackground was entered on May 19, 2021. (ECF 132). Plaintiff's claims against Blackground are premised on Aaliyah's song *Heartbroken*. (*See* ECF 91 at pp. 1-2). Plaintiff argues that "concerning the Aaliyah album derivative song *Heartbroken*, The [*sic*] court can adjudge a final joint ownership declaration against the defaulting defendant and it would not produce an inconsistency in the proceedings - with there being only one defendant in default remaining - namely the estate of Aaliyah Houghton against whom [Plaintiff is] not seeking a default judgment." Plaintiff is, however, mistaken.

To address this motion, a brief pertinent procedural history is necessary:

Plaintiff filed his initial complaint in state court in 2018. He filed a fourth amended complaint (the "operative complaint") on November 16, 2020. (ECF 91). In the operative complaint, Plaintiff asserts various claims against multiple defendants premised on his allegation that, *inter alia*, he co-wrote songs with Defendant Elliott from which derivatives were later produced, released, and sold by all Defendants. Specifically, Plaintiff asserted claims against all Defendants for breach of contract and fiduciary duty (Count I), unjust enrichment/quantum meruit (Count II), an accounting of profits (Count III), constructive trust (Count IV), and declaratory judgment of copyright ownership (Count V). (*Id.).* Plaintiff's claims against Blackground are also premised on the song *Heartbroken* on Aaliyah's *One in a Million* album and his contention that he is owed royalties.

On March 31, 2021, Plaintiff requested that a default be entered against Blackground for failure to respond to the complaint. (ECF 125). This request was denied, without prejudice, for lack of proof of service, as required by Rule 5. (ECF 126). After proof of service to Blackground was proffered, Plaintiff, on May 4, 2021, again sought entry of default against Blackground. (ECF 127). Given the proffer of service, default was granted by Order dated May 19, 2021. (ECF 132).

On May 21, 2021, Plaintiff filed a motion seeking yet another default judgment against Defendants Estate and Blackground due to their failure to respond to the operative complaint. (*See* ECF 134). On June 4, 2021, Defendant Elliott filed a response in opposition disputing Plaintiff's claim of ownership of the song *Heartbroken* on Aaliyah's *One in a Million* album publicly released in 1996, and certified double Platinum on June 16, 1997. (*see* ECF 135). On June 16, 2021, this Court denied the motion, without prejudice, based on Defendant Elliott's responses to the complaint and the motion, and the need to avoid possible "inconsistent and unsupportable results," (ECF 138) (citing *West American Ins. Co. v. Boyarski*, 2012 WL 4755372, at *2 (M.D. Pa. Oct. 5, 2012)).

By Order and Memorandum Opinion dated August 26, 2024, (ECF 284, 285), this Court addressed the cross-motions for summary judgment filed by Plaintiff and Defendant Elliott. Though Footnote 1 of the Memorandum indicates that "Williams' claims against the Estate of Aaliyah Haughton, and Blackground Enterprises are not the subject of the parties' cross-motions for summary judgment or this Opinion," (ECF 284 at pg. 1), the legal analysis and conclusion as related to the song *Heartbroken*, are applicable herein.

**LEGAL STANDARD**

Plaintiff relies on Rules 54 and 55 to support his motion for default judgment. Rule 54 provides for the entry of a final judgment, including a default judgment. Specifically, Rule 54(b) allows a district court at an early stage in dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so, the court must make an express determination that there is no just reason for delay. This Rule gives discretion to the court to award costs to the prevailing party. It is apparent that Rule 54 does not support Plaintiff's motion.

Instead, Rule 55 is applicable. This Rule allows the court to enter default judgment upon application by a party. Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment. *See Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987). This discretion allows the district court to determine when the moving party is not entitled to a default judgment as of right, even when a defendant is technically in default

and that fact has been noted under Rule 55(a). *Id*. It is well settled that decisions relating to default judgments are committed to the sound discretion of the district court. *Id.* at 74; *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.1984) ("It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court.").

Rule 55 outlines a two-step process for obtaining default judgment. First, there must be an entry of default. *See* Rule 55(a). This step is ministerial; no motion is needed, and no order is involved. Rather, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also Farnese v. Bagnasco*, 687 F.2d 761, 763 (3d Cir.1982) (noting that Rule 55(a) "allows the clerk to enter a default" under the conditions stated in the Rule). Here, Plaintiff satisfied this burden. (*See* ECF 132).

It is at the second step where Plaintiff falters. The second step is the entry of a default judgment for damages and costs. *See* Fed. R. Civ. P. 55(b). If the default judgment is properly requested and the claim is for a sum certain, the clerk will perform this step. Such situations are rare, however, and "in the vast majority of cases, a judicial determination is necessary to decide the extent of the injury or the valuation of the plaintiff's loss." *Nationwide Prop. & Cas. Ins. Co. v. Janis*, 2008 WL 2762375, at *1 (M.D. Pa. July 11, 2008) (citation omitted); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir.1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). Rule 55, therefore, provides that, in those cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The court should accept as true the well-pleaded factual allegations of the complaint when considering a motion for a default judgment, but it need not accept the moving party's legal conclusions or factual allegations related to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Tancredi v. Cooper*, 2003 WL 22213699, at *3 (E.D. Pa. Sept. 4, 2003) (noting that "all factual allegations of the complaint other than those pertaining to the amount of damages are to be taken as true" once a court determines that a defendant is in default). Though the court may conduct a hearing under Rule 55(b)(2), Plaintiff, here, has represented that no hearing is necessary.

When considering whether to grant a default judgment under Rule 55(b) other than as a sanction for failing to properly participate in the litigation, courts often look to the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984), as the source of the applicable factors, and affirming a district court's refusal to enter a default judgment against a defendant who had filed a late answer); *see, e.g., Barclay Transp. v. Land O'Lakes, Inc.*, 2008 WL 4491932, at *2 (M.D. Pa. Sept. 30, 2008) (citing *Farnese*, 687 F.2d at 764). Where the defendant has not entered an appearance or filed any pleadings or responsive motions, frequently the record before the court is insufficient to analyze these factors. Under these circumstances, the district court does not have to consider the factors. *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). Although a court certainly may, within its discretion, consider one or more of the factors, doing so is not necessary and is, in fact, an inefficient use of the court's resources. Here, a default judgement is appropriate against Blackground since it has not answered the complaint nor defended itself in this action.

"A finding that default judgment is appropriate, however, is not the end of the inquiry." *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, this Court must also determine whether the "unchallenged facts constitute a legitimate

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

cause of action." *See* 10A Wright & Miller, Federal Practice and Procedure § 2688; *see also Broad Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that "before granting a default judgment, the court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." *See E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the court must accept as true the well-pleaded factual allegations of the complaint, the court need not accept the moving party's factual allegations or legal conclusions relating to damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Damages must be determined by the district court if they are not for a "sum certain or a sum that can be made certain by computation." *See id* (quoting Fed. R. Civ. P. 55(b)).

**DISCUSSION**

Having received service of the summons and the operative complaint, Blackground has not responded, defended, or appeared in this action and default was entered against it. Because Blackground has offered no explanation for its failure to engage in the litigation, this Court finds that a default judgment is warranted under these circumstances. Nonetheless, consistent with precedent, *see Janis*, 2008 WL 2762375, at *1, this finding that a default judgment is warranted, however, is not the end of the inquiry. This Court must consider whether the unchallenged facts of the operative complaint constitute a legitimate cause of action. *See Comcast Cable Commc'ns v. Bowers*, 2007 WL 1557510, at *2 (D.N.J. May 25, 2007). Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *United States v. All Unknown Heirs of Gigliotti*, 2015 WL 1571156, at *3 (W.D. Pa. Apr. 7, 2015) (citing 10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d, § 2688 at 58–59 (1998) (internal quotation marks omitted)).

Notably, in the cross-motions for summary judgement, this Court made the following legal conclusions: that Plaintiff's claims of ownership under the Copyright Act regarding the *Heartbroken* song were expressly repudiated and were time-barred; that Elliott owned the rights to the *Heartbroken* song; and that Plaintiff's state law claims for breach of contract and fiduciary duty (Count I), unjust enrichment/quantum meruit (Count II), accounting of profits (Count III), and constructive trust (Count IV), premised on his alleged co-ownership of *Heartbroken*, were barred by their applicable statute of limitations. (ECF 285).

Based on these legal determinations, this Court has also considered the (1) prejudice to the plaintiff if default judgment is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct, and finds that though a default was properly entered, the "unchallenged facts" do not constitute a legitimate cause of action as all claims were found to be time-barred and further, Blackground appears to have a litigable defense. Further, Plaintiff has not suffered any damages. Lastly, this Court finds that the denial of the requested default judgment avoids possible "inconsistent and unsupportable results," based on its summary judgment order. Accordingly, the motion for default judgment against Blackground is denied.